IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NO LABELS,<br><br>    *Plaintiff*,<br><br> v.<br><br>NOLABELS.COM INC.,<br><br>    *Defendant*. | Case No. _____ |

**PLAINTIFF NO LABELS' MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR MOTION FOR PRELIMINARY INJUNCTION**

    Pursuant to Rules 65(a) and (b) of the Federal Rules of Civil Procedure, plaintiff No Labels ("No Labels") hereby moves for a temporary restraining order and preliminary injunction against defendant Nolabels.com Inc. ("Defendant") in the above-referenced action.  Specifically, No Labels requests that the Court temporarily restrain and preliminarily enjoin Defendant and its officers, directors, principals, agents, representatives, servants, employees, affiliates, successors, or assigns, and any person or entity acting on its behalf or in concert or participation with it from further using and/or infringing the NO LABELS mark, specifically by:  (1) immediately taking down the Infringing Website;[1] and (2) requesting that the registrar GoDaddy LLC immediately deactivate the Infringing Domain and transfer registration of the Infringing Domain to No Labels. To the extent that Defendant does not immediately facilitate the transfer of the Infringing Domain to No Labels, No Labels requests that this Court order the registrar to effectuate such transfer pursuant to 15 U.S.C. § 1125(d)(1)(c) ("In any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of

---

[1] These capitalized terms are defined in the Memorandum of Law filed contemporaneously herewith.

1

the domain name or the transfer of the domain name to the owner of the mark."). No Labels further requests that the Court authorize No Labels to conduct expedited discovery of Defendant to, *inter alia*, ascertain the identity of all individuals and organizations involved in the Infringing Website and Infringing Domain and to determine the Defendant's intent and the scope of infringement.

The bases for the instant Motion are set forth in the Memorandum of Law filed contemporaneously herewith, which is incorporated by reference herein. Furthermore, the Declaration of Leslie Hartford, filed contemporaneously herewith, details for the Court the steps Plaintiff undertook to contact Defendant and its affiliates concerning this matter that gave rise to this request for emergency relief.

| | |
|---|---|
| December 4, 2023 | **HALLORAN FARKAS + KITTILA LLP** |
| | |
| | /s/ *Theodore A. Kittila* |
| *Of Counsel:* | Theodore A. Kittila (Bar No. 3963) |
| | 5801 Kennett Pike, Suite C/D |
| Mark D. Lytle (*pro hac vice* forthcoming) | Wilmington, Delaware 19807 |
| **NIXON PEABODY LLP** | Phone: (302) 257-2025 |
| 799 9th Street NW | Fax: (302) 257-2019 |
| Suite 500 | Email: tk@hfk.law |
| Washington, DC 20001 | |
| Tel: (202) 585-8435 | *Counsel for Plaintiff* |
| Fax: (907) 331-4726 | |
| Email: mlytle@nixonpeabody.com | |
| | |
| Jason C. Kravitz (*pro hac vice* forthcoming) | |
| Leslie E. Hartford (*pro hac vice* forthcoming) | |
| Exchange Place | |
| 53 State Street | |
| Boston, Massachusetts 02109 | |
| Tel: (617) 345-1318 | |
| Fax: (617) 345-1300 | |
| Email: jkravitz@nixonpeabody.com | |
|       lhartford@nixonpeabody.com | |