IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NO LABELS,

        *Plaintiff*,

v.

NOLABELS.COM INC.,

        *Defendant*.

Case No. _____

**[PROPOSED] ORDER**

AND NOW this \_\_\_\_ day of _____, 2023 at _____ \_\_. m., the Court having considered the Motion for Temporary Restraining Order against defendant Nolabels.com Inc. ("Defendant") filed by plaintiff No Labels ("Plaintiff"), it is HEREBY ORDERED THAT:

1. Plaintiff's Motion for Temporary Restraining Order is GRANTED. Based on Plaintiff's Motion and supporting documents, the Court finds that Plaintiff has demonstrated: (1) that a temporary restraining order should be issued without further notice given that Plaintiff will continue to suffer irreparable harm in absence of immediate relief; (2) a likelihood of success on the merits of its claims asserted in its Complaint; (3) that it will suffer irreparable harm in the form of loss of customer goodwill and brand reputation if immediate injunctive relief is not granted; (4) that Defendant's conduct is likely to cause confusion and harm to the public, which confusion and harm will continue in absence of immediate relief; (5) that Defendant will not suffer harm if injunctive relief is granted; and (6) that entry of a temporary restraining order is in the public's interest.

2. Effective at \_\_\_\_\_ on _____, 2023, Defendant, along with its officers, directors, principals, agents, representatives, servants, employees, affiliates, successors, or assigns,

and any person or entity acting on its behalf of in concert or participation with it, is hereby TEMPORARILY RESTRAINED from further using and/or infringing the NO LABELS mark, specifically by immediately: (1) taking down the Infringing Website; (2) directing the Registrar to deactivate the Infringing Domain and transfer the registration to Plaintiff; (3) taking all necessary steps to change its corporate name to a new name that does not incorporate the NO LABELS mark.

3. This temporary restraining order expires at _____ on _____, _____, unless modified by subsequent Order of the Court.

4. Effective as of the date of this Order, Plaintiff is authorized to conduct expedited discovery to, *inter alia*, ascertain the identity of all individuals and organizations involved in the Infringing Website and Infringing Domain as well as to determine Defendant's intent and the scope of the infringement.  Defendant shall make its witness(es) available within five business days of service by email of a deposition notice.

5. In order to give practical effect to the Temporary Restraining Order granted herein, Defendant's Infringing Domain is hereby ordered to be immediately transferred by Defendant to Plaintiff.  To the extent that the Defendant does not facilitate the transfer of the Infringing Domain to Plaintiff's control within three (3) business days of receipt of this Order, the registrar for the Infringing Domain, pursuant to 15. U.S.C. § 1125(d)(1)(c), shall within thirty (30) days of receipt of this Order change the registrant of record for the Infringing Domain to a registrant of Plaintiff's choosing, thereby transferring the Infringing Domain Name to Plaintiff.

6. Plaintiff is not required to post a bond.

7. A hearing on No Label's Motion for Preliminary Injunction is hereby set for _____ at _____ \_\_\_. m. at the United States District Court in Wilmington, Delaware.

_____
U.S.D.J.