IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NO LABELS,<br><br>　　　　　　*Plaintiff*,<br><br>　　v.<br><br>NOLABELS.COM INC.,<br><br>　　　　　　*Defendant*. | Case No. 1:23-cv-01384-GBW |

**EMERGENCY MOTION OF PLAINTIFF NO LABELS TO EXPEDITE DISCOVERY**

　　　　Plaintiff No Labels ("Plaintiff" or "No Labels") hereby moves on an emergency and *ex parte* basis to expedite discovery in the above-captioned matter. In support of this motion, No Labels states as follows:

　　　　1.　　Pending the Court's determination of the pending Motion for Temporary Restraining Order and Preliminary Injunction, No Labels seeks permission to issue subpoenas and serve discovery immediately. No Labels filed this action on December 5, 2023, against Defendant Nolabels.com Inc. ("Defendant") related to Defendant's infringement of No Label's trademark through, among other things, a deceptive website with the URL <nolabels.com> (the "Infringing Website").

　　　　2.　　The conduct by the Defendant is on-going and causing irreparable harm to No Labels.

　　　　3.　　Defendant's continued use of the Infringing Website is a clear case of cybersquatting, which is trading on No Label's registered trademark rights for the purpose of deceiving voters in the United States. Plaintiff has already shown that voters are actually being deceived by Defendant's malicious actions. *See* D.I. 6 (Decl. of Elisabeth Patricia Love) at ¶¶ 6-

7. Plaintiff also has evidence that Defendant is actively attempting to amplify the intended confusion by purchasing numerous Google Ads designed to boost the visibility of its infringing website. *See* D.I. 1 (Complt.) at ¶¶ 53, 63.

4. No Labels needs immediate discovery to find out who is behind this scheme, information Defendant is apparently trying to conceal through a series of layered corporate filings. Through a search of the Delaware Secretary of State files, No Labels was able to determine that a Washington, D.C.-based attorney was behind the incorporation of Defendant (*see* Ex. A). Subpoenas need to be issued to further "peel back the onion" and determine who is behind this well-financed campaign to deceive voters and work to stop it immediately.

5. "Courts … have broad discretion to manage the discovery process, and can expedite or otherwise alter the timing and sequence of discovery." *Vision Films, Inc. v. John Does 1-24*, 2013 WL 1163988, at *2 (D. Del. Mar. 20, 2013). As Magistrate Judge Fallon noted in *Vision Films*, "the Federal Rules of Civil Procedure do not set forth a standard under which courts should consider expedited discovery motions. Similarly, '[t]he Third Circuit does not appear to have adopted a standard for evaluating such requests.'" *Id.* (quoting Judge Burke's decision in *Kone Corp. v. ThyssenKrupp USA, Inc.*, 2011 WL 4478477, at *3 (D. Del. Sept. 26, 2011)).

6. Whether the rigid test in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982) (akin to the preliminary injunction standard) or the "reasonableness" test in in *Better Packages, Inc. v. Zheng*, 2006 WL 1373055, at *4 (D.N.J. May 17, 2006), governs, No Labels has met the standard for the reasons stated in the Memorandum of Law (D.I. 4) submitted in support of the Motion for a Temporary Restraining Order and/or a Preliminary Injunction (the "TRO Motion") (D.I. 3). The harm alleged is irreparable (*see* D.I. 4 at p. 11) and there is a high probability of success on the claims (*id.* at p. 13). Furthermore, there is a connection between the discovery sought and the

avoidance of the irreparable injury, and injury will result if expedited discovery does not issue: Defendant appears to be a shell entity that was only recently formed for the purpose of running this deception campaign. *See* Ex. A. No Labels needs to find out promptly who is behind the campaign so that it can be stopped and the parties behind this can be unmasked. Given the fact that the campaign season has already started with only a few short weeks to go before the New Hampshire primaries, it is necessary to quickly end the deception of voters.

7. For the reasons stated herein and in the TRO Motion, No Labels respectfully requests that the Court grant the emergency order (in the form attached) to expedite discovery on an *ex parte* basis.

December 8, 2023

*Of Counsel:*

Mark D. Lytle (*pro hac vice* forthcoming)
**NIXON PEABODY LLP**
799 9th Street NW
Suite 500
Washington, DC 20001
Tel: (202) 585-8435
Fax: (907) 331-4726
Email: mlytle@nixonpeabody.com

Jason C. Kravitz (*pro hac vice* forthcoming)
Leslie E. Hartford (*pro hac vice* forthcoming)
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 345-1318
Fax: (617) 345-1300
Email: jkravitz@nixonpeabody.com
           lhartford@nixonpeabody.com

**HALLORAN FARKAS + KITTILA LLP**

*/s/ Theodore A. Kittila*
Theodore A. Kittila (Bar No. 3963)
William E. Green, Jr. (Bar No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law

*Counsel for Plaintiff*