IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NO LABELS,<br><br>        *Plaintiff*,<br><br>v.<br><br>NOLABELS.COM INC.,<br><br>        *Defendant*. | Case No. 1:23-cv-01384-GBW |

**JOINT STATUS REPORT OF THE PARTIES PURSUANT TO COURT'S ORDER**

Plaintiff No Labels ("Plaintiff") and Defendant Nolabels.com Inc. ("Defendant") (together, the "Parties"), by and through their undersigned counsel, hereby respectfully submit the following Joint Status Report of the Parties in response to Paragraph 5 of the Court's Temporary Restraining Order (the "TRO") (D.I. 26), following meet and confers on Dec. 18, 2023 and Dec. 19, 2023:

      A.    **Scheduling of PI Hearing and Extension of TRO.** The Parties respectfully request that a one-day evidentiary hearing on the preliminary injunction motion (the "PI Hearing") be scheduled for the end of January/beginning of February 2024,[1] with the parties to provide a list of all persons who will testify at the PI Hearing at least seven calendar days in advance. The Parties stipulate to the extension of the TRO through resolution of the PI Hearing and will submit a stipulation and proposed order promptly.

      B.    **Expedited Discovery.** The Parties have exchanged proposed discovery and, subsequently, initial objections. The Parties have agreed to a substantial completion date of **January 10, 2024**, for document production. The Parties will submit a proposed confidentiality stipulation. The Parties have agreed that a Rule 30(b)(6) deposition of each Party is appropriate

---

[1] Counsel advises that it has conflicts on Feb. 1 and Feb. 2, 2024.

and acknowledge that additional depositions may be necessary. Plaintiff has circulated a list of subpoenas it intends to promptly serve, which Defendant has agreed can be served. Defendant also intends to serve subpoenas and will notify Plaintiff once its list is finalized.

   C. **Discovery Concerns and Responses.** The Parties respectfully request the Court's guidance on the following disputes regarding the proposed discovery:

    1. **Plaintiff's Pressing Concerns.**[2] With respect to Plaintiff's proposed discovery, Defendant asserted *61 objections*, though its primary objection is to producing information concerning the identity of any persons beyond its directors and officers. (Defendant has represented that it has no employees.) Plaintiff maintains that it is necessary to unearth the identity of all persons involved in the registration of the Nolabels.com domain and development and operation of the Nolabels.com website and to have discovery of communications concerning those topics. At a minimum, this is necessary to identifying the infringers and revealing their bad-faith motives. *See* Ex. A.

Regarding Defendant's proposed discovery, Defendant has advised that they intend to depose each of Plaintiff's 24 state affiliates. This is an abusive number of depositions that surely far exceeds what the Court envisioned as being necessary for the PI Hearing. Moreover, this is discovery that can and should be obtained from Plaintiff, not 24 non-party witnesses.

    2. **Defendant's Concerns.**[3] As Plaintiff notes, Defendant objects to Plaintiff's attempts to secure information concerning its supporters, something that is contrary to the First Amendment and beyond the scope of this litigation. This information has no relevance, and raises substantial First Amendment concerns. In addition, Defendant reiterates its demands for

---

[2] Given page limits, Plaintiff is focusing on the most pressing discovery concerns herein.
[3] Given page limits, Defendant is focusing on the most pressing discovery concerns herein.

2

information squarely relevant – information pertaining to the mark and the supposed disinformation surrounding it – which Plaintiff objects to providing.  The mark's generic and unprotectable nature is squarely at issue based on the Plaintiff's affidavits.

Defendant has sought information from Plaintiff regarding the relationship between the state parties and the Plaintiff through discovery topics.  The Defendant also intends to depose the representatives of the state parties and the Plaintiff's primary declarant on these matters, Nicholas Connors.  Plaintiff has objected to all these requests, citing overbreadth.

Topics concerning Plaintiff's 501(c)(4) status are also clearly relevant because Plaintiff put this in issue in its complaint.  In addition, it appears that Plaintiff may be intending to – or currently is using – its mark beyond the scope of its registration, rendering inquiries into the Plaintiff's activities and the origins of the mark relevant.

With respect to Defendant's objections, Plaintiff controls most, if not all, of the relevant data. Nonetheless, it has identified some forty topics and named six third parties it will subpoena.  As mentioned above, most of the items are improper attempts to elicit information not germane to this case, the release of which poses real harm to third parties.  Other topics clearly intend to invade the privilege that Defendant holds, including demands for privileged communications and inquiries into funding.  Finally, the acquisition of the website has nothing to do with whether what is posted at the relevant URL is infringing, nor should inquiries about other websites be permitted.

[Remainder of Page Left Bank]

| | |
|---|---|
| Dated: December 19, 2023 | Respectfully submitted, |
| **HALLORAN FARKAS + KITTILA LLP** | **BALLARD SPAHR LLP** |
| */s/ Theodore A. Kittila* | */s/ Elizabeth S. Fenton* |
| Theodore A. Kittila (Bar No. 3963) | Elizabeth S. Fenton (Bar No. 5563) |
| William E. Green, Jr. (Bar No. 4864) | 919 N. Market Street, 11th Floor |
| 5801 Kennett Pike, Suite C/D | Wilmington, Delaware 19801 |
| Wilmington, Delaware 19807 | Phone: (302) 252-4465 |
| Phone: (302) 257-2025 | Email: fentone@ballardspahr.com |
| Fax: (302) 257-2019 | |
| Email: tk@hfk.law | -and- |
| | Mark M. Billion (Bar No. 5263) |
| -and- | **BILLION LAW** |
| | 1073 S. Governors Avenue |
| *Of Counsel:* | Dover, Delaware 19904 |
| | Phone: (302) 428-9400 |
| Mark D. Lytle (*pro hac vice*) | Email: mbillion@billionlawgroup.com |
| **NIXON PEABODY LLP** | |
| 799 9th Street NW, Suite 500 | |
| Washington, DC 20001 | |
| Tel: (202) 585-8435 | |
| Fax: (907) 331-4726 | |
| Email: mlytle@nixonpeabody.com | |
| | |
| Jason C. Kravitz (*pro hac vice*) | |
| Leslie E. Hartford (*pro hac vice*) | |
| Exchange Place, 53 State Street | |
| Boston, Massachusetts 02109 | |
| Tel: (617) 345-1318 | |
| Fax: (617) 345-1300 | |
| Email: jkravitz@nixonpeabody.com | |
|       lhartford@nixonpeabody.com | |
| | |
| Bradley J. Schlozman (*pro hac vice*) | |
| **HINKLE LAW FIRM LLC** | |
| 1617 North Waterfront Parkway, Suite 400 | |
| Wichita, KS 67206-6639 | |
| Phone: (316) 660-6296 | |
| Fax: (316) 264-1518 | |
| Email: bschlozman@hinklaw.com | |
| | |
| *Counsel for Plaintiff* | |