**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NO LABELS, *Plaintiff*, v. NOLABELS.COM INC., *Defendant*. | Case No. 1:23-cv-01384-GBW |

**OBJECTIONS TO PROPOSED DISCOVERY NO LABELS INTENDS TO SERVE ON THIRD PARTIES AND NOLABELS.COM INC.**

**General Objection:**

No Labels' attempts to seek disclosure of those affiliated with the Defendant are entirely improper. From a constitutional perspective, "compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as [other] forms of governmental action." *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373 (2021). As a result, "[t]he interest in disclosure will be relatively weak unless the information goes to 'the heart of the matter,' that is, unless it is crucial to the party's case." *Black Panther Party v. Smith*, 661 F.2d 1243, 1268 (D.C. Cir. 1981), vac. as moot, 458 U.S. 1118 (1982). Under this standard, courts have repeatedly held that identities of members and donors are privileged from disclosure absent a compelling need. *See, e.g., Ohio Org. Collaborative v. Husted*, No. 2:15-CV-01802, 2015 WL 7008530, at *3--4 (S.D. Ohio Nov. 12, 2015); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1164-66 (9th Cir. 2010). Here there is no such compelling need, and Defendant is concerned that the individuals whose association with Defendant is revealed will be harassed or threatened. Defendant objects to many of the requests below on this basis, and in responding to all requests, Defendant will redact the names of individuals whose association with Defendant is not yet public. Defendant further objects to the discovery requests to the extent they seek information

and documents protected from disclosure by the attorney-client privilege and work product doctrine.

Defendant notes that the objections listed here are made without prejudice and reserves the right to make additional objections, and to assert objections against additional requests, at any time. Subject to the foregoing, the responses to the requests are set forth below:

### Subpoenas

We disagree that the subpoenas Plaintiff intends to serve on Domains by Proxy LLC, Verisign, Inc., Corporation Trust Co., Google LLC, GoDaddy, Inc., and G&K Wisconsin Services, LLC seek information relevant to the motion for preliminary injunction. However, at this time, we do not intend to object to the service of these subpoenas.

### Subpoena to Domains by Proxy LLC

1. All documents and communications concerning the registration of, payment for, or operation of the NoLabels.com Domain, including without limitation the identity of any individual or legal entity involved the registration of, payment for, or operation of the NoLabels.com Domain.

**No objection to documents concerning the domain's registration, payment and operation in the possession of this third party. To the extent the documents show the identities of individuals whose association with Defendant is not public, Defendant objects based on the General Objection. To the extent Plaintiff seeks documents relating to the makeup or membership of any legal entities, Defendant objects based on the General Objection.**

2. Documents sufficient to identify the hosting provider for the website hosted at the NoLabels.com Domain.

**No objection.**

### Subpoena to Verisign Inc.

1. All documents and communications concerning the registration of, payment for, or operation of the NoLabels.com Domain, including without limitation the identity of any

individual or legal entity involved the registration of, payment for, or operation of the NoLabels.com Domain.

**No objection to documents concerning the domain's registration, payment and operation in the possession of this third party. To the extent the documents show the identities of individuals whose association with Defendant is not public, Defendant objects based on the General Objection. To the extent Plaintiff seeks documents relating to the makeup or membership of any legal entities, Defendant objects based on the General Objection.**

2. Documents sufficient to identify the hosting provider for the website hosted at the NoLabels.com Domain.

**No objection.**

### Subpoena to Corporation Trust Co.

1. Documents and communications sufficient to identify the owners, shareholders and/or officers of NoLabels.com Inc., or other individuals associated with NoLabels.com Inc., including members, owners, shareholders and/or officers of any legal entities that are an owner or shareholder of NoLabels.com Inc.

**No objection.**

2. All documents concerning the formation and incorporation of NoLabels.com Inc. or any other business records concerning NoLabels.com Inc.

**No objection.**

3. All documents concerning contact information provided to You in connection with Your role as registered against for NoLabels.com Inc., including without limitation for future service of process on NoLabels.com Inc.

**No objection.**

4. All documents concerning and/or evidencing payment(s) made to You by or on behalf of NoLabels.com Inc.

**No objection.**

**Subpoena to Google LLC**

1. Documents and information sufficient to identify any third-party individual or legal entity engaged or associated with, or concerning, the Google ad depicted below (the "NoLabels.com Google Ad"), including but not limited to in purchasing or providing payment for, providing ad copy for, and/or communicating with You concerning this ad.

**Defendant objects based on the General Objection.**

2. All documents and information concerning the purchase of the NoLabels.com Google Ad, including but not limited to duration, cost, and targeted geography.

**No objection to documents and information concerning the purchase of the ad, but same objection to 1 to the extent it seeks identities of individuals or entities involved.**

3. All analytics associated with the NoLabels.com Google Ad.

**No objection.**

4. All documents concerning any other Google ads purchased or ordered by NoLabels.com Inc. from January 1, 2023 to the present

**No objection.**

**Subpoena to Godaddy, Inc.**

1. All documents and communications concerning the registration of, payment for, or operation of the NoLabels.com Domain, including without limitation the identity of any individual or legal entity involved the registration of, payment for, or operation of the NoLabels.com Domain.

**No objection to documents concerning the domain's registration, payment and operation in the possession of this third party.  To the extent the documents show the identities of individuals whose association with Defendant is not public, Defendant objects based on the General Objection.  To the extent Plaintiff seeks documents relating to the makeup or membership of any legal entities, Defendant objects based on the General Objection.**

2. Documents sufficient to identify the hosting provider for the website hosted at the NoLabels.com Domain.

**No objection.**

3. All documents and communications with American Patriot Project concerning the NoLabels.com Domain, including without limitation with Dan.com.

**No objection to documents concerning the domain's registration, payment and operation in the possession of this third party. To the extent the documents show the identities of individuals whose association with Defendant is not public, Defendant objects based on the General Objection. To the extent Plaintiff seeks documents relating to the makeup or membership of any legal entities, Defendant objects based on the General Objection.**

**G&K Wisconsin Services, LLC**

1. Documents and communications sufficient to identify the owners, shareholders and/or officers of NoLabels.com Inc., and any other individuals known by You to be associated with NoLabels.com Inc., including members, owners, shareholders and/or officers of any legal entities that are an owner or shareholder of NoLabels.com Inc.

**Defendant objects based on the General Objection.**

2. Documents and communications concerning the registration of, payment for, or operation of the NoLabels.com Domain, or concerning the operation or content of any website hosted at the NoLabels.com Domain.

**Defendant objects based on the General Objection.**

3. Documents and communications concerning the formation of any other legal entities in any state that contain the name/mark NO LABELS or any substantially similar variant thereof (including NOLABELS, NO LABELZ, etc.).

**Defendant objects based on the General Objection and relevance.**


**30(b)(6) Deposition Notice to NoLabels.com, Inc.**

1. All shareholders, officers, executives, investors, and employees of Defendant, including without limitation all individuals involved in the decision to form NoLabels.com Inc., to register the domain NoLabels.com, to launch a website at the domain NoLabels.com.

**This is overly broad and improper for the reasons stated in the General Objection.**

2. All individuals involved in the creation of the NoLabels.com website, including without limitation all individuals involved in the creation of any content featured on NoLabels.com.

**This is overly broad and improper for the reasons stated in the General Objection.**

3. Communications with any individuals and/or entities responsive to Topic No. 2 concerning the layout, design, and content of the NoLabels.com website, including but not limited to any materials, instructions, or guidance provided to those individuals and/or entities.

**This is overly broad and improper for the reasons stated in the General Objection.**

4. The source of all photographs featured on NoLabels.com.

**No objection.**

5. Defendant's awareness of No Label's website at nolabels.org.

**No objection.**

6. Defendant's corporate formation, including all individuals involved in that process including without limitation G&K Wisconsin Services, LLC ("G&K") and/or the law firm Godfrey & Kahn (the "G&K Law Firm").

**Defendant objects based on the General Objection and the attorney-client privilege with respect to the G&K Law Firm.**

7. Other domains Defendant registered containing variants of NO LABELS.

**No objection.**

8. Current domain location of Defendant's website.

**No objection.**

9. Google or other analytics on the penetration and/or success of any advertising or search engine optimization performed by or on behalf of Defendant in connection with any websites that reference "No Labels."

**Defendant objects to the foregoing as overly broad, and state that the request should be limited to (i) the website in question and (ii) Plaintiff;s site.**

10. The number of visitors NoLabels.com received and, to the extent known, the amount of time each visitor spent on the site and what they viewed.

**No objection.**

11. Information collected from visitors of NoLabels.com and any actions taken by or on behalf of Defendant to contact those visitors (e.g., through follow-up email communications), solicit donations from those visitors, or to add those visitors to new or existing databases and, if so, where that information is stored and how it is being used.

**No objection.**

12. Whether Defendant has solicited donations from individuals who visited NoLabels.com and, if so, how were those solicitations performed, from whom were donations solicited, and how much money was donated as a result of those solicitations.

**No objection.**

13. When and how Defendant first became aware that No Labels had commenced legal action against Defendant.

**No objection.**

14. The individuals involved in the decision to include a statement on NoLabels.com disclaiming any affiliation between NoLabels.com and NoLabels.org and when that decision was made.

**No objection.**

15. Defendant's awareness of and relationship with American Patriot Project, including without limitation whether Defendant acquired the domain NoLabels.com from American Patriot

Project and whether and how much Defendant paid for the domain NoLabels.com and who from or on behalf of American Patriot Project was involved in the transfer of the domain NoLabels.com from Dan.com to American Patriot Project and, if applicable, to Defendant.

**Irrelevant and unduly burdensome.**

16. The individuals involved in American Patriot Project and all communications with American Patriot Project, including without limitation all communications concerning Defendant leasing, licensing, utilizing, or taking possession of NoLabels.com.

**Irrelevant and unduly burdensome. Defendant also objects based on the General Objection.**

17. All non-disclosure agreements ("NDA") and/or confidentiality agreements to which Defendant is a party and, for each such agreement, the other contracting party(ies), the date of the agreement, and the terms of the agreement.

**No objection.**

18. All non-privileged communications concerning the formation of NoLabels.com Inc., the domain NoLabels.com, a website hosted at NoLabels.com, the content of a website hosted at NoLabels.com, and/or the Action.

**Overly broad and unduly burdensome.  To the extent that it is not, the same matters are covered by other categories herein.**

19. All communications with any vendors for service and/or assistance to Defendant and/or the NoLabels.com Domain.

**Overly broad and unduly burdensome.  To the extent that it is not, the same matters are covered by other categories herein.  Attorney-client privilege.**

20. All financial accounts and financial transactions related to Defendant's operations and/or activities, including but not limited to any vendors to Defendant and/or the NoLabels.com Domain.

**Irrelevant, overly broad, and unduly burdensome.  Plaintiff does not have a judgment and is essentially trying to conduct post-judgment discovery.**

21. The identity of the individuals and/or entities paying and/or subsidizing Defendant's legal fees in connection with the Action.

**The identity of the payor of Defendant's legal fees is irrelevant to the motion for preliminary injunction, and implicates the First Amendment privilege expressed in the General Objection, as well as the attorney-client privilege.**

22. Any instances in which an individual indicated through words or actions that he/she believed NoLabels.com was affiliated or connected with, or endorsed by, Plaintiff.

**No objection.**

**Plaintiff's Requests for Production**

1. All documents and communications concerning registration of the NoLabels.com Domain, acquisition of the NoLabels.com Domain, hosting a website at NoLabels.com, and content posted on NoLabels.com.

**A request for all documents or communications about NoLabels.com is overly broad. To the extent that it is not, the same matters are covered by other categories herein.**

2. All communications with any individuals and/or entities that designed, built, or created the website at NoLabels.com, including but not limited to any materials, instructions, or guidance provided to those individuals and/or entities.

**This request is overbroad. Defendant will produce documents concerning the domain's registration, payment and operation. To the extent the documents show the identities of individuals whose association with Defendant is not public, Defendant objects based on the General Objection. To the extent Plaintiff seeks documents relating to the makeup or membership of any legal entities, Defendant objects based on the General Objection.**

3. All documents and communications concerning registration or potential registration of any domain that references "NoLabels" or "No Labels" or variants thereof, including without limitation any domain that includes both the words "no" and "labels."

**Irrelevant.**

4. All documents and communications concerning formation of NoLabels.com Inc, including without limitation all documents identifying the shareholders, owners, investors, officers, directors, employees, and staff of Defendant, including any changes or edits to those positions/individuals that occurred between inception of Defendant and through to the present.

**Defendant objects to the extent this request calls for information and documents protected by the attorney-client privilege and/or work product doctrine. Defendant will produce non-privileged documents relating to the formation of NoLabels.com Inc.**

5. Documents sufficient to identify all individuals who have provided financial support to Defendant.

**Defendant objects based on the General Objection and relevance.**

6. Documents sufficient to identify all individuals solicited for donations by Defendant.

**Defendant objects based on the General Objection and relevance.**

7. Documents sufficient to identify all individuals who were solicited for donations via NoLabels.com and who actually donated money through NoLabels.com or as a result of contact information provided through NoLabels.com.

**Defendant objects based on the General Objection.**

8. All communications with the incorporator of NoLabels.com Inc., including but not limited to Kieran M. Coe, Nicholas P. Wahl, and/or anyone affiliated with G&K Wisconsin Services, LLC or Godfrey & Kahn SC, relating to No Labels, the NoLabels.com Domain, or NoLabels.com Inc.

**Defendant objects based on the General Objection and also to the extent this request seeks information protected by the attorney-client privilege and/or the work product doctrine.**

9. Documents concerning any payments made by or on behalf of Defendant to acquire the NoLabels.com Domain.

**This request seeks irrelevant documents and information. How the site was acquired does not bear on any matter that is covered by the motion for preliminary injunction.**

10. All non-privileged communications concerning the Action, including documents concerning Defendant's first awareness of the Action and Defendant's decision to include 4872-5031-3111.4 7 a statement on the website disclaiming any affiliation between NoLabels.com and NoLabels.org.

**This request seeks irrelevant documents and information. How the site was acquired does not bear on any matter that is covered by the motion for preliminary injunction.**

11. All communications to/from any individuals who visited NoLabels.com.

**No objection to producing communications from any individuals who contacted NoLabels.com after visiting the site. NoLabels.com will also produce non-privileged communications it made to individuals who contacted it after visiting the site.**

12. All documents (including all communications) concerning any indication that an individual believed NoLabels.com was somehow affiliated or connected with, or endorsed by, Plaintiff, including without limitation all documents (including communications) concerning any efforts to contact those individuals.

**We object based on the statements made in the General Objection.**

13. All documents supporting Defendant's contention that the NO LABELS mark/brand has become generic.

**No objection.**

14. Documents sufficient to show all of Defendant's financial transactions, including without limitation any financial transactions concerning the NoLabels.com Domain and/or its purchase of Google Adwords search advertising through a vendor.

**Except with respect to the Adwords purchases for the site in question, this does not appear to be relevant or proportional.**

15. Documents sufficient to show any of Defendant's transactions with any companies offering search engines to the public related to the NoLabels.com Domain.

**No objection.**

16. All documents and communications with American Patriot Project, Dan.com, Domains by Proxy LLC, and/or GoDaddy LLC concerning the NoLabels.com Domain.

**Defendant objects that this request is overbroad and seeks irrelevant information having nothing to do with the issues involved in this motion for preliminary injunction.**

17. All documents and communications related to all vendors and/or advisors engaged by Defendant from inception of Defendant to the present.

**Defendant objects that this request seeks irrelevant information having nothing to do with the issues involved in this motion for preliminary injunction. Defendant also objects to the extent this request seeks information protected by the attorney-client privilege and/or work product doctrine. To the extent there is relevant information about the domain NoLabels.com, the vendors are all being subpoenaed and/or the other requests cover the same information.**

18. Documents sufficient to show whether Defendant maintains accounts at any banks or other financial institutions, including records that demonstrate the name of the financial institution.

**This Request seeks irrelevant information with respect to a preliminary injunction. Plaintiff has no judgment against Defendant, and is improperly seeking post-judgment discovery.**

Elizabeth S. Fenton (Bar No. 5563)  
**BALLARD SPAHR LLP**  
919 N. Market Street, 11th Floor  
Wilmington, DE 19801  
Office: 302-252-4465  
Email: fentone@ballardspahr.com

Mark M. Billion (Bar No. 5263)  
**BILLION LAW**  
1073 S. Governors Avenue  
Dover, DE 19904  
Office: 302-428-9400  
Email: mbillion@billionlawgroup.com

Dated: December 19, 2023