# PLAINTIFF'S INITIAL OBJECTIONS
# TO DEFENDANT'S DOCUMENT REQUESTS

**Plaintiff makes these initial objections pursuant to the Parties' discussion on December 18, 2023 concerning the general scope of discovery. Plaintiff reserves the right to assert further objections in its written responses.**

1. All Documents pertaining to each Licensee of the Mark, including any Documents pertaining to any agreement with each Licensee pertaining to the Mark.

    **OBJECTION: Overly broad, willing to produce responsive documents related to the mark**

2. All Documents concerning all instances where You have attempted to prevent any Person from using the Mark.

3. All Agreements and Communications with or regarding the No Labels State-Affiliated Entities, including but not limited to Agreements and Communications in which No Labels authorizes or does not authorize such entities to use the purported "No Labels Registered Trademark" as part of their operation.

    **OBJECTION: Overly broad, willing to produce responsive documents related to use of the mark**

4. All Documents regarding the Facebook Group "No Labels Party 2024."

5. All Documents regarding Your signature collection efforts related to ballot access, including but not limited to scripts or talking points for signature gathers, Documents supporting Your assertion that such efforts were undertaken "largely through the work of young volunteers," all Agreements with individuals and firms undertaking such efforts.

    **OBJECTION: Not relevant; overly broad and unduly burdensome**

6. All Documents regarding Your allegations that You are a 501(c)(4) nonprofit corporation and not a nationally organized a political party, including but not limited to all of Your Form 990 filings, financial records supporting such filings, Documents regarding Your classification of spending as social welfare or political intervention, and charitable solicitation registration filings and attachments thereto.

    **OBJECTION: Not relevant**

7. All Documents concerning Agreements or other bases that You contend give you control or oversight over any of the No Labels State-Affiliated Entities.

    **OBJECTION: Not relevant other than as pertains to control of use of the mark; will provide responsive documents as relates to use of the mark**

8. All Documents regarding No Labels' targeting of potential voters, including targeting memoranda, polling data, related records, and paid advertising and mass communications.

    **OBJECTION: Not relevant**

9. All Documents supporting Your contention that the Mark has a high degree of commercial strength, including survey data, viewership data, and website traffic data.

10. All Documents regarding the 2015 Problem Solvers' convention.

    **OBJECTION: Overly broad and unduly burdensome**

11. All Documents pertaining to Donald Trump, his campaign staff, his campaign donors, or any other agents.

    **OBJECTION: Not relevant and overly broad**

12. All Documents pertaining to any plans for candidates to appear on No Labels' ballot lines for races other than President/VP and No Labels' plans to support, disavow, or otherwise contest such efforts.

    **OBJECTION: Not relevant**

13. All Documents pertaining to any past endorsements of candidates by No Labels.

    **OBJECTION: Not relevant**

14. Please list all instances where the Defendant's website asserted any fact that You contend is untrue. Please produce all Documents related to each instance identified.

    **OBJECTION: First sentence is better suited to an Interrogatory**

15. All Documents and communication supporting No Labels' assertion that NoLabels.com has "already caused confusion – as to the affiliation, sponsorship, connection, or association between the Infringing Website, its supporters, and candidates and No Labels."

16. Documents concerning the first *bona fide* sale of products or services under the Mark.

    **OBJECTION: Not relevant**

17. Documents sufficient to show sales, profits, and costs of products or services sold under the Mark on an annual basis, from when You began using the Mark through the present.

    **OBJECTION: Not relevant**

18. Documents sufficient to show advertising expenditures relating to Mark on an annual basis, from when You began using Mark through the present.

3

19. All Documents concerning instances where the Defendant profited through, or by way of, the Mark.
20. All Documents concerning instances where the Defendant attempted to sell You the Website.
21. All Documents concerning any Persons who believed that the Website was affiliated with You.
22. All Documents concerning any instances where the Defendant disparaged You.
23. All Documents concerning Your realization that You had "inadvertently" let the Website registration lapse.
24. All Documents concerning any all steps you took to reclaim the Website after letting it lapse.
25. All Documents concerning the first use(s) of the Mark in connection with "issue advocacy" and "public advocacy" as those terms are used in Paragraph 8 of the Complaint and in connection with efforts to "gain ballot access" as that phrase is used in Paragraph 13 of the Complaint, including a copy or specimen of such use(s), and documents sufficient to identify the date(s) of such first use(s).

   **OBJECTION: These documents are publicly available at uspto.gov.**
26. All Documents concerning Your objection or challenge to another Person's use or registration of a trademark that You contend was confusingly similar to the Mark, including all cease and desist letters and responses to cease and desist letters.
27. All Documents relating to any litigation or USPTO proceeding where You challenged another Person's use or registration of a trademark.

4

> **OBJECTION:  For any such actions, No Labels will produce the complaint.  Other documents "relating to any litigation or USPTO proceeding," including emails about the action, communications with counsel, etc. are not relevant to this dispute and/or are otherwise protected from disclosure.**

28. All Documents concerning Your application, registration and maintenance of the Mark.

29. All Documents concerning Your use of the Mark, including documents concerning Your use of the Mark in connection with (a) "issue advocacy" as that term is used in Paragraph 8 of the Complaint; (b) "public advocacy" as that term is used in Paragraph 8 of the Complaint; and (c) efforts to "gain ballot access" as that phrase is used in Paragraph 13 of the Complaint.

    > **OBJECTION: Overly broad, all documents concerning use would be every client document; see response to #25 re: first use**

30. All Documents concerning Your use or intended use of the Mark in connection with Your "position" that You "intend[] to offer [Your] ballot line to presidential and vice-presidential candidates" as stated in Paragraph 28 of the Complaint.

    > **OBJECTION: Not relevant**

## INTERROGATORIES

1. Identify each Licensee of the Mark.  For each, please (i) identify any agreement with the Licensee pertaining to the Mark, and (ii) identify all Documents pertaining to any agreement with the Licensee pertaining to the Mark.

2. Identify all instances where You have attempted to prevent any Person from using the Mark.

3. Identify all Agreements or other bases that You contend give you control or oversight over any of the No Labels State-Affiliated Entities.

4. Identify all instances where You claim Defendant profited through, or by way of, the Mark.

5. Identify all instances where You claim Defendant attempted to sell You the Website.

6. Identify all Persons who believed that the Website was affiliated with You.

7. Identify all instances where You claim Defendant disparaged You.

8. Identify when You realized that You had "inadvertently" let the Website registration lapse.

9. Identify all steps You took to reclaim the Website after letting it lapse.

## DEPOSITIONS

Depositions will be determined after the information set forth above is provided.

**OBJECTION – Need to further specify intended depositions**

4877-0645-5959.2