# **<u>EXHIBIT 1</u>**



William E. Green, Jr.
Halloran Farkas + Kittila LLP
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
p: (302) 268-6875
e: wg@hfk.law

December 19, 2023

**Via FedEx and by Service**
**on Delaware Registered Agent**

Domains by Proxy LLC
Attn: Compliance Department
2150 E. Warner Road
Tempe, AZ 85284

Domains by Proxy LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

    Re:  *No Labels v. NoLabels.com Inc.*,
           Civil Action No. 1:23-cv-01384-GBW (D. Del.)

Dear Sir or Madam:

      Please find enclosed a subpoena directed to Domains by Proxy LLC in the above-referenced litigation pursuant to the Temporary Restraining Order issued on December 15, 2023. For your convenience, we have attached a copy of that Order.

                              Sincerely,

                              */s/ William E. Green, Jr.*

                              William E. Green, Jr. (Bar No. 4864)
                              Halloran Farkas + Kittila LLP

                              *Counsel for Plaintiff No Labels*

Enclosures

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| NO LABELS | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:23-cv-01384-GBW |
| NOLABELS.COM, INC. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Compliance Department - Domains by Proxy LLC
2150 E. Warner Rd. Tempe, AZ 85284

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Halloran, Farkas, and Kittila LLP, 5801 Kennett Pike, Suite C/D, Wilmington, DE 19807 | Date and Time: 01/03/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/19/2023

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff No Labels
, who issues or requests this subpoena, are:

Theodore Kittila, Halloran, Farkas, and Kittila LLP, 5801 Kennett Pike, Suite C/D, Wilmington, DE 19807 tk@hfk.law (302) 257-2025

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:23-cv-01384-GBW   Document 31-1   Filed 12/20/23   Page 4 of 13 PageID #: 334

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:23-cv-01384-GBW

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

# DEFINITIONS & INSTRUCTIONS

a. "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, e-mail, memorandum, employment records, paychecks, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including interoffice or intraoffice communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bills (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which Plaintiffs have or have had access.

b. "Communication" refers to, without limitation, writings, conversations (whether in person, by telephone, or otherwise), correspondence (whether in person, by telephone, or otherwise), e-mails, texts, instant messages, electronic "chats," memoranda, meetings, discussions, telexes, telegrams, facsimiles (faxes), speeches, presentations, press and other releases, and all other means of exchanging or imparting information.

c. "Concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

d. "You" or "Your" refers to Domains by Proxy LLC.

e. "No Labels" unless otherwise noted, refers to Plaintiff No Labels, a non-profit corporation organized under the laws of the District of Columbia, and its predecessors, successors, present and former officers, employees, directors, representatives, agents, attorneys, assigns, affiliates, subsidiaries, parent or controlling corporations, or any entity through which it conducts business, either alone or jointly with others.

f. "NoLabels.com Inc." refers to Defendant NoLabels.com Inc., a corporation organized under the laws of the State of Delaware, and its predecessors, successors, present and former officers, employees, directors, representatives, agents, attorneys, assigns, affiliates, subsidiaries, parent or controlling corporations, or any entity through which it conducts business, either alone or jointly with others.

g. "NoLabels.com Domain" shall mean the domain located at www.nolabels.com.

h.  "E-mail Accounts" refers to any and all e-mail accounts that You or Your Employees use or have used, including without limitation any personal accounts (e.g., @gmail.com, @hotmail.com, @yahoo.com, etc.) and any employer-issued accounts.

i.  As used herein, requests for Communications shall include e-mails from any E-mail Account.

j.  As used herein, the conjunctions, "and" and "or" shall be interpreted conjunctively, and in an inclusive manner, and not disjunctively to exclude any documents or information that would otherwise be within the scope of the Request. References to the singular include the plural, and references to the plural include the singular.

k.  All requested documents in Your possession, custody or control are to be produced. This includes documents in the possession, custody or control of Your attorneys, any third party or parties to whom You have surrendered possession, custody or control of documents, anyone acting on Your behalf, anyone who has otherwise obtained possession, custody or control of documents, or anyone who, upon request, would surrender possession, custody or control of documents to You. Pursuant to Fed. R. Civ. P. 45(e)(1), Plaintiffs hereby designate the production format set forth in Exhibit A for electronically stored information in Your possession, custody, or control.

## **DOCUMENTS TO BE PRODUCED**

1. All documents and communications concerning the registration of, payment for, or operation of the NoLabels.com Domain, including without limitation the identity of any individual or legal entity involved the registration of, payment for, or operation of the NoLabels.com Domain.

2. Documents sufficient to identify the hosting provider for the website hosted at the NoLabels.com Domain.

2

## EXHIBIT A

Email and other electronically stored information should be produced in image format along with OCR/Extracted Text and a load file containing the metadata fields specified below. All Excel and spreadsheet files should be produced in native format instead of image format. Additional details about image format, text, natives and load files are included below:

- **Image Format**: Document level PDF files named for the bates number corresponding to the first page of the document. Image files should be in a directory named "IMAGES."

- **OCR/Extracted Text Format**: Document level txt files named for the bates number corresponding to the first page of the document. Do not include text in the load file. Text files should be in a directory named "TEXT."

- **Natives**: Documents produced in native file format shall be bates stamped, to the extent practicable, by assigning a Bates number as the filename (e.g., ABC0000001.xls). The load file should contain a field called "NATIVE" with the path to the corresponding native file. Native files should be in a directory named "NATIVES."

- **Load File Format**: Standard Concordance or CSV delimited text file containing the following fields:

| Field | Description |
|---|---|
| BegBates | Bates number corresponding to the first page of the |
| EndBates | Bates document. number corresponding to the last page of the |
| BegAttch | Bates document. number corresponding to the first page of a document |
| EndAttch | Bates family number corresponding to the last page of a document |
| PageCou | Number of pages/images for the document. |
| Custodian | Name of the person from where file is produced. |
| Author | The author of the document. |

5

| Recip | The recipient(s) of the document. |
|---|---|
| CC | The individuals copied on the document, if any. |
| BCC | The individuals blind copied on the document, if any. |
| DocTitle | The title of a document or the subject of an email. |
| DocType | Type of document, such as "Email" or "PDF". |
| Date Sent | The date an email was sent. |
| Time | The time an email was sent. |
| Date Received | The date an email was received. |
| Time Received | The time an email was received. |
| Date Created | The date the file was created, if available. |
| Time Created | The time the file was created, if available. |
| Date Last Modified | The date the file was last modified, if available. |
| Time Last Modified | The time the file was modified, if available. |
| Folder | The folder the document is stored in. |
| Native | The file path that the corresponding production PDF/Native file resides in. |
| Confidentiality | The confidentiality designation assigned to the document. |

4850-2408-5949.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

NO LABELS,

                   Plaintiff,

      v.

NOLABELS.COM, INC.,

                   Defendant.

Civil Action No. 23-1384-GBW

## TEMPORARY RESTRAINING ORDER

AND NOW this 15th day of December 2023, at 3:25 p.m., the Court having considered the Motion for Temporary Restraining Order and Preliminary Injunction against Defendant NoLabels.com, Inc. ("Defendant") filed by Plaintiff No Labels ("Plaintiff") (D.I. 3), and having held a hearing on the Temporary Restraining Order on December 15, 2023, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Temporary Restraining Order (D.I. 3) is GRANTED.[1] Based on Plaintiff's Motion and supporting documents, as well as evidence and arguments presented at the hearing, the Court finds that Plaintiff demonstrated: (1) that a temporary restraining order should be issued given that Plaintiff will continue to suffer irreparable harm in

---

[1] Plaintiff and Defendant both agreed that they discussed limiting the hearing on December 15, 2023 to only the Court's consideration of Plaintiff's Motion for Temporary Restraining Order. Defendant asserted that the parties agreed to not include the request for a Preliminary Injunction as part of the requested relief during this hearing. Plaintiff did not deny Defendant's understanding, but alleged that there was some ambiguity in the parties' respective understanding of the outcome of the discussion. For that reason, the Court will rule only on the Motion for Temporary Restraining Order today and will schedule a future hearing on the Motion for Preliminary Injunction after completion of expedited discovery.

absence of immediate relief; (2) the likelihood of success on the merits of the trademark infringement claim in its Complaint; (3) that it will suffer irreparable harm in the form of loss of control of reputation and goodwill if immediate injunctive relief is not granted; (4) that Defendant's conduct is likely to cause confusion and harm to the public, which confusion and harm will continue in absence of immediate relief; (5) that Defendant will not suffer harm if injunctive relief is granted; and (6) that entry of a temporary restraining order is in the public's interest.

2. Accordingly, pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act, Defendant, along with its officers, directors, principals, agents, representatives, servants, employees, affiliates, successors, or assigns, or any person or entity acting on its behalf or in concert or participation with it, is hereby temporarily restrained and enjoined from further using and/or infringing the NO LABELS mark pending further hearing and determination of this action and/or until further Order of the Court, and specifically ordered to: (1) take down and not restore the Infringing Website; and (2) cease all other activities that infringe the NO LABELS mark.

3. On or before December 18, 2023, Plaintiff shall post bond in the amount of **$250,000** and shall provide the Court and Defendant with evidence that the bond has been posted. In the event that Plaintiff fails to post the bond as required herein, this temporary restraining order may be withdrawn by Order of the Court.

4. This Order and injunctive relief granted herein shall remain in place for fourteen (14) days and may be extended for an additional period for good cause.

5. The parties shall meet and confer on or before 5:00 p.m. ET on Monday, December 18, 2023. The parties shall file a joint status report, not to exceed three (3) pages, on or before

5:00 p.m. ET on Tuesday, December 19, 2023. The joint status report shall update the Court on any agreements the parties have reached on the scope of expedited discovery, the schedule of expedited discovery, and proposed dates for a preliminary injunction hearing. To the extent the parties are unable to reach complete agreement on the scope of expedited discovery, the schedule of expedited discovery, and/or proposed dates for a preliminary injunction hearing, the parties shall specify the portions to which they agree and submit their respective proposals on the portions to which they are not in agreement.

GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE

3

# AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| 1:23-cv-01384-GBW | District Court | New Castle, DE | 10118094 |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| NO LABELS | NOLABELS.COM INC. |

| Received by: | For: |
|---|---|
| DLS Discovery | Halloran Farkas & Kittila LLP |

**To be served upon:**
Domains by Proxy LLC c/o Corporation Service Company

I, Lloyd Brooks, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Litigation Management Representative, 251 Little Falls Drive, Wilmington, DE 19808
**Manner of Service:** Registered Agent, Dec 20, 2023, 10:59 am EST
**Documents:** Subpoena To Produce, Temporary Restraining Order, Cover Letter

**Additional Comments:**
1) Successful Attempt: Dec 20, 2023, 10:59 am EST at 251 Little Falls Drive, Wilmington, DE 19808 received by Litigation Management Representative.

Lloyd Brooks       Dec 20, 2023
                   Date

DLS Discovery
824 N. Market Street Suite 108
Wilmington, DE 19801
302-654-3345

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public
Dec 20, 2023
Date            Commission Expires

JEFFREY A. LOW
MY COMMISSION EXPIRES
JULY 30, 2025
NOTARY PUBLIC
STATE OF DELAWARE