IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NO LABELS,<br><br>*Plaintiff/Counterclaim Defendant*,<br><br>   v.<br><br>NOLABELS.COM INC.,<br><br>*Defendant/Counterclaim Plaintiff*. | CIVIL ACTION NO.<br>1:23-CV-01384-GBW |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM
TO PLAINTIFF'S COMPLAINT**

Defendant NoLabels.com Inc. ("NoLabels.com" or "Defendant") hereby submits its Answer, Affirmative Defenses and Counterclaim to the Complaint of Plaintiff No Labels ("No Labels" or "Plaintiff").

The unnumbered introductory paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. Every allegation, factual or legal, of these two paragraphs is denied.

In addition, Plaintiff's inclusion of footnotes in its Complaint does not conform to Fed. R. Civ. P. 10(b). As such, no response is required. To the extent a response is required, each footnote is discussed in the relevant numbered paragraph below.

To the extent an allegation in any of the numbered paragraphs of the Complaint is not expressly admitted herein, it is denied.

## PARTIES[1]

1. After reasonable investigation, Defendant is without information sufficient to admit or deny the allegations of this paragraph, and they are therefore denied.

2. Admitted.

## JURISDICTION AND VENUE

3. This paragraph states legal conclusions as to which no response is required.

4. This paragraph states legal conclusions as to which no response is required.

5. This paragraph states legal conclusions as to which no response is required.

## NO LABELS' MISSION, REGISTERED TRADEMARK AND WEBSITE

6. After reasonable investigation, Defendant is without information sufficient to admit or deny the allegations of this paragraph and they are therefore denied.

7. After reasonable investigation, Defendant is without information sufficient to admit or deny the allegations of this paragraph and they are therefore denied.

8. Admitted only that the United States Patent and Trademark Office ("USPTO") has a record of a registration of the Mark No Labels at No. 3,946,066 dated April 12, 2011 (the "Mark") and that the public record of said registration is a document which speaks for itself. Any characterization of the document or No Labels' use of the Mark is specifically denied.

9. Admitted only that No Labels operates a website at the url www.nolabels.org. After reasonable investigation, Defendant is without information sufficient to admit or deny the remaining allegations of this paragraph and they are therefore denied.

---

[1] Defendant sets forth the headings from Plaintiff's Complaint for ease of reference only.

10. Admitted only that the phrase No Labels may be found on the website at the url www.nolabels.org.  After reasonable investigation, Defendant is without information sufficient to admit or deny the remaining allegations of this paragraph and they are therefore denied.

11. Admitted that the website at the url www.nolabels.org provides a link for viewers of the website to "get involved."  After reasonable investigation, Defendant is without information sufficient to admit or deny the remaining allegations of this paragraph and they are therefore denied.

12. Denied.

13. Admitted that No Labels, which claims to be a 501(c)(4) non-profit organization, works with state parties using the phrase No Labels as an identifier to obtain ballot access in a number of states.  After reasonable investigation, Defendant is without information sufficient to admit or deny the remaining allegations of this paragraph and they are therefore denied.

14. After reasonable investigation, Defendant is without information sufficient to admit or deny the allegations of this paragraph and they are therefore denied.

15. The website located at the url www.nolabels.org contains hundreds of statements, and any characterization of their contents and/or No Labels' "contemplations" is specifically denied.  Footnote 1 is not a valid allegation and is therefore denied.

### DEFENDANT'S UNAUTHORIZED USE OF THE NO LABELS REGISTERED TRADEMARK AND DEFENDANT'S INTENT TO DECEIVE

16. Admitted only that NoLabels.com was incorporated in Delaware on November 7, 2023.  The remaining allegations are denied.  Footnote 2 is not a valid allegation and is therefore denied.  To the extent a response is required, NoLabels.com admits it was incorporated in Delaware on November 7, 2023.

17. Admitted only that Defendant briefly operated a website at the url www.nolabels.com and that Plaintiff operates a website at the url www.nolabels.org.  The remaining allegations are denied.

18. Denied.

19. Admitted only that a photograph of former President Donald Trump and a yellow button "Sign Up for 2024 Updates" were at one time on the website www.nolabels.com.  The remaining allegations are denied.

20. Admitted only that at one time the website www.nolabels.com contained text that referenced the No Labels Party.  The remaining allegations are denied.

21. Admitted only that at one time the website www.nolabels.com contained the phrase "commonsense majority."  The remaining allegations are denied.

22. Admitted only that at one time the website www.nolabels.com contained the photographs of candidates who appeared at a 2015 No Labels Problem Solver Convention.  After reasonable investigation, Defendant is without information sufficient to admit or deny allegations regarding Plaintiff's conduct, motivation, or implications to be drawn from its conduct; those allegations and any other remaining allegations are denied.

23. After reasonable investigation, Defendant is without information sufficient to admit or deny the remaining allegations of this paragraph and they are therefore denied.  Footnote 3 is not a valid allegation and is therefore denied.  To the extent a response is required, it is denied.

24. This paragraph does not contain any factual allegations to which a response is required.  To the extent a response is required, the allegations of this paragraph are denied.

25. Denied.

26. After reasonable investigation, Defendant is without information sufficient to admit or deny the remaining allegations of this paragraph and they are therefore denied.

27. Admitted only that at one point photographs of former President Donald Trump and Tyson Draper were posted at www.nolabels.com.  The remaining allegations of this paragraph are denied.

28. The first sentence is denied.  Footnote 4 is not a valid allegation and is therefore denied. To the extent a response is required, it is admitted that the url in footnote 4 links to an article, "Donald Trump Should Never Again be President." After reasonable investigation, Defendant is without information sufficient to admit or deny the remaining allegations of this paragraph and they are therefore denied.

29. Denied.

30. Denied.

31. Denied.

32. Admitted only that NoLabels.com purchased Google AdWords search advertising through a vendor.  The remaining allegations are denied.

33. Denied.

### DEFENDANT HAS REFUSED TO ENGAGE WITH PLAINTIFF CONCERNING INFRINGING WEBSITE DESPITE ACTUAL CONFUSION

34. After reasonable investigation, Defendant is without information sufficient to admit or deny the allegations of this paragraph and they are therefore denied.

35. Denied.

36. Denied.

37. Defendant admits only that Plaintiff has filed this Complaint.  The remaining allegations of this paragraph are denied.

## COUNT I – CYBERSQUATTING

*Violation of 15 U.S.C. 1125(d)*

38. Defendant incorporates by reference all preceding responses to Plaintiff's allegations.

39. Denied as a conclusion of law.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT II – TRADEMARK INFRINGEMENT/ FALSE DESIGNATION OF ORIGIN

*Violation of 15 U.S.C. §1125(a)*

49. Defendant incorporates by reference all preceding responses to Plaintiff's allegations.

50. Denied as a conclusion of law.

51. Denied.

52. Denied. Footnote 5 is also denied, except as qualified in the response to paragraph 6 of the Complaint.

53. Admitted only that NoLabels.com purchased Google AdWords search advertising through a vendor.  The remaining allegations are denied.

54. Denied.

55. Denied.

56. Defendant admits only that Plaintiff has alleged that one person was confused by the NoLabels.com website and that Plaintiff claims harm was suffered as a result.  The remaining allegations of this paragraph are denied.

57. Denied.

58. Defendant admits only that Plaintiff seeks an injunction.  Defendant denies that Plaintiff is entitled to one.

### COUNT III – TRADEMARK INFRINGEMENT

*Violation of 15 U.S.C. § 1114(1)*

59. Defendant incorporates by reference all preceding responses to Plaintiff's allegations.

60. Denied.

61. Denied.

62. Admitted only that reference was made to No Labels on the www.nolabels.com website. The remaining allegations of this paragraph are denied.

63. Admitted only that NoLabels.com purchased Google AdWords search advertising through a vendor.  The remaining allegations are denied.

64. Denied.

65. Denied.

66. Defendant admits only that Plaintiff has alleged that one person was confused by the NoLabels.com website and that Plaintiff claims harm was suffered as a result.  The remaining allegations of this paragraph are denied.

67. Denied.

68. Defendant admits only that Plaintiff seeks an injunction.  Defendant denies that Plaintiff is entitled to one.

## PRAYER FOR RELIEF

Defendant denies that any response to Plaintiff's request for relief is necessary, but to the extent such a response is necessary, Defendant requests that the Court deny the relief Plaintiff seeks in its Complaint, and that the Court grant the relief Defendant seeks in its Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim.

### Second Affirmative Defense

The Registration asserted by Plaintiff is invalid because the term No Labels has not been used or is not being used as a source-identifying mark in connection with some or all of the listed purposes and does not function as a trademark.  The term No Labels is also used generically and/or descriptively and is invalid for that reason as well.

### Third Affirmative Defense

Plaintiff has suffered no injury, irreparable or otherwise, as a result of any act of Defendant.

### Fourth Affirmative Defense

Plaintiff's claim is barred in whole or in part by Plaintiff's failure to police its claimed trademark against third parties.

### Fifth Affirmative Defense

Plaintiff's claim is barred in whole or in part by Plaintiff's failure to use its claimed trademark to identify source.  Plaintiff claims it is not a political party, and thereby attempts to insulate itself from regulatory requirements.  Yet Plaintiff allows state parties to use No Labels as a marker of source.  Cloaking itself as a non-profit, and not a political party, Plaintiff seeks to have it both ways, using its claimed mark as a sword and a shield.  Plaintiff registered its mark

for the purpose of "issue advocacy" and "public advocacy to promote awareness of public policy options and political issues." There is no way to distinguish between No Labels and the various No Label state parties which are advocating for ballot access.

### Sixth Affirmative Defense

Plaintiff's claim is barred in whole or in part because the First Amendment protects Defendant's right to assemble and engage in political speech.

### Seventh Affirmative Defense

Plaintiff's claim is barred in whole or in part by unclean hands.

### Eighth Affirmative Defense

Plaintiff's claim is barred in whole or in part by Plaintiff's failure to maintain the url for www.nolabels.com.

### Ninth Affirmative Defense

Plaintiff's claim is barred in whole or in part because Defendant did not act in bad faith.

### Tenth Affirmative Defense

Plaintiff's ACPA claim (Count I) is barred because the statute only applies to initial registrants of a domain..

### Eleventh Affirmative Defense

Defendant reserves all defenses available to it under the Federal Rules of Civil Procedure, the trademark laws of the United States, the laws governing the registration of domain names, and any other defense at law or equity which discovery or any other factual investigation may identify.

### COUNTERCLAIM

Without admitting any of the Complaint's allegations other than those expressly admitted above, and without prejudice to the right to plead additional counterclaims as the facts warrant,

Counterclaim Plaintiff NoLabels.com Inc. ("NoLabels.com"), for its Counterclaim against Counterclaim Defendant No Labels ("No Labels"), avers as follows:

## NATURE OF THE COUNTERCLAIM

1. In its Complaint, No Labels contends that it is entitled to enforce the registered trademark no. 3,946,066 ("the '066 Mark") against NoLabels.com.

2. This is a counterclaim for declaratory judgment of non-infringement and lack of damages, as well as trademark cancellation.

## PARTIES

3. NoLabels.com is a Delaware corporation.

4. No Labels holds itself out as a 501(c)(4) tax-exempt social welfare organization.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and §§ 2201 and 2202.

6. This Court has personal jurisdiction over No Labels because it has availed itself of this Court by filing the Complaint.

7. Venue over these counterclaims presently exists in this District under 28 U.S.C. § 1391(b) because No Labels filed the Complaint in this District.

## FACTUAL BACKGROUND

8. No Labels asserts that "independence, and its ability to exclusively control its reputation and the political leaders with whom it is associated, is paramount to its mission." Compl. ¶ 1; Decl. of Jerald S. Howe, Jr., attached to Op. Br. of Plaintiff, ¶ 9.

9. No Labels claims that it has a registered trademark, the '066 Mark, which it contends it is entitled to enforce.

10. No Labels also states on its web site, www.nolabels.org, that it is not a political party. *See* Image from https://www.nolabels.org/unity-ticket-faqs, viewed on Dec. 13, 2023.

11. Yet at least twelve similarly named political parties have been recognized and afforded ballot access in as many states.

12. Moreover, multiple candidates have identified themselves as "No Labels" candidates, and secured ballot access via those parties.

13. No Labels concedes this, claiming that there are state-level organizations with which it is affiliated, some of which are in facts registered as political parties in the respective states where they are located.

14. No Labels claims that it allows these affiliates to use No Labels, and that certain of these affiliates have bylaws which limit their activities.

15. No Labels is candid that it does not want to be a political party in order to evade regulatory requirements, most significantly disclosure requirements, which political parties must fulfill.

16. Instead, No Labels, in its own words and in its own content, refers to "No Labels" as a movement, and asks people to "join the movement."

17. In spite of its claims otherwise, No Labels does not control the use of the phrase No Labels, nor is the organization identifiable as the source or origin of No Labels.

18. For example, on December 12, 2023, No Labels posted a video to its Facebook page in which one of its surrogates indicated that in the upcoming 2024 presidential election, the perception of No Labels will be about the idea that "the individuals that are the ticket," and that candidates and voters define what "No Labels" is. *See* https://www.facebook.com/NoLabels/videos/1838845839880277.

19. Apart from the state affiliates, individuals have created their own communities in support of the "No Labels" movement.

20. One such group is on Facebook as the "No Labels Party 2024."

21. Based on the unfettered use of No Labels by voters and activists having nothing to do with the No Labels organization, it is hard to see how No Labels can enforce its mark.

22. In addition, No Labels is flouting the spirit and the letter of the law in claiming that it is a non-profit social welfare organization, or a movement, while serving as an enabler of these state affiliates to obtain ballot access for candidates which No Labels hand picks.

23. On information and belief, No Labels in fact uses its anonymous donor base to engage in political advocacy just as a political party would.

**The nolabels.com Domain**

24. No Labels registered www.nolabels.com.

25. Apparently, No Labels allowed this registration to lapse.

26. NoLabels.com acquired NoLabels.com on the following timeline:

   a. On September 24, 2023, American Patriot Project ("APP"), a vendor to NoLabels.com initially leased NoLabels.com via Dan.com, a GoDaddy subsidiary;

   b. On October 11, 2023, APP paid off the lease to take full possession of NoLabels.com;

   c. On October 17, 2023, a vendor for APP took possession of NoLabels.com;

   d. On November 7, 2023, NoLabels.com was incorporated as a 501(c)(4) organization in Delaware;

   e. On November 16, 2023, the NoLabels.com website went live; and

  f. On November 29, 2023, NoLabels.com purchased Google AdWords search advertising through a vendor.

27. When No Labels learned of the [www.nolabels.com](www.nolabels.com) website, it sprung into action, enforcing rights it had neglected and allowed to become generic.

### COUNTERCLAIM COUNT I
### (Declaratory Judgment)

28. NoLabels.com repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in the foregoing paragraphs.

29. Because No Labels filed claims against NoLabels.com, an actual controversy presently exists between them with regard to No Labels' alleged rights in the claimed '066 Mark and its assertion of infringement by NoLabels.com.

30. NoLabels.com has not infringed any valid trademark owned by No Labels.

31. Because of No Labels' acts and omissions, the '066 Mark is generic or at best descriptive. Voters, activists, and others having no affiliation with the No Labels organization commonly use the phrase No Labels to signify a message which the No Labels organization cannot legitimately control.

32. Absent declaratory relief from the Court that the '066 Mark is invalid, NoLabels.com will be harmed.

33. NoLabels.com is entitled to declaratory judgment of non-infringement and no damages, as well as its attorney fees and costs.

### COUNTERCLAIM COUNT II
### (Cancellation of the '066 Mark)

34. NoLabels.com repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in each of the foregoing paragraphs.

35. NoLabels.com brings this counterclaim under:

   a. Section 37 of the Lanham Act (15 U.S.C. § 1119), which gives federal courts the authority to order the cancellation of registrations;

   b. Section 14 of the Lanham Act (15 U.S.C. §1064), which authorizes cancellation of a registered mark at any time, regardless of whether the registration has become incontestable, if the registered mark is or becomes the generic name for the goods or services, or a portion thereof, for which it is registered; and

   c. Section 15 of the Lanham Act (15 U.S.C. §1065), which provides that no incontestable right shall be acquired in a mark which is the generic name for the goods or services for which it is registered.

36. A term is generic if it is a common descriptive name of a class of goods or services or if it refers to a key aspect of that class of goods or services.

37. No Labels has become generic because No Labels, the organization, has not adequately controlled the '066 Mark for "issue advocacy; public advocacy to promote awareness of public policy options and political issues."

38. Many third parties have used the term No Labels without reference to the organization No Labels.

39. Because the term No Labels is widely used generically or at least descriptively, the '066 Mark is subject to cancellation on the grounds of failure to function as a mark due to generic use.

**PRAYER FOR RELIEF**

**WHEREFORE**, Counterclaimant NoLabels.com prays for relief as follows:

1. That the Court declare that the '066 Mark is invalid;

2. That the Court declare that No Labels is not entitled to any damages;

3. That the Court enter judgment declaring that No Labels is not entitled to any injunctive relief or other equitable relief;

4. That the Court cancel the '066 Mark for abandonment, and failure to function as a trademark due to generic usage;

5. That the Court award NoLabels.com its reasonable attorneys' fees and costs of suit;

6. That the Court enter judgment dismissing the Complaint in its entirety with prejudice and awarding No Labels no compensation or remedy of any kind or nature; and

7. That the Court award NoLabels.com such further just and equitable relief as the Court deems just and proper.

*/s/Elizabeth S. Fenton*
Elizabeth S. Fenton (Bar No. 5563)
**BALLARD SPAHR LLP**
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Office: 302-252-4465
Email: fentone@ballardspahr.com

Mark B. Billion (Bar No. 5263)
**BALLARD SPAHR LLP**
1073 S. Governors Avenue
Dover, DE 19904
Office: 302-428-9400
Email: mbillion@billionlawgroup.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on December 26, 2023, a copy of the foregoing Defendant's Answer, Affirmative Defenses, and Counterclaim to Plaintiff's Complaint was filed electronically with the Clerk of Court through the CM/ECF system, which will automatically send electronic notifications to all counsel of all registered parties.

/s/Elizabeth S. Fenton
Elizabeth S. Fenton (Bar No. 5563)