# EXHIBIT 3

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| NO LABELS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:23-cv-01384-GBW |
| NOLABELS.COM, INC. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: NO LABELS PARTY OF NORTH CAROLINA, Chairman Admiral (Ret.) Dennis Blair, 72 Forest at Duke Drive, Durham, NC 27705

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A to the "NOTICE OF 30(b)(6) DEPOSITION"

| Place: Bank of America Tower, 4242 Six Forks Road - Suite 1550, Raleigh, North Carolina 27609 | Date and Time: 01/17/2023 1:00 pm |
|---|---|

The deposition will be recorded by this method: Stenographic and/or audio-visual

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any nonprivileged documents, communications, or materials in your possession or control relating to the Topics provided in Schedule A to the "NOTICE OF 30(b)(6) DEPOSITION"

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/29/2023

*CLERK OF COURT*

OR

_____      /s/ Mark M. Billion
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* NOLABELS.COM, INC. , who issues or requests this subpoena, are:

Mark M. Billion, 1073 S Governors Ave, Dover, DE 19904, 302-428-9400, markbillion@billionlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:23-cv-01384-GBW

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NO LABELS,<br><br>              *Plaintiff*,<br><br>   v.<br><br>NOLABELS.COM INC.,<br><br>             *Defendant.* | Case No. 1:23-cv-01384-GBW |

**NOTICE OF 30(b)(6) DEPOSITION OF**
**NONPARTY NO LABELS PARTY OF NORTH CAROLINA**

PLEASE TAKE NOTICE that Defendant NoLabels.com, Inc., by and through its undersigned attorneys, will take the deposition pursuant to Fed. R. Civ. P. 30(b)(6) upon oral examination, either remote or in-person, of No Labels Party of North Carolina, before a notary public or other officer authorized by law to administer oaths, on January 17, 2023 at 1:00 PM ET **at Bank of America Towner, 4242 Six Forks Road – Suite 1550, Raleigh, North Carolina 27609**. The matters that will be covered at the deposition are set forth in **Schedule A** attached hereto. The testimony shall be recorded by stenographic and/or audio-visual means.

Pursuant to Rule 30(b)(6), No Labels Party of North Carolina is required to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf with respect to the matters and topics set forth in the attached Schedule A. Such designated witnesses must be capable of and prepared to testify as to all information known or reasonably available to No Labels concerning the matters and topics set forth in the attached Schedule A.

[Signature Page Follows]

| | |
|---|---|
| **BILLION LAW** | **BALLARD SPAHR LLP** |
| */s/ Mark M. Billion* | */s/ Elizabeth S. Fenton* |
| Mark M. Billion (Bar No. 5263) | Elizabeth S. Fenton (Bar No. 5563) |
| 1073 S. Governors Avenue | 919 N. Market Street, 11th Floor |
| Dover, DE  19904 | Wilmington, DE 19801 |
| Office:  302-428-9400 | Office:  302-252-4465 |
| Email:  mbillion@billionlawgroup.com | Email:  fentone@ballardspahr.com |

Dated: December 29, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2023, I caused a true and correct copy of the foregoing Notice of 30(b)(6) Deposition of No Labels to be served, via electronic mail, on the following counsel of record:

**NIXON PEABODY LLP**

**Mark D. Lytle (*pro hac vice)*
799 9th Street NW, Suite 500
Washington, DC 20001
Tel: (202) 585-8435
Fax: (907) 331-4726
Email: mlytle@nixonpeabody.com

**Jason C. Kravitz (*pro hac vice*)**
**Leslie E. Hartford (*pro hac vice*)**
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 345-1031
Fax: (617) 345-1300
Email: jkravitz@nixonpeabody.com
lhartford@nixonpeabody.com

**HALLORAN FARKAS + KITTILA LLP**

**Theodore A. Kittila**
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law

**William Edward Green, Jr.**
5801 Kennett Pike, Suite C/D
Wilmington, DE 19807
(302) 268-6875
Fax: (302) 257-2019
Email: wg@hfk.law

*Attorneys for Plaintiff*


   */s/ Elizabeth S. Fenton*
   Elizabeth S. Fenton (Bar No. 5563)

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

A. **"Agreement"** means any decision or arrangement, whether legally binding or not, and whether written or not, between You and any other Person.

B. **"Communication"** means any disclosure, transfer, or exchange of information or opinion, however made.

C. **"Complaint"** means the complaint filed in the captioned Matter.

D. **"Concerning"** means relating to, referring to, reflecting, describing, evidencing or constituting.

E. **"You"** (together with the adjective "Your") shall be deemed to include and refer to the answering party, together with, to whatever extent the context thereof will bear such additional meaning, any and all Persons acting at the direction of or on behalf of said named party in connection with any of the matters raised herein, or in connection with making the discovery sought hereby.

F. **"Person"** means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

G. **"Matter"** means the suit initiated by the Complaint and all defenses, objections, motions or answers therein related.

H. **Plaintiff** refers to Plaintiff No Labels, a non-profit corporation organized under the laws of the District of Columbia, and its predecessors, successors, present and former officers, employees, directors, representatives, agents, attorneys, assigns, affiliates, subsidiaries, parent or controlling corporations, or any entity through which it conducts business, either alone or jointly with others.

I. **"NoLabels.com Domain"** shall mean the domain located at www.nolabels.com.

J. **"No Labels State-Affiliated Entities"** refers to any group — including but not limited to clubs, business entities, political parties, trusts, Political Action Committees, and unincorporated organizations — representing themselves as "No Labels" with regard to "Issue advocacy; Public advocacy to promote awareness of public policy options and political issues" as defined by the USPTO. Examples include any or all of the following: No Labels Party of Arizona, the No Labels Colorado Party, No Labels Nevada, No Labels Party of Florida, or the "No Labels" parties in Alaska, Arkansas, Hawaii, Kansas, Mississippi, North Carolina, Oregon, South Dakota, Utah and/or any other state, or any representatives, consultants, employees, or agents of such entities. **You are a No Labels State-Affiliated Entity.**

K. **"Mark"** means the trademark registered as U.S. Trademark Reg. No. 3,946,066.

L. **"Licensee"** means any Person You have authorized to use the Mark in any capacity or way, including but not limited to any grant of rights or permissions to use the Mark.

M. As used herein, the conjunctions, "and" and "or" shall be interpreted conjunctively, and in an inclusive manner, and not disjunctively to exclude any documents or information that would otherwise be within the scope of the Request. References to the singular include the plural, and references to the plural include the singular.

## Topics

1. All licensing of the Mark to any individual or entity, including but not limited to You or any other No Labels State-Affiliated Entity or related business entity, in any form.

2. All unlicensed use of the Mark and all efforts by Plaintiff to prevent the unlicensed use of the Mark, including but not related to unlicensed use within the State of North Carolina by You or any other Person.

3. All signature collection efforts by individuals and entities using the Mark, whether licensed by Plaintiff or not, both within the State of North Carolina and nationwide.

4. The relationship, if any, between Plaintiff and the No Labels State-Affiliated Entities, including but not limited to You.

5. All efforts by anyone to qualify or run as a candidate of a No Labels State-Affiliated Entity — including but not limited to Your efforts within the State of North Carolina — and all responses and communications between You, Plaintiff, any other No Labels State-Affiliated Entity, and any other Person relating to such efforts.

6. Your understanding of the meaning of the Mark's scope, which covers "issue advocacy; public advocacy to promote awareness of public policy options and political issues," and the manner in which that understanding informs your use of the Mark, regardless of whether Your use is licensed or unlicensed by Plaintiff.

7. All changes in Plaintiff's mission and activities between the issuance of the Mark and the present day, including but not limited to the decision to sponsor, affiliate with, or otherwise promote the No Labels State-Affiliated Entities — both within the State of North Carolina and nationwide — and to pursue ballot qualification in many states.

8. Plaintiff's position that it operates as a social welfare organization under section 501(c)(4) of the Internal Revenue Code, including Your understanding of the distinction between issue advocacy or public advocacy on the one hand and political activity on the other hand, and Plaintiff's categorization of its various activities between those two categories of activities.

9. Any instances in which individuals indicated to You through word or action that they believed No Labels was a political party, including but not limited to Your employees, volunteers, donors, political candidates, vendors, and contractors.

10. Any instances in which individuals indicated to You through word or action that they believed You were sponsored, supported, governed, organized, funded, or otherwise controlled by Plaintiff because said individuals believed Plaintiff to be a national political party.

11. The filing, prosecution and maintenance of all federal and state trademark applications and registrations filed by or on behalf of Plaintiff relating to the Mark, including but not limited to any actions Plaintiff requires You to perform related to its maintenance of the Mark.

12. All goods and services sold, provided, donated, traded, or otherwise commercially exchanged by No Labels or You bearing the Mark from its initial registration of the Mark through the present, and any consideration received in exchange regardless of whether No Labels licensed Your use of the Mark in exchanging those goods or services.

13. The manner in which You have made use of the Mark and for each different type of use, when the use occurred, whether the use was intended to be a trademark use, and what specific product or service the use was connected to.

14. Any instances in which a person or entity communicated to You that they confused NoLabels.com with NoLabels.org.

15. The factual basis for any claim that Plaintiff has been harmed by NoLabels.com, including but not limited to harm caused to Plaintiff within the State of North Carolina.

16. The date and manner in which You became aware of NoLabels.com, the identity of the persons involved, and any action taken by No Labels or You after learning of NoLabels.com, including investigative steps.

17. The relationship between You and any other No Labels State-Affiliated Entity.

18. Your connection to and relationship with the following Delaware entities, including but not limited to any licensing agreements between No Labels and the entities for the use of the Mark, either by the entities themselves or for further licensing to any No Labels State-Affiliated Entities:

    a. NO LABELS BALLOT ACCESS, INC.;

    b. NO LABELS 2024, INC.; and

    c. NO LABELS ACTION, INC.