IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NO LABELS,

      Plaintiff,

    v.

NOLABELS.COM, INC.,

      Defendant.

Civil Action No. 23-1384-GBW

## ORDER APPOINTING SPECIAL MASTER

WHEREAS, by order dated December 4, 2014, the Court revised the scope and administration of the Special Master Panel for complex cases; and

WHEREAS, consistent with the goals and needs expressed in the referenced order, the Court concludes that the appointment of a Special Master is warranted in the above-captioned case;

NOW THEREFORE, at Wilmington this 5th day of January, 2024, **IT IS HEREBY ORDERED** that:

1. **Scope of Duties.** Stephen B. Brauerman, Esquire, is appointed as Special Master for the purpose of hearing discovery disputes.

2. **Discovery.** As required by Rule 53(b)(2) of the Federal Rules of Civil Procedure, Stephen B. Brauerman, Esquire shall proceed with all reasonable diligence and, as provided by Rule 53(c), shall have the authority to regulate all proceedings and take all measures necessary to address issues relating to the parties' discovery disputes and rule on same.

3. **Discovery Disputes.** Stephen B. Brauerman, Esquire shall, after consulting with the parties, establish procedures for the handling of discovery disputes. He shall have the duty and

1

authority to require the submission of reports, call conferences, hold hearings in order to determine the status of issues relating to discovery, and to issue orders requiring the parties to adhere to case management dates set by the Court. He shall hear, resolve, and make rulings on all disputes regarding discovery and, when appropriate, enter orders setting forth her rulings.

a. With respect to discovery motions,[1] all such motions (but **not** the related briefing and appendices, if any) shall be filed with the Court through Stephen B. Brauerman, Esquire and docketed by chambers staff.

b. With respect to hearings and conferences, they shall be held in this District's Courthouse or other appropriate places arranged by Stephen B. Brauerman, Esquire or by the parties, with the approval of Stephen B. Brauerman, Esquire. If the Courthouse is used, Stephen B. Brauerman, Esquire shall arrange for a courtroom through the Clerk's Office.

c. Absent agreement among the parties, all hearings shall be transcribed by a certified court reporter. Stephen B. Brauerman, Esquire may arrange for a court reporter through the Clerk's Office, who shall be given one week's notice of any scheduled hearings absent emergency circumstances. Absent an order by Stephen B. Brauerman, Esquire, the parties shall bear equally the costs of the court reporter and transcript.

d. Stephen B. Brauerman, Esquire shall preserve all materials he receives or prepares in connection with any dispute regarding discovery. He shall not be required to file any such materials with the Court, unless directed to do so by the Court, except that the following shall be filed: (1) any transcripts that contain her rulings from the bench; (2) orders entered setting forth

---

[1] Only the formal motion itself must be docketed with the Court through Stephen B. Brauerman, Esquire. All other discovery materials should be lodged only with Stephen B. Brauerman, Esquire, consistent with ¶ 6, *infra*.

her rulings; and (3) any opinions prepared supporting her rulings.  All such papers shall be filed with the Court through Stephen B. Brauerman, Esquire and docketed by chambers staff.

4. *Ex Parte* **Communications.**  Stephen B. Brauerman, Esquire shall not communicate *ex parte* with a party without the consent of all parties.  He may communicate *ex parte* with the Court.

5. **Confidential Information.**  Stephen B. Brauerman, Esquire may have access to trade secrets, proprietary information, or other confidential information in this action including, but not limited to, information which may be subject to a protective order.  Stephen B. Brauerman, Esquire and other persons assisting her shall preserve and protect the confidentiality of all such information and, if required to file any orders, findings, opinions, or materials that contain or make reference to any such information (including, but not limited to, information designated "Confidential" and/or "Highly Confidential – Attorneys' Eyes Only"), he shall file the same under seal.

6. **Appeals.**  Stephen B. Brauerman, Esquire's rulings shall be subject to review by the Court, consistent with Fed. R. Civ. P. 53(f).  In this regard, unless otherwise ordered: (a) the parties may serve, file, and docket with the Court specific written objections (and responses thereto) to any of Stephen B. Brauerman, Esquire's rulings;[2] (b) the objections shall be filed no later than twenty-one (21) days after being served with a copy of the ruling, and the responses thereto shall be filed within ten (10) days after being served with a copy of the objections; (c) the objections and responses to the objections are limited to ten (10) pages each; and (d) the parties must serve, file, and docket with the Court (as well as provide to Chambers a courtesy copy of) any relevant portion of the record made before Stephen B. Brauerman, Esquire which pertains specifically to the objections.[3]

---

[2] Counsel shall docket using the "objections" and "responses to objections" docket events.

[3] Counsel shall docket separately as an appendix using the "appendix" docket event.

7. **Compensation.** Stephen B. Brauerman, Esquire shall be compensated for her services at her usual hourly rate. Others assisting her shall be compensated at their usual hourly rates. Stephen B. Brauerman, Esquire shall send statements for services and expenses directly to counsel for the parties on a monthly basis and shall receive payment directly from counsel for the parties in a timely fashion. The compensation and expenses of Stephen B. Brauerman, Esquire shall, unless otherwise ordered, be shared equally by the parties. In this regard, if (in Stephen B. Brauerman, Esquire's opinion) a party engages in behavior which occasions the waste of her time and resources, or otherwise hinders the efficient resolution of matters before her, that party may be apportioned all or a larger portion of Stephen B. Brauerman, Esquire's compensation, costs, and expenses. Any objections or disputes as to Stephen B. Brauerman, Esquire's compensation, costs, and/or expenses shall be presented to the Court in a timely application.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE