IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NO LABELS,<br><br>        *Plaintiff*,<br><br>v.<br><br>NOLABELS.COM INC.,<br><br>        *Defendant*. | Case No. 1:23-cv-01384-GBW |

**PLAINTIFF NO LABELS' ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff No Labels ("Plaintiff" or "No Labels") hereby submits its Answer and Affirmative Defenses to the Counterclaims of Defendant NoLabels.com Inc. ("Defendant").

Each numbered Paragraph in this Answer responds to the identically numbered Paragraph in Defendant's Counterclaims. No Labels denies all allegations, declarations, claims, or assertions in the Counterclaims that are not specifically admitted in this Answer.

**NATURE OF THE COUNTERCLAIM**

1. In its Complaint, No Labels contends that it is entitled to enforce the registered trademark no. 3,946,066 ("the '066 Mark") against NoLabels.com.

**Response: Admitted.**

2. This is a counterclaim for declaratory judgment of non-infringement and lack of damages, as well as trademark cancellation.

**Response: This paragraph states legal conclusions to which no response is required.**

**PARTIES**

3. NoLabels.com is a Delaware corporation.

**Response: Upon information and belief, admitted.**

4.   No Labels holds itself out as a 501(c)(4) tax-exempt social welfare organization.

**Response:  Admitted that No Labels is a 501(c)(4) tax-exempt social welfare organization. Denied to the extent that "holds itself out as" implies dishonesty or inaccuracy.**

## JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and §§ 2201 and 2202.

**Response:  This paragraph states legal conclusions to which no response is required.**

6.   This Court has personal jurisdiction over No Labels because it has availed itself of this Court by filing the Complaint.

**Response:  This paragraph states legal conclusions to which no response is required.**

7.   Venue over these counterclaims presently exists in this District under 28 U.S.C. §1391(b) because No Labels filed the Complaint in this District.

**Response:  This paragraph states legal conclusions to which no response is required.**

## FACTUAL BACKGROUND

8.   No Labels asserts that "independence, and its ability to exclusively control its reputation and the political leaders with whom it is associated, is paramount to its mission." Compl. ¶ 1; Decl. of Jerald S. Howe, Jr., attached to Op. Br. of Plaintiff, ¶ 9.

**Response:  Denied that the quotation in Paragraph 8 is a complete and accurate citation of the Howe Declaration.**

9.   No Labels claims that it has a registered trademark, the '066 Mark, which it contends it is entitled to enforce.

**Response:  Admitted.**

2

10. No Labels also states on its web site, www.nolabels.org, that it is not a political party. *See* Image from https://www.nolabels.org/unity-ticket-faqs, viewed on Dec. 13, 2023.

**Response**: **Admitted.**

11. Yet at least twelve similarly named political parties have been recognized and afforded ballot access in as many states.

**Response**: **Admitted that several state-level organizations with which No Labels is affiliated are organized as political parties and have been afforded ballot access. Any remaining allegations in Paragraph 11 are denied.**

12. Moreover, multiple candidates have identified themselves as "No Labels" candidates, and secured ballot access via those parties.

**Response**: **Admitted that certain candidates have attempted to identify themselves as "No Labels" candidates, which No Labels does not condone and, indeed, has initiated litigation and/or other steps to stop. Denied that any candidates have secured ballot access through the affiliated state-level organizations referred to in Paragraph 11. Any remaining allegations in Paragraph 12 are denied.**

13. No Labels concedes this, claiming that there are state-level organizations with which it is affiliated, some of which are in facts registered as political parties in the respective states where they are located.

**Response**: **Denied that No Labels concedes any facts or allegations other than that "there are state-level organizations with which it is affiliated, some of which are in fact registered as political parties in the respective states where they are located," which it admits.**

14. No Labels claims that it allows these affiliates to use No Labels, and that certain of these affiliates have bylaws which limit their activities.

3

**Response**:  **Admitted that No Labels allows certain affiliates to use the No Labels Registered Trademark in certain manners and for specific purposes and that certain of these affiliates have bylaws which govern their activities.  Any remaining allegations in Paragraph 14 are denied.**

15. No Labels is candid that it does not want to be a political party in order to evade regulatory requirements, most significantly disclosure requirements, which political parties must fulfill.

**Response**:  **Denied.**

16. Instead, No Labels, in its own words and in its own content, refers to "No Labels" as a movement, and asks people to "join the movement."

**Response**:  **Admitted that No Labels' website, which is replete with uses of the No Labels Registered Trademark, references a "movement" and invites voters to "join the movement."  Any remaining allegations in Paragraph 16 are denied.**

17. In spite of its claims otherwise, No Labels does not control the use of the phrase No Labels, nor is the organization identifiable as the source or origin of No Labels.

**Response**:  **Denied.**

18. For example, on December 12, 2023, No Labels posted a video to its Facebook page in which one of its surrogates indicated that in the upcoming 2024 presidential election, the perception of No Labels will be about the idea that "the individuals that are the ticket," and that candidates and voters define what "No Labels" is.  *See* https://www.facebook.com/NoLabels/videos/1838845839880277.

**Response**:  **No Labels denies that Paragraph 18 is an accurate characterization of the video found at the included link.  No Labels also states that the undefined term "surrogate" is**

**vague, thereby making it difficult for No Labels to understand this allegation and respond to it, and thus No Labels is unable to admit or deny this allegation.**

19. Apart from the state affiliates, individuals have created their own communities in support of the "No Labels" movement.

**Response:  No Labels lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and thus denies the same.**

20. One such group is on Facebook as the "No Labels Party 2024."

**Response:  No Labels admits that it is now aware of a Facebook group entitled "No Labels Party 2024."  Any remaining allegations in Paragraph 20 are denied.**

21. Based on the unfettered use of No Labels by voters and activists having nothing to do with the No Labels organization, it is hard to see how No Labels can enforce its mark.

**Response:  Denied.**

22. In addition, No Labels is flouting the spirit and the letter of the law in claiming that it is a non-profit social welfare organization, or a movement, while serving as an enabler of these state affiliates to obtain ballot access for candidates which No Labels hand picks.

**Response:  Denied.**

23. On information and belief, No Labels in fact uses its anonymous donor base to engage in political advocacy just as a political party would.

**Response:  Denied.**

### The nolabels.com Domain

24. No Labels registered www.nolabels.com.

**Response:  Admitted.**

25. Apparently, No Labels allowed this registration to lapse.

5

**Response:   Admitted that No Labels inadvertently allowed the registration for www.nolabels.com to lapse.  Any remaining allegations in Paragraph 25 are denied.**

  26. NoLabels.com acquired NoLabels.com on the following timeline:

   a. On September 24, 2023, American Patriot Project ("APP"), a vendor to NoLabels.com initially leased NoLabels.com via Dan.com, a GoDaddy subsidiary;

**Response:  No Labels lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26(a) and thus denies the same.**

   b. On October 11, 2023, APP paid off the lease to take full possession of NoLabels.com;

**Response:  No Labels lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26(b) and thus denies the same.**

   c. On October 17, 2023, a vendor for APP took possession of NoLabels.com;

**Response:  No Labels lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26(c) and thus denies the same.**

   d. On November 7, 2023, NoLabels.com was incorporated as a 501(c)(4) organization in Delaware;

**Response:  Admitted, per information from the Delaware Secretary of State, Division of Corporations.**

   e. On November 16, 2023, the NoLabels.com website went live; and

**Response:  No Labels lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26(e) and thus denies the same.**

    f.  On November 29, 2023, NoLabels.com purchased Google AdWords search advertising through a vendor.

**Response:  No Labels lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26(f) and thus denies the same.**

  27. When No Labels learned of the www.nolabels.com website, it sprung into action, enforcing rights it had neglected and allowed to become generic.

**Response:  The undefined term "sprung into action" is vague in this context.  That said, No Labels admits that it took action to enforce its rights in the NO LABELS mark and denies the remaining allegations in Paragraph 27.**

### COUNTERCLAIM COUNT I
### (Declaratory Judgment)

  28. NoLabels.com repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in the foregoing paragraphs.

**Response:  No Labels incorporates by reference its responses to each of the above paragraphs.**

  29. Because No Labels filed claims against NoLabels.com, an actual controversy presently exists between them with regard to No Labels' alleged rights in the claimed '066 Mark and its assertion of infringement by NoLabels.com.

**Response:  This paragraph states legal conclusions to which no response is required.  To the extent that such a response is required, denied.**

  30. NoLabels.com has not infringed any valid trademark owned by No Labels.

**Response:  Denied.**

  31. Because of No Labels' acts and omissions, the '066 Mark is generic or at best descriptive. Voters, activists, and others having no affiliation with the No Labels organization

commonly use the phrase No Labels to signify a message which the No Labels organization cannot legitimately control.

**Response**:  **Denied.**

32. Absent declaratory relief from the Court that the '066 Mark is invalid, NoLabels.com will be harmed.

**Response**:  **Denied.**

33. NoLabels.com is entitled to declaratory judgment of non-infringement and no damages, as well as its attorney fees and costs.

**Response**:  **Denied.**

## COUNTERCLAIM COUNT II
### (Cancellation of the '066 Mark)

34. NoLabels.com repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in each of the foregoing paragraphs.

**Response**:  **No Labels incorporates by reference its responses to each of the above paragraphs.**

35. NoLabels.com brings this counterclaim under:

   a. Section 37 of the Lanham Act (15 U.S.C. § 1119), which gives federal courts the authority to order the cancellation of registrations;

   b. Section 14 of the Lanham Act (15 U.S.C. §1064), which authorizes cancellation of a registered mark at any time, regardless of whether the registration has become incontestable, if the registered mark is or becomes the generic name for the goods or services, or a portion thereof, for which it is registered; and

   c.  Section 15 of the Lanham Act (15 U.S.C. §1065), which provides that no incontestable right shall be acquired in a mark which is the generic name for the goods or services for which it is registered.

**Response: This paragraph states legal conclusions to which no response is required. To the extent that such a response is required, denied.**

  36. A term is generic if it is a common descriptive name of a class of goods or services or if it refers to a key aspect of that class of goods or services.

**Response: This paragraph states legal conclusions to which no response is required. To the extent that such a response is required, denied.**

  37. No Labels has become generic because No Labels, the organization, has not adequately controlled the '066 Mark for "issue advocacy; public advocacy to promote awareness of public policy options and political issues."

**Response: Denied.**

  38. Many third parties have used the term No Labels without reference to the organization No Labels.

**Response: Denied.**

  39. Because the term No Labels is widely used generically or at least descriptively, the '066 Mark is subject to cancellation on the grounds of failure to function as a mark due to generic use.

**Response: Denied.**

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

  The Counterclaims and the causes of action stated therein fail to state a claim upon which relief may be granted.

9

### Second Affirmative Defense

Defendant's damages, if any, including attorneys' fees and costs, were caused, in whole or in part, by Defendant's own conduct.

### Third Affirmative Defense

Defendant has failed to mitigate its damages, if any.

### Fourth Affirmative Defense

Defendant's damages, if any, were not directly or proximately caused by any action or inaction by No Labels.

### Fifth Affirmative Defense

Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands and/or Defendant's bad faith.

### Sixth Affirmative Defense

Defendant's claims are barred because No Labels' NO LABELS mark is incontestable.

### Additional Defenses

No Labels reserves the right to amend its Answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of this action.

### NO LABELS' PRAYER FOR RELIEF
### IN RESPONSE TO DEFENDANT'S COUNTERCLAIM

WHEREFORE, No Labels respectfully requests that the Court:

(1) Dismiss the Counterclaim and the causes of action stated therein in their entirety with prejudice;

(2) Award No Labels its reasonable attorneys' fees, expenses and costs, related to the Counterclaim; and

(3) Grant such other and/or further relief as the Court deems just and equitable.

Dated: January 16, 2024

*Of Counsel:*

Mark D. Lytle (admitted *pro hac vice*)
**NIXON PEABODY LLP**
799 9th Street NW
Suite 500
Washington, DC 20001
Tel: (202) 585-8435
Fax: (907) 331-4726
Email: mlytle@nixonpeabody.com

Jason C. Kravitz (admitted *pro hac vice*)
Leslie E. Hartford (admitted *pro hac vice*)
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 345-1031
Fax: (617) 345-1300
Email: jkravitz@nixonpeabody.com
          lhartford@nixonpeabody.com

Bradley J. Schlozman (admitted *pro hac vice*)
**HINKLE LAW FIRM LLC**
1617 North Waterfront Parkway, Suite 400
Wichita, KS 67206-6639
Phone: (316) 660-6296
Fax: (316) 264-1518
Email: bschlozman@hinklaw.com

**HALLORAN FARKAS + KITTILA LLP**

*/s/ Theodore A. Kittila*
Theodore A. Kittila (Bar No. 3963)
William E. Green, Jr. (Bar No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law / wg@hfk.law

*Attorneys for Plaintiff*

11

4858-6507-5609.2