IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NO LABELS,<br><br>    *Plaintiff,*<br><br> v.<br><br>NOLABELS.COM INC.,<br><br>    *Defendant.* | Case No. 1:23-cv-01384-GBW |

## SPECIAL MASTER ORDER NUMBER #1

WHEREAS, by Order dated January 9, 2024 (D.I. 41), the Court appointed Stephen B. Brauerman as Special Master (the "Special Master") in C.A. No. 23-1384-GBW pursuant to Federal Rule of Civil Procedure 53(a)(1)(C);

WHEREAS, at the request of the Special Master, on January 16, 2024, the parties lodged a Joint Status Report[1] detailing their respective positions on the status of this action and the disputes they wish to present to the Special Master;

WHEREAS, on January 17, 2024, the Special Master held an initial telephone conference with counsel for the parties in this action.[2] During the telephone conference, counsel for the parties requested the Special Master's prompt resolution of a dispute concerning the form of protective order that would govern discovery in this action;

WHEREAS, the parties advised the Special Master that while they agreed that a protective order was justified under Federal Rule of Civil Procedure 26(c), they disagreed about whether the protective order should contain one level of confidentiality or two;

---

[1] A copy of the parties' joint status report is attached hereto as Exhibit A.

[2] By agreement of the parties, this call was not transcribed.

WHEREAS, Plaintiff No Labels ("Plaintiff") requests the entry of a two-tiered protective order that permits the parties to designate information exchanged during discovery as "Attorneys Eyes Only" or "Confidential[.]" In support of its request, Plaintiff represented to the Special Master that discoverable information produced in this action pursuant to District of Delaware Local Rule 26.2 contains confidential and highly sensitive trade secret information that, if disclosed, could cause a clearly defined and serious injury to Plaintiff and would warrant designation as "Attorneys Eyes Only" pursuant to Federal Rule of Civil Procedure 26(c). Plaintiff further noted that its form of proposed protective order would include a process for objecting to the improper designation of discoverable information as "Attorneys Eyes Only" in order to mitigate the risk that either party over designates discoverable information;

WHEREAS, Defendant NoLabels.com Inc. ("Defendant") requests the entry of a single-tiered Protective Order that does not include an "Attorneys Eyes Only" designation and permits the parties to designate discoverable information as "Confidential[.]" Defendant suggested that there is no need for an "Attorneys Eyes Only" designation in this action because at least some of the discoverable information that Plaintiff contends may require protection has been available on the internet or otherwise may implicate Defendant's First Amendment rights;

WHEREAS, the Special Master finds that (i) the parties have demonstrated good cause for the entry of a protective order in this action under Federal Rule of Civil Procedure 26(c); (ii) Plaintiff's representation that its document production contains highly confidential trade secret materials justifies the entry of a two-tiered protective order; (iii) the inclusion of a prompt process for objecting to improper confidentiality designations in the two-tiered protective order adequately protects the parties against the risk of overbroad confidentiality designations; and

(iv) Defendant did not demonstrate undue prejudice it would suffer from a two-tiered protective order.

NOW THEREFORE, after considering the parties' arguments during the January 17, 2024 telephone conference and for the reasons set forth herein,

IT IS HEREBY ORDERED THAT the parties shall meet and confer to submit a proposed form of protective order for the Special Master's consideration that includes a two-tier confidentiality designation;

IT IS FURTHER ORDERED THAT the parties may contact the Special Master by telephone to address disputes that arise during any depositions in this matter. Notwithstanding the foregoing, the parties shall not contact the Special Master without first attempting to resolve any such dispute and without counsel, including Delaware counsel for both parties, on any such telephone call.

Dated: January 19, 2024

_____
Stephen B. Brauerman (#4952)
Special Master