# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NO LABELS,<br><br>   *Plaintiff*,<br><br>v.<br><br>NOLABELS.COM INC.,<br><br>   *Defendant*. | Case No. 1:23-cv-01384-GBW |

## NOTICE OF INTENT TO SERVE SUBPOENA – BREAK SOMETHING, INC.

PLEASE TAKE NOTICE pursuant to Federal Rules of Civil Procedure Federal Rules of Civil Procedure 26, 30, 34, and 45, counsel for Plaintiff No Labels, by and through its undersigned attorneys, intends to serve the subpoena attached hereto as Exhibit 1 on Break Something, Inc.

Dated: January 22, 2024

*Of Counsel:*

Mark D. Lytle (*pro hac vice*)
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, DC 20001
Tel: (202) 585-8435
Email: mlytle@nixonpeabody.com

Jason C. Kravitz (*pro hac vice*)
Leslie E. Hartford (*pro hac vice*)
Exchange Place, 53 State Street
Boston, Massachusetts 02109
Tel: (617) 345-1318
Email: jkravitz@nixonpeabody.com
   lhartford@nixonpeabody.com

**HALLORAN FARKAS + KITTILA LLP**

*/s/ William E. Green, Jr.*
Theodore A. Kittila (Bar No. 3963)
William E. Green, Jr. (Bar No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law / wg@hfk.law

*Counsel for Plaintiff*

Bradley J. Schlozman (*pro hac vice*)
**HINKLE LAW FIRM LLC**
1617 North Waterfront Parkway, Suite 400
Wichita, KS 67206-6639
Phone:  (316) 660-6296
Fax:  (316) 264-1518
Email: bschlozman@hinklaw.com

*Counsel for Plaintiff*

# **<u>EXHIBIT 1</u>**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| NO LABELS | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:23-cv-01384-GBW |
| NOLABELS.COM, INC. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Break Something Inc., 1380 Monroe Street NW #409, Washington, DC 20010

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment A

| Place: Nixon Peabody LLP, 799 9th Street, NW, Suite 500 Washington, DC 20001 | Date and Time: 02/06/2024 10:00 am |
|---|---|

The deposition will be recorded by this method: stenographic and/or audiovisual means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/19/2024

CLERK OF COURT                                 OR    /s/ Theodore A. Kittila

_____                      _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff No Labels , who issues or requests this subpoena, are:
Theodore Kittila, Halloran, Farkas and Kittila LLP, 5801 Kennett Pike, Suite C/D, Wilmington DE 19807 tk@hfk.law (302) 257-2025

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:23-cv-01384-GBW

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## **DEFINITIONS & INSTRUCTIONS**

a. "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, e-mail, memorandum, employment records, paychecks, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including interoffice or intraoffice communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bills (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which Plaintiffs have or have had access.

b. "Communication" refers to, without limitation, writings, conversations (whether in person, by telephone, or otherwise), correspondence (whether in person, by telephone, or otherwise), e-mails, texts, instant messages, electronic "chats," memoranda, meetings, discussions, telexes, telegrams, facsimiles (faxes), speeches, presentations, press and other releases, and all other means of exchanging or imparting information.

c. "Concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

d. "You" or "Your" or "Break Something" refers to Break Something Inc., its predecessors and successors, its present and former officers, employees, directors, representatives, agents, attorneys, assigns, affiliates, subsidiaries, parent or controlling corporations and their affiliates and subsidiaries, or any entity through which it conducts business, either alone or jointly with others.

e. "No Labels" unless otherwise noted, refers to Plaintiff No Labels, a non-profit corporation organized under the laws of the District of Columbia, and its predecessors, successors, present and former officers, employees, directors, representatives, agents, attorneys, assigns, affiliates, subsidiaries, parent or controlling corporations, or any entity through which it conducts business, either alone or jointly with others.

f. "NoLabels.com Inc." refers to Defendant NoLabels.com Inc., their predecessors and successors, their present and former officers, employees, directors, representatives, agents, attorneys and assigns, their affiliates, subsidiaries, parent or controlling corporations and their affiliates and subsidiaries, or any entity through which it conducts business, either alone or jointly with others. NoLabels.com, Inc., is a corporation organized under the laws of the State of Delaware.

g. "NoLabels.com Domain" shall mean the domain located at www.nolabels.com.

h. "E-mail Accounts" refers to any and all e-mail accounts that You or Your employees use or have used, including without limitation any personal accounts (e.g., @gmail.com, @hotmail.com, @yahoo.com, etc.) and any employer-issued accounts.

i. As used herein, requests for Communications shall include e-mails from any E-mail Account.

j. As used herein, the conjunctions, "and" and "or" shall be interpreted conjunctively, and in an inclusive manner, and not disjunctively to exclude any documents or information that would otherwise be within the scope of the Request. References to the singular include the plural, and references to the plural include the singular.

k. All requested documents in Your possession, custody or control are to be produced. This includes documents in the possession, custody or control of Your attorneys, any third party or parties to whom You have surrendered possession, custody or control of documents, anyone acting on Your behalf, anyone who has otherwise obtained possession, custody or control of documents, or anyone who, upon request, would surrender possession, custody or control of documents to You. Pursuant to Fed. R. Civ. P. 45(e)(1), Plaintiffs hereby designate the production format set forth in **Exhibit A** for electronically stored information in Your possession, custody, or control.

## DOCUMENTS TO BE PRODUCED

1. Documents and communications concerning NoLabels.com Inc.

2. Documents and communications concerning the NoLabels.com Domain, including without limitation the registration of, payment for and/or transfer of that domain, who instructed you to register, pay for, and/or transfer that domain, and all individuals involved in the registration of, payment for, and/or transfer of that domain.

3. Documents and communications concerning any fees paid to you, or paid by you, concerning the NoLabels.com Domain or NoLabels.com Inc.

4. Documents and communications concerning any website to be hosted at the NoLabels.com Domain.

5. Documents and communications sufficient to show all persons at Break Something who were involved in the registration of, payment for, and/or transfer of the NoLabels.com Domain.

## DEPOSITION TOPICS

1. How Break Something came to be involved in the registration of, payment for, and/or transfer of the NoLabels.com Domain.

2. Any fees earned by, or paid by, Break Something in connection with No Labels.com Inc. and/or the NoLabels.com Domain.

3. All persons known to Break Something who were involved the registration of, payment for, and/or transfer of the NoLabels.com Domain.

4. Your knowledge of NoLabels.com Inc., including the individuals involved with that entity.

5. All persons known to Break Something who were involved the decision to register the NoLabels.com Domain.

6. All persons known to Break Something who were involved in the decision to design and build and, ultimately, launch a website at the NoLabels.com Domain, including

       without limitation the reason for designing, building, and launching that website and the purpose of the website.

7.     Your awareness of No Labels prior to the registration of, payment for, and/or transfer of the NoLabels.com Domain.

8.     Any concerns or potential concerns expressed about the registration of, payment for, and/or transfer of the NoLabels.com Domain.

## **EXHIBIT A**

Email and other electronically stored information should be produced in image format along with OCR/Extracted Text and a load file containing the metadata fields specified below. All Excel and spreadsheet files should be produced in native format instead of image format. Additional details about image format, text, natives and load files are included below:

- **Image Format**: Document level PDF files named for the bates number corresponding to the first page of the document. Image files should be in a directory named "IMAGES."

- **OCR/Extracted Text Format**: Document level txt files named for the bates number corresponding to the first page of the document. Do not include text in the load file. Text files should be in a directory named "TEXT."

- **Natives**: Documents produced in native file format shall be bates stamped, to the extent practicable, by assigning a Bates number as the filename (e.g., ABC0000001.xls). The load file should contain a field called "NATIVE" with the path to the corresponding native file. Native files should be in a directory named "NATIVES."

- **Load File Format**: Standard Concordance or CSV delimited text file containing the following fields:

| Field | Description |
|---|---|
| BegBates | Bates number corresponding to the first page of the |
| EndBates | Bates document. number corresponding to the last page of the |
| BegAttch | Bates document. number corresponding to the first page of a document |
| EndAttch | Bates family number corresponding to the last page of a document |
| PageCou | Number of pages/images for the document. |
| Custodian | Name of the person from where file is produced. |
| Author | The author of the document. |

| | |
|---|---|
| Recip | The recipient(s) of the document. |
| CC | The individuals copied on the document, if any. |
| BCC | The individuals blind copied on the document, if any. |
| DocTitle | The title of a document or the subject of an email. |
| DocType | Type of document, such as "Email" or "PDF". |
| Date Sent | The date an email was sent. |
| Time | The time an email was sent. |
| Date Received | The date an email was received. |
| Time Received | The time an email was received. |
| Date Created | The date the file was created, if available. |
| Time Created | The time the file was created, if available. |
| Date Last Modified | The date the file was last modified, if available. |
| Time Last Modified | The time the file was modified, if available. |
| Folder | The folder the document is stored in. |
| Native | The file path that the corresponding production PDF/Native file resides in. |
| Confidentiality | The confidentiality designation assigned to the document. |