IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NO LABELS,

        *Plaintiff*,

  v.

NOLABELS.COM INC.,

        *Defendant*.

Case No. 1:23-cv-01384-GBW

**SPECIAL MASTER ORDER NUMBER #2**

WHEREAS, by Order dated January 9, 2024 (D.I. 41), the Court appointed Stephen B. Brauerman as Special Master (the "Special Master") in C.A. No. 23-1384-GBW pursuant to Federal Rule of Civil Procedure 53(a)(1)(C);

WHEREAS, on January 18, 2024, the parties notified the Special Master about a dispute over Defendant NoLabels.com Inc.'s ("Defendant") proposal to include the following language in the protective order in this case: "In addition, nothing in this order shall prevent any party from providing information to law enforcement or regulatory agencies.") (the "Disputed Provision");

WHEREAS, the parties agreed to present their dispute through the simultaneous submission of two-page letter briefs, due on or before January 19, 2024 at 12:00 p.m.;[1]

WHEREAS, the Special Master held a telephone conference with counsel for the parties in this action on January 19, 2024.[2]

---

[1] The parties' letters are attached hereto this Special Master Order #2 as Exhibits A and B.
[2] By agreement of the parties, this call was not transcribed.

WHEREAS, during the January 19, 2024 telephone conference, Plaintiff No Labels ("Plaintiff") argued that the Disputed Provision would permit Defendant to disclose Plaintiff's confidential, or at a minimum private, information to third parties or use this information to further goals extraneous to the litigation.  Plaintiff emphasized that the protective order already contained an agreed upon mechanism to challenge the use restriction the Disputed Provision was attempting to modify.

WHEREAS, Defendant argued during the January 19, 2024 telephone conference that the Disputed Provision was necessary for Defendant to respond to law enforcement or regulatory investigations potentially instigated, and at a minimum encouraged by, Plaintiff and confirmed, at the Special Master's request, that Defendant was not aware of specific discovery material it wished to disclose to law enforcement or regulatory agencies, but wished to preserve the right to do so in the event it discovered relevant information;

WHEREAS, as during the January 19, 2024 telephone conference, the Special Master finds that (i) the Disputed Provision is not typically included in use restrictions set forth in protective orders entered by this Court; (ii) the Disputed Provision would permit broad dissemination of confidential or private discovery materials to unidentified third-parties without notice of or disclosure to the producing party, which would undermine the purpose of entering a protective order in the first instance; (iii) to the extent either party identifies discovery information that is reasonable or appropriate to disclose to law enforcement or regulatory authorities, such party is free to seek relief from the protective order; (iv) the Special Master and/or the Court will be better prepared to consider exceptions to the use restriction in context (i.e. with an identification of the specific documents to be disclosed and the specific reasons for

the disclosure) as other courts[3] have done; and (v) Defendant did not demonstrate undue prejudice if the Disputed Provision was excluded because Defendant retains the right to seek relief from the protective order in the future.

NOW THEREFORE, after considering the parties' arguments during the January 19, 2024 telephone conference and for the reasons set forth herein,

IT IS HEREBY ORDERED THAT the Disputed Provision shall not be included in the parties' proposed protective order.

IT IS FURTHER ORDERED THAT should either party need to seek relief to modify the protective order in the future to disseminate information obtained during discovery to a law enforcement or regulatory agency, the Special Master is available to hear such request.

Dated: January 23, 2024

_____
Stephen B. Brauerman (#4952)
Special Master

---

[3] *See, e.g.*, *General Instrument Corp. v. Nu-Tek Elecs. & Mfg.*, 3 F. Supp. 2d 602, 605-06 (E.D. Pa. 1998) (denying motion to reconsider order granting relief from protective order to provide discovery materials to law enforcement made after context specific analysis of facts and circumstances underlying the requested disclosure).