IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NO LABELS,

              *Plaintiff*,

   v.

NOLABELS.COM INC.,

              *Defendant*.

C.A. No. 23-1384-GBW

## SPECIAL MASTER ORDER NUMBER #4

WHEREAS, by Order dated January 9, 2024 (D.I. 41), the Court appointed Stephen B. Brauerman as Special Master (the "Special Master") in C.A. No. 23-1384-GBW pursuant to Federal Rule of Civil Procedure 53(a)(1)(C);

WHEREAS, on January 22, 2024, Defendant NoLabels.com Inc. ("Defendant") submitted to the Special Master an Omnibus Motion to Compel Compliance with the Defendant's Discovery Requests (the "Motion");

WHEREAS, on January 28, 2024, Plaintiff No Labels ("Plaintiff") submitted to the Special Master a letter brief in opposition to Defendant's Motion;[1]

WHEREAS, the Special Master held a telephone conference on January 31, 2024, during which the parties set forth their respective arguments and responded to questions from the Special Master (the "Discovery Conference");[2]

WHEREAS, Defendant's Motion to Compel seeks Plaintiff's production of documents in response to seven categories of information sought in Defendant's Requests for Production of

---

[1] The parties' letter briefs are attached hereto as Exhibits A and B.

[2] A transcript of this Discovery Conference is maintained in the files of the Special Master.

Documents propounded on Plaintiff pursuant to Federal Rule of Civil Procedure 34.[3] (*See* Ex. A, Ex. F.)  Specifically, Defendant asks the Special Master to compel Plaintiff to produce documents concerning:

      (1) the relationship between the Plaintiff and other users of the mark;
      (2) potential No Labels candidates;
      (3) the Problem Solver's Convention;
      (4) the Plaintiff's affiliation with Donald J. Trump;
      (5) the signature efforts of the Plaintiff and State Parties;
      (6) harm associated with NoLabels.com's existence; and
      (7) the Plaintiff's 501(c)(4) status;

(*id.*; *see also* Ex. B. at 1.); and

WHEREAS, after considering the parties' letter briefs and the arguments during the Discovery Conference, the Special Master finds[4] as follows:

### A.  The Relationship Between Plaintiff and Other Users of The Mark

Defendant moves to compel production of documents in response to its Requests for Production of Documents Nos. 1-4, 7, 24-25, and 27-29.  By its requests, Defendant seeks documents regarding Plaintiff's (i) licensing of the mark (RFP 1); (ii) efforts to prevent others from using the mark (RFP 2); (iii) relationship with "State-Affiliated Entities" (RFP 3); (iv) connection to a "Facebook Group 'No Labels Party 2024" (RFP 4); (v) control over "No Labels State-Affiliated Entities" (RFP 7); (vi) "inadvertent[] Website registration lapse" and efforts to reclaim said website (RFP 24); (vii) transmission of "all cease and desist letters and responses to cease and desist letters" (RFP 25), (viii) proceedings before the United States Patent and Trademark Office or other litigation related to the mark (RFP 27-28); and (ix) application,

---

[3] The Motion also implicated corresponding deposition topics, but the parties agreed that the Special Master's resolution of the parties' dispute concerning documents would resolve their dispute over the corresponding deposition topics.

[4] The Special Master has not made and was not asked to make any determination concerning privilege objections.

registration, and maintenance of the mark (RFP 29). Even though Plaintiff responded to each of Defendant's Requests for Production Nos. 1-4, 7, 24-25, and 27-29 by stating it would produce responsive non-privilege documents (*see, e.g.*, Ex. B. at 2), Defendant moved to compel on the basis that Defendant believed Plaintiff purportedly is withholding documents. (*See* Ex. A; *see also* Jan. 31, 2024 Hr. Tr. 89:5-12.)

Consistent with the preliminary ruling issued during the Discovery Conference, I find that the above noted categories of documents that Defendant asks me to compel Plaintiff to produce are relevant and should be produced. This conclusion is consistent with Plaintiff's position, as counsel represented that all relevant, responsive, non-privileged documents in Plaintiff's possession, custody, or control that may be responsive to these requests, which may be located after a diligent search already have been or will promptly be produced by Plaintiff. (*See, e.g.*, Ex. B at 2.) Defendant did not challenge Plaintiff's privilege-based objections, and I will not prejudge the propriety of Plaintiff's assertions of privilege in response to Defendant's Requests for Production of Documents Nos. 1-4, 7, 24-25, and 27-29. To the extent Defendant has concerns about Plaintiff's privilege assertions, Defendant may seek relief from the Special Master.

### B. Information Regarding Potential No Labels Government Candidates

Defendant moves to compel production of documents in response to its Requests for Production of Documents Nos. 13, 14, and 31 regarding the manner in which No Labels has used the mark in connection with potential candidates that have in the past, are in the present, or may in the future run for political office under the No Labels banner. (Ex. A, Ex. F; *see also* Jan. 31, 2024 Hr. Tr. at 90:9-92:10.) Defendant maintains that discoverable information will "test the Plaintiff's control of the mark, a requirement for all of their claims, and a basis for Defendant's

3

counterclaims." (Ex. A at 2.) More specifically, Defendant argues that "potential candidates present a problem for the Plaintiff's narrative because they will speak under the mark yet are not (presumably) controlled by the Plaintiff." (*Id.* at 3.) Plaintiff objects to each of Request Nos. 13, 14, and 31 on the basis that these requests are "not relevant to the case and certainly not relevant to the preliminary injunction hearing, overly broad and unduly burdensome in that [they] seek[] information and documents which are not material to the prosecution of defense of this action." (*See, e.g.*, Ex. A, Ex. A at 8, 15 (Objections to RFP Nos. 13, 14 and 31).) Plaintiff further maintains that "No Labels explicitly has not thrown its support behind a candidate to 'speak under the mark' and does not intend to fund or run a campaign for any candidate." (Ex. B at 2.)

Having considered the parties' letter briefs and argument during the January 31, 2024 discovery conference, I find that documents in Plaintiff's possession, custody, and in control that reflect correspondence with or reveal the *identities* of potential No Labels candidates are not relevant to the issues that will be presented to Judge Williams at the preliminary injunction hearing. (*See, e.g.*, Jan. 31, 2024 Tr. at 90:9-14.) To the extent Plaintiff possesses documents that relate to the use or control of the mark with respect to potential No Labels candidates and these documents demonstrate a direct connection to the trademark claims at issue in this matter, I find that documents relevant to the issues in dispute in this trademark action should be produced.[5]

In addition to its document requests propounded on Plaintiff, Defendant also served document requests to Non-Party No Labels Party of Arizona and Non-Party No Labels Party of Florida (collectively "Non-Parties") to which the Non-Parties lodged similar objections as

---

[5] To the extent any responsive documents exist, Plaintiff may redact the identity of any potential candidate as discussed during the January 31, 2024 Discovery Conference. (*See, e.g.*, Jan. 31. Tr. 90:20-91:8.)

4

Plaintiff. (*See* Ex. A, Ex. C-D; *see also* Ex. B. at 2.) The Special Master's findings regarding production of documents that have a direct connection to the trademark claims at issue in this matter and the manner in which No Labels has used the mark in connection with potential candidates that have in the past, in the present, or in the future run for political office applies to the Non-Parties as well. To the extent there are documents in Plaintiff's possession that overlap with documents in the Non-Parties' possession, the Non-Parties need not produce documents. The Special Master's ruling only requires the Non-Parties produce responsive documents that are solely in the Non-Parties' possession, custody, or control.

### C. The Problem Solvers Convention and President Trump

Defendant moves to compel production of documents regarding a 2015 "Problem Solvers Convention" hosted by No Labels and, at least in part based on President Trump's attendance at The Problem Solvers Convention, No Labels' relationship, if any, with President Trump. By its requests, Defendant seeks "all documents regarding the 2015 Problem Solvers' convention" and "all documents pertaining to" President Trump's "campaign staff, campaign donors, or any other agents." (*See, e.g.*, Ex. A, Ex. A (RFP 11, 12).) Defendant contends that these documents are relevant "to represent discrete instances designed to further test the Plaintiff's purported control over the mark." Plaintiff objected to RFP Nos. 11 and 12 on the basis that they are "not relevant to the case and certainly not relevant to the preliminary injunction hearing, overly broad and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action." (Ex. A, Ex. A at 7-8 (Objections to RFP 11, 12).)

Having considered the parties' submissions and argument during the January 31, 2024 Discovery Conference, I find that Defendant's request for discovery into the 2015 Problem Solvers' Convention and Plaintiff's relationship, if any, with President Trump should be denied. Defendant has not shown that these requests seek discovery that is relevant to the issues that will

5

be presented at the preliminary injunction hearing or will otherwise lead to the discovery of admissible evidence. Defendant's requests are overbroad and seek outdated information from nearly nine years ago that has little, if any, bearing on the trademark issues that the parties will present at the preliminary injunction hearing. Notably, Defendant does not seek similar documents from the 2019 Problem Solvers Convention and did not explain why it sought documents from 2015, but not 2019. (*See, e.g.*, Jan. 31, 2024 Hr. Tr. at 46:24-47:17.)

Nor do I find that Plaintiff's contention that Defendant's allegedly infringing website is misleading because it prominently features President Trump opens the door to all discovery about the relationship between Plaintiff and the former President. (Jan. 31, 2024 Hr. Tr. at 45:7-20.).) Plaintiff confirmed, and there appears to be no dispute that, President Trump spoke at the 2015 Problem Solvers Convention and the photograph used on Defendant's allegedly infringing website is genuine. (*Id.* at 45:21-46:7.) Rather, Plaintiff contends that highlighting a photograph of President Trump, while ignoring the seven other bipartisan speakers at the 2015 Problem Solvers Convention is misleading. (*Id.*) Plaintiff's relationship with President Trump, if any, would not bear on whether the presentation of the image on Defendant's allegedly infringing website is misleading as that question would turn on Defendant's website itself and the documents reflecting Defendant's design of the website. Finally, Plaintiff confirmed that it has not endorsed any candidate for President and is considering supporting a "unity" ticket, in part, because of dissatisfaction with the likely presidential candidates nominated by the Democratic and Republican parties. (*See, e.g.*, *id.* at 46:8-13.) Defendant has not identified any evidence that Plaintiff has allowed President Trump to speak under its mark or that any alleged relationship with President Trump would bear on the trademark issues pending before the Court.

For these reasons, and those stated on the record, Defendant's Motion as to these documents is denied.

### D. The Signature Efforts of Plaintiff and The State Parties

The next category of documents that Defendant moves to compel relates to No Labels "signature collection efforts" and its "targeting of potential voters." (Ex. A, Ex. A (RFP 5, 8).) Defendant argues that these requests are relevant to Plaintiff's control of the mark. (*See, e.g.*, Ex. A at 4.) Plaintiff objects to these requests on the basis that the Requests are "not relevant to the case and certainly not relevant to the preliminary injunction hearing, overly broad, and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action." (Ex. A., Ex. A (RFP 5, 8).) By its opposing letter and argument during the January 31, 2024 Discovery Conference, Plaintiff explained that statements by individual voters or individual signatories are not relevant to the issues of Plaintiff's control of the mark, and are far beyond the scope of discovery because "[v]oters are not engaging in commercial use by providing their signature and thus do not need to be told anything about the No Labels entity's legal status or its Mark." (Ex. B. at 3; *see also* Jan. 31, 2024 Hr. Tr. at 59:3-61:11.) I agree with Plaintiff, but nevertheless believe the requests, as narrowed by this decision, have relevance to the preliminary injunction proceedings.

Accordingly, after considering the parties' submissions and argument during the January 31, 2024 Discovery Conference, I find that Defendant's motion to compel should be granted in part and denied in part.[6] To the extent Plaintiff, directly or through individuals or entities acting

---

[6] In addition to its document requests propounded on Plaintiff, Defendant also served document requests to the Non-Parties) to which the Non-Parties lodged similar objections. To the extent Defendant seeks to compel production from the Non-Parties, I deny that request because the Non-Parties' statements concerning the mark, as opposed to Plaintiff's statements concerning the mark, are not relevant.

at its direction, made statements (*e.g.* in talking points, scripts, memoranda, advertising, or marketing) that relate to or bear on the mark, Plaintiff should produce responsive documents in its possession, custody, and control.  To the extent Request Nos. 5 and 8 bear on any other topics or seek the views of individual voters or Plaintiff's members, the Motion is denied and Plaintiff need not produce any such documents.

### E. Harm Associated With Nolabels.com's Existence

Defendant next moves to compel documents regarding the harm that Plaintiff alleges to have suffered from Defendant's alleged conduct.  (Ex. A at 4.)  By its requests, Defendant seeks documents regarding  (i) Plaintiff's "contention that the mark has a high degree of commercial strength . . ." (RFP 9); (ii) "[a]ll polls, surveys, market research, focus groups, consumer research, or other research . . . concerning Plaintiff or the Mark" (RFP 10); (iii) "instances where Defendant's website asserted any fact that [Plaintiff] contend[s] is untrue" (RFP 15); (iv) "instances where Defendant disparaged [Plaintiff]" (RFP 23); (v) the Mark and "issue advocacy[,]" "public advocacy[,]" with respect to "gain ballot access" (RFP 26); and (vi)  Plaintiff's "use of the Mark, including . . . (a) 'issue advocacy' . . ., (b) 'public advocacy' . . . and (c) efforts to 'gain ballot access'" as these phrases are utilized in Plaintiff's Complaint (RFP 30).  Plaintiff agreed to produce documents in response to RFP Nos. 9, 10, 15, and 23.  As to RFP Nos. 26 and 30, Plaintiff referred Defendant to the United States Patent and Trademark Office's database "which contains public records concerning No Labels' trademark registration . . . ."  (Ex. A, Ex. A.)  Plaintiff further conceded in its Letter Brief (Ex. B. at 3), and at the January 31, 2024 Discovery Conference (Jan. 31, 2024 Tr. at 94:11-17), that such documents are relevant and should be produced, and that Plaintiff has already produced to Defendant responsive documents in its possession, custody, and control.

8

Consistent with the preliminary ruling issued during the January 31, 2024 Discovery Conference, I agree with the parties that the above noted categories of documents are relevant and should be produced. I accept Plaintiff's representations that all relevant, responsive, non-privileged documents in Plaintiff's custody and control already have been or will shortly be produced by Plaintiff. To the extent there are other responsive documents in Plaintiff's possession, custody, or control, Plaintiff should produce them.[7]

### F. Plaintiff's Corporate Status Pursuant to 501(c)(4)

Finally, Defendant moves to compel production of documents regarding Plaintiff's status as a 501(c)(4) non-profit organization under the Internal Revenue Service Code. (Ex. A at 4.) By its request, Defendant seeks "[a]ll documents regarding [Plaintiff's] allegations that [it is] a 501(c)(4) nonprofit corporation and not a nationally organized political party . . . ." (*Id.*, Ex. A (RFP 6).) Defendant propounded similar document requests to the Non-Parties. (*See id.*, Ex. B, C.) Plaintiff and the Non-Parties object to this request on relevance grounds. (*Id.*) Defendant counters by arguing that discovery regarding Plaintiff's corporate status is relevant to contestability of the mark and the scope of Plaintiff's use of the mark in that evidence that Plaintiff acted contrary to its 501(c)(4) status would tend to show that Plaintiff is not using the mark within the scope of its registered use. (Ex. A at 4-5.) Plaintiff counters that this information is irrelevant because Defendant's alleged infringement of the mark is limited to Defendant's use of the mark within the scope of Plaintiff's registered use. (Ex. B at 4.)

---

[7] Defendant propounded similar requests to the Non-Parties. (*See* Ex. A, Ex. B, C.) I find that harm to the state parties is not relevant to a claim or defense in this action because the Non-Parties are not parties to the instant action, do not seek preliminary injunctive relief, and consequently any harm they may have suffered would not establish Plaintiff's entitlement to a preliminary injunction. (*E.g.*, Jan. 31, 2024 Hr. Tr. at 95:7-17.)

Consistent with the preliminary ruling issued during the January 31, 2024 Discovery Conference, I find that the above noted categories of documents that Defendant asks me to compel Plaintiff to produce are not relevant and need not be produced. Defendant's attempt to connect Plaintiff's 501(c)(4) status to its use of the mark falls short. Even if I accept that Plaintiff's conduct is contrary to the requirements of its 501(c)(4) status (and to be clear I have no reason to do so), it would not logically follow that Plaintiff abused its mark or sought to use its mark beyond its registered use, impacting the incontestability analysis. Any abuse or misuse of Plaintiff's mark would fall on discovery concerning Plaintiff's conduct, which Plaintiff agreed to produce. Discovery into Plaintiff's tax compliance is not relevant and I must deny the Motion with respect to this topic.

NOW THEREFORE, IT IS HEREBY ORDERED THAT

1) Plaintiff's Motion to compel is GRANTED in part and DENIED in part as follows:

    a) The Motion is GRANTED regarding The Relationship Between Plaintiff and Other Users of The Mark and Plaintiff is hereby ORDERED to produce documents responsive to Request Nos. 1-4, 7, 24-25, and 27-29.

    b) The Motion is GRANTED IN PART AND DENIED IN PART regarding Defendant's Request for Information Regarding Potential No Labels Government Candidates and Plaintiff is hereby ORDERED to produce documents responsive to Request Nos. 13-14 and 31 as directed in this Order. To the extent any responsive documents exist, Plaintiff may redact the identities of any potential candidate as discussed during the January 31, 2024 Discovery Conference. The Special Master's findings regarding production of documents that have a direct connection to the trademark claims at issue in

   this matter and the manner in which No Labels has used the mark in connection with potential candidates that have in the past, in the present, or in the future run for political office applies to the Non-Parties as well.

c) The Motion is DENIED regarding documents concerning The Problem Solvers Convention and President Trump and Plaintiff need not produce documents in response to Request Nos. 6, 11, and 12.

d) The Motion is GRANTED IN PART AND DENIED IN PART regarding Defendant's Request for Information Regarding The Signature Efforts of Plaintiff and The State Parties and Plaintiff is hereby ORDERED to produce documents responsive to Request Nos. 5 and 8 as directed in this Order. To the extent Request Nos. 5 and 8 bear on any other topics or seek the views of individual voters or Plaintiff's members, the Motion is DENIED and Plaintiff need not produce any such documents.

e) The Motion is GRANTED regarding Harm Associated With Nolabels.com's Existence and Plaintiff is hereby ORDERED to produce documents responsive to Request Nos. 9, 10 15, 23, 26, 30.

f) The Motion is DENIED regarding Plaintiff's Corporate Status Pursuant to 501(c)(4) and Plaintiff need not produce documents responsive to Request No. 6.

***

Dated: February 7, 2024

                                               _____
                                               Stephen B. Brauerman (#4952)
                                               Special Master

12