# EXHIBIT A



January 22, 2024

<u>**VIA EMAIL (SBrauerman@bayardlaw.com)**</u>
Stephen B. Brauerman, Esq.
600 N. King Street, Suite 400
Wilmington, DE 19899

      **RE:**     **Omnibus Motion to Compel Compliance with the Defendant's
               Discovery Requests, No Labels v. NoLabels.com Inc., C.A. No.
               1:23-cv-01384-GBW**

Dear Mr. Brauerman,

      The Defendant seeks entry of an order compelling the Plaintiff and the No Labels Parties
of Arizona, Florida and North Carolina  (the "State Parties") to respond to the Disputed
Discovery Requests (defined below) and to sit for corresponding depositions.

      **1.**      **Background.**

      No Labels is a grassroots movement of everyday Americans frustrated with the
increasingly partisan nature of politics. Thousands of voters now identify as "No Labels" party
members; some are even running as "No Labels" candidates.[1]  The Defendant believes that all of
them have a stake in No Labels and a right to speak on behalf of the movement that they helped
to create, fund and fuel.

      The Plaintiff disagrees.  Once the movement gained traction, the Plaintiff deployed every
available method — including lawsuits, leaked conversations and threats of federal criminal

---

[1]    *E.g.*,  ARIZONA  SECRETARY  OF  STATE,  *Voter  Registration  Statistics*,
https://azsos.gov/elections/results-data/voter-registration-statistics <u>(last accessed Jan. 19, 2024)</u>
(noting over 18,000 citizens identify as "No Labels" voters in Arizona alone).

prosecution — to try and wrest it away from the everyday Americans that made it relevant in the first place.[2]  This lawsuit constitutes one attack in this larger campaign.

Specifically, this lawsuit deploys the Plaintiff's trademark in an attempt to silence the Defendant's political speech.  The Defendant believes that Plaintiff cannot prevail because it cannot enforce a now-unprotectable mark[3] well outside its registered scope and because the Plaintiff cannot prove commercial use, distinctiveness, bad faith, confusion or damages.

In short, when the Plaintiff consciously released its phrase to a movement that is advocating for the election of specific candidates (and when it released its website to the Defendant) as well as when it permitted third parties to use "No Labels" without any control, it lost its rights in the phrase.[4]   It cannot now enforce its mark to silence members of the "No Labels" movement when they say something it disagrees with.

**2.      Discovery at Issue.**

The parties are currently preparing to litigate the plaintiff's request for a preliminary injunction in this matter.  The parties previously agreed to expedited discovery, and the Defendant propounded their document requests as well as four 30(b)(6) deposition notices directed to the Plaintiff and the State Parties.[5]

In response, the Plaintiff and the State Parties, which are represented by the Plaintiff's counsel, refused to respond to many of the requests (the "Disputed Discovery Requests"), which can be broadly categorized as follows:[6]

- **The relationship between the Plaintiff and other users of the mark.**
- **Potential No Labels candidates.**
- **The Problem Solver's Convention.**
- **The Plaintiff's affiliation with Donald J. Trump.**
- **The signature efforts of the Plaintiff and State Parties.**
- **Harm associated with NoLabels.com's existence.**

---

[2] *E.g.*, 1/11/24 Letter from Lieberman, *et al*, *Unlawful Harassment and Extortion of No Labels and its Supporters, Staff, Vendors, and Potential Candidates*, available at https://www.nolabels.org/documents/59546/DOJ%20letter%201.11.24.pdf.

[3] Defendant has correspondingly counterclaimed for cancellation of Plaintiff's registered trademark.

[4] Contrary to No Labels' claims, it does not enjoy plenary authority to revoke its state party affiliates' right to use the No Labels trademark. For example, in North Carolina and Arizona, once a political party has qualified for the ballot, the only statutory basis for terminating or canceling that status is failure to satisfy a certain voting threshold in a statewide election. See N.C. Gen. Stat. Ann. §§ 163-97, 163-96(a)(1) 1.0107(b); Ariz. Rev. Stat. § 16-801(A). Assuming those thresholds are met, there is nothing in either state's laws that allows for a national organization or national party committee to unilaterally terminate a state party's status.

[5] Their responses are attached as **Exhibits A-E**.

[6] A table correlating the specific Disputed Discovery Requests to these categories is attached as **Exhibit F.**

NoLabels (Trademark)                                                          2
23-cv-01384
1-22-24

- **The Plaintiff's 501(c)(4) status.**

In addition, and without appropriate objection, the State Parties have refused to produce
<u>any</u> documents at all, even for topics that they will testify to.

### 3.    The Relevance of the Information Sought.

As mentioned above, the disputes between the parties turn on whether the phrase "No
Labels" "identif[ies] the origin or ownership of the article to which it is affixed" – as well as
whether the Plaintiff can demonstrate the requisite commercial use, distinctiveness, bad faith,
confusion and damages necessary to sustain its claims.[7]  Moreover, Plaintiff's alleged control
over its mark and the terms under which third parties use that mark are directly relevant to
Defendant's counterclaims.  If the discovery propounded by the Defendant bears on any of these
inquiries, it is relevant.[8]

### A.    The Plaintiff's Control Over the phrase and the Corresponding Message Is Relevant.

Much of the discovery at issue is designed to test the Plaintiff's control of the mark, a
requirement for all of their claims, and a basis for Defendant's counterclaims.[9]  For that reason,
the relationship between the Plaintiff and others using the phrase is relevant because it goes to
that control.  The Plaintiff should be compelled to turn over the documents that demonstrate its
control over "No Labels" messaging or affirm that it does not have any other than what it
produced.[10]  The State Parties should turn over corresponding discovery material for the same
reasons.  Both should be forced to testify on this topic.

The control question also justifies the majority of the remaining Discovery Requests.  For
example, potential candidates present a problem for the Plaintiff's narrative because they will
speak under the mark yet are not (presumably) controlled by the Plaintiff.  How the Plaintiff
maintains control of the mark and message under those circumstances goes to whether it has any
control over the mark, services offered under that mark, or the message tied to that mark at all.

The information sought pertaining to the Problem Solvers Convention and former
president Trump represent discrete instances designed to further test the Plaintiff's purported
control over the mark.  The former president spoke at that convention along with other political
leaders, all of whom seemed to have the opportunity to speak on behalf of the movement.  What
control the Plaintiff had over those messages is germane to its ability to control services provided
under the mark.  Beyond that, the circumstances surrounding the convention and Mr. Trump's

---

[7] *Jack Daniel's Props. v. VIP Prods. LLC*, 143 S. Ct. 1578, 1583 (2023).

[8] Fed. R. Evid. 401.

[9] E.g., *AmCan Enters. v. Renzi*, 32 F.3d 233, 235 (7th Cir. 1994) ("If the licensor does not maintain adequate . . . control, the phrase may be deemed abandoned, or, equivalently, the licensor may be estopped to complain about infringements of it.").

[10] As an example, the Plaintiff has not even produced the bylaws for approximately half of the state parties it claims to control.

affiliation, including what the speakers were told, goes to what "No Labels" actually signifies – is it a source designation of Plaintiff's services, or an unprotected term "commonly used by third parties to raise awareness of civil rights, protest violence, and convey the message of support for the same?"[11]

The inquiries to the responding parties' signature collection efforts are animated by similar concerns. It seems hard to believe that voters were told that they were supporting a corporation that had total control over the use of "No Labels" and that by registering, they were agreeing to only engage in certain messaging, brand identity, or services, and only with the Plaintiff's permission. What the signature gatherers were told, and what they then told voters, concerns whether "No Labels" is a source designation for the Plaintiff's particular corporate entity or a term that describes a political movement that extends beyond any given entity.

    B.    *Harm is an Element of Any Preliminary Injunction Analysis and is Therefore Relevant.*

With respect to the remaining issues in discovery, the Plaintiff has produced no evidence of harm to date. Moreover, the state parties have affirmatively refused to even consider the request. Yet harm is obviously relevant. In fact, the "likelihood of suffering irreparable harm" is a prong in the preliminary injunction inquiry.[12] Accordingly, the responding parties should be compelled to produce relevant documents and testify on this issue.

    C.    *The Plaintiff's Status as a Social Welfare Organization Under Section 501(c)(4) of the Internal Revenue Code Goes to the Scope of the Mark.*

The Plaintiff makes much of the incontestability of its mark.[13] By the Plaintiff's own admission, though, the incontestability of the mark only extends to its use in "Issue advocacy; Public advocacy to promote awareness of public policy options and political issues."[14] By the same token, 501(c)(4) non-profit organizations are precluded from making "political campaigns on behalf of or in opposition to candidates . . . the organization's primary activity."[15]

That the Plaintiff's phrase is now the identifier for a score of political parties that do not seem to be paying to use it is in tension with the Plaintiff's 501(c)(4) election and the scope of the mark. Put otherwise, if the Plaintiff is operating outside the scope of section 501(c)(4) of the Internal Revenue Code, there is a high probability that the phrase is being used outside its

---

[11] Office Action Letter, U.S. Patent & Trademark Office, In re Application No. 87659312, Docket No. 990999.09952 (Feb. 2, 2018) (declining to trademark "Black Lives Matter").

[12] *Takeda Pharms. U.S.A., Inc. v. Mylan Pharms., Inc.*, No. 19-2216-RGA, 2020 U.S. Dist. LEXIS 12753, *4 (Jan. 27, 2020) (cleaned up).

[13] *E.g.*, *Memorandum of Law In Support of Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction* at *4, ECF No. 4.

[14] *Id*. at 1.

[15] Reilly et al., *Political Campaign and Lobbying Activities of IRC 501(c)(4), (c)(5), and (c)(6) Organizations* (2003), U.S. INTERNAL REVENUE SERVICE available at https://www.irs.gov/pub/irs-tege/eotopicl03.pdf.

registered scope.  And, as it pertains to the distinctiveness of Plaintiff's alleged trademark, no presumptions of incontestability extend to goods or services outside of that registration.[16] Beyond that, it also suggests inequity – unclean hands and bad faith – that further undermines Plaintiff's claims and entitlement to relief.

### 4.      The Information Sought Is Relevant, and Relevant Information Is Presumed Discoverable.

Because the Defendant has demonstrated relevance, it has met its *prima facie* burden under the rules.  Disputes over discovery are governed by Rule 37, permitting the propounding party to move for an order compelling discovery.[17]  The propounding party bears the initial burden of establishing that the information sought is relevant.[18]

On a showing of relevance, the burden shifts to the producing party to demonstrate that "the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[19]

### 5.      The Plaintiff Has Not Overcome the Presumption In Favor of the Production of Relevant Information.

The interests impacted by this litigation are significant because the case centers on the restriction of core political speech.[20]  Removing the Defendant's website during an election year — and especially during the primary season — deprives the Defendant of its right to meaningfully participate in the political process and deprives voters of any opportunity to hear from unique voices and to hear about many of the candidates associated with the No Labels movement.  In short, the stakes are high.

On the other hand, the producing parties have identified no particular burden beyond the fact that some state parties are staffed by volunteers.  Such a contention overlooks the nature of the requests, which are focused.  The relationships between users of the mark should be documented, or it should be readily apparent that they were not.  What was told to signature gatherers (and what they were instructed to convey) must have been somewhat standardized. Finding this data should not prove a hardship, especially when compared to the efforts expended to secure thousands of signatures.  By the same token, information on the candidates potentially running should be readily available – in some cases, it is already the subject of litigation and

---

[16] *See, e.g., Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 55 U.S.P.Q.2d 1225 (5th Cir. 2000); *accord Paco Sport, Ltd. v. Paco Rabanne Parfums*, 86 F. Supp. 2d 305, 54 U.S.P.Q.2d 1205 (S.D. N.Y. 2000).

[17] Fed. R. Civ. P. 37(a)(1), (4).

[18] *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E. D. Pa. 2001).

[19] *Thompson-El v. Greater Dover Boys & Girls Club*, No. 18-1426-RGA, 2022 U.S. Dist. LEXIS 15855, *5-6 (D. Del. Jan 28, 2022).

[20] *Citizens United v. FEC*, 558 U.S. 310, 310 (2009) ("The First Amendment has its fullest and most urgent application to speech uttered during a campaign for political office.").

likely therefore already collected.  Finally, documents associated with any harms (web analytics, fundraising numbers, etc.) should again be readily accessible.

**6.   Conclusion.**

For the reasons set forth herein, the Defendant seeks entry of an order compelling the Plaintiff and the State Parties to fully produce in response to the all the discovery requests propounded to date and to tender witnesses to testify on the corresponding topics, as well as any other relief merited under the circumstances.

Respectfully submitted,

*/s/ Mark M. Billion*
Mark M. Billion (DE #5263)

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| NO LABELS,<br><br>       *Plaintiff*,<br><br>    v.<br><br>NOLABELS.COM INC.,<br><br>       *Defendant*. | Case No. 1:23-cv-01384-GBW |

**PLAINTIFF NO LABELS' RESPONSES AND OBJECTIONS TO DEFENDANT'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff No Labels ("No Labels" or "Plaintiff"), by and through its undersigned counsel, hereby responds to the First Request for Production of Documents from NoLabels.com Inc. ("Defendant") to Plaintiff (collectively, "Requests" and individually, a "Request") as follows.

No Labels' responses are based on information acquired to date.  No Labels' investigation and search for information is ongoing, and No Labels explicitly reserves the right to supplement its responses in accordance with the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

No Labels objects to each Request on the following grounds, each of which is hereby incorporated by reference into No Labels' individual responses as if fully stated therein.

1.       No Labels objects to each Request to the extent that it seeks discovery that is not directly related to the preliminary injunction hearing (scheduled for February 22, 2024), consistent with the Court's order permitting the parties to conduct expedited discovery.

2.      No Labels objects to each Request to the extent that it seeks to impose obligations or requires information beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules of the District of Delaware.

3.      No Labels objects to each Request to the extent that it requests information or documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. No Labels' inadvertent production, if any, of any such information or documents protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity from disclosure shall not constitute a waiver of any sort, and No Labels requests that Defendant immediately return any such document without reviewing it or making a copy.

4.      No Labels objects to each Request to the extent that it is undefined, vague, ambiguous, overly broad, and/or unduly burdensome.

5.      No Labels objects to each Request to the extent that it requests the disclosure of information not relevant to the claims or defenses of any party and/or is not proportional to the needs of the case.

6.      No Labels objects to each Request to the extent that it seeks documents not in No Labels' possession, custody, or control and/or equally available to Defendant.

7.      No Labels objects to each Request to the extent that it is not limited in time and/or scope.

8.      No Labels objects to each Request to the extent that it seeks information obtainable from some other source that is more convenient, less burdensome, or less expensive.

9.      No Labels objects to each Request to the extent that it seeks information beyond the scope necessary to prepare for the Preliminary Injunction Hearing.

10.    These General Objections, and the objections to the specific requests set forth below, are made as to the matters which are objectionable from the face of Defendant's First Requests for Production of Documents to Plaintiff. These objections are made without prejudice or waiver of No Labels' right to object on all appropriate grounds to the production of specific documents or things hereafter, either prior to, at the time of, or after the date set for the production of documents or things.

11.    No Labels reserves all objections to the relevancy, materiality, or admissibility of any information provided as evidence for any purpose in any further proceedings in this action, including the Preliminary Injunction Hearing, motions for summary judgment, motions for summary adjudication of issues, and the trial of this action, or in any other action.

## <u>RESPONSES TO REQUESTS</u>

**<u>Request No. 1</u>:**

All Documents pertaining to each Licensee of the Mark, including any Documents pertaining to any agreement with each Licensee pertaining to the Mark.

**<u>Response to Request No. 1</u>:**

No Labels objects to this Request as not relevant, overly broad and unduly burdensome to the extent that it seeks "all documents pertaining to each Licensee" rather than only those documents concerning the Mark and/or the license itself.  Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents concerning the Mark and any licensing thereof, if any, located after a reasonable search.

**<u>Request No. 2</u>:**

All Documents concerning all instances where You have attempted to prevent any Person from using the Mark.

**Response to Request No. 2:**

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 3:**

All Agreements and Communications with or regarding the No Labels State-Affiliated Entities, including but not limited to Agreements and Communications in which No Labels authorizes or does not authorize such entities to use the purported "No Labels Registered Trademark" as part of their operation.

**Response to Request No. 3:**

No Labels objects to this Request as not relevant, overly broad and unduly burdensome to the extent that it seeks "all Agreements and Communications" rather than only those concerning the Mark, its usage and/or the license itself. Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents with or regarding the No Labels State-Affiliated Entities concerning the Mark and any usage thereof, if any, located after a reasonable search.

**Request No. 4:**

All Documents regarding the Facebook Group "No Labels Party 2024."

**Response to Request No. 4:**

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or

any other privilege or immunity.  Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 5**:

All Documents regarding Your signature collection efforts related to ballot access, including but not limited to scripts or talking points for signature gathers, Documents supporting Your assertion that such efforts were undertaken "largely through the work of young volunteers," all Agreements with individuals and firms undertaking such efforts.

**Response to Request No. 5**:

No Labels objects to this Request as not relevant to the case and certainly not relevant to the preliminary injunction hearing, overly broad and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action.

**Request No. 6**:

All Documents regarding Your allegations that You are a 501(c)(4) nonprofit corporation and not a nationally organized a political party, including but not limited to all of Your Form 990 filings, financial records supporting such filings, Documents regarding Your classification of spending as social welfare or political intervention, and charitable solicitation registration filings and attachments thereto.

**Response to Request No. 6**:

No Labels objects to this Request as not relevant to the case and certainly not relevant to the preliminary injunction hearing, overly broad and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action.

**Request No. 7**:

All Documents concerning Agreements or other bases that You contend give you control or oversight over any of the No Labels State-Affiliated Entities.

**Response to Request No. 7:**

No Labels objects to this Request as not relevant, overly broad and unduly burdensome to the extent that it seeks all Documents concerning control or oversight over any of the No Labels State-Affiliated Entities rather than only those documents concerning the Mark and its usage. Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents regarding the No Labels State-Affiliated Entities' use of the Mark, if any, located after a reasonable search.

**Request No. 8:**

No Labels objects to this Request as not relevant to the case and certainly not relevant to the preliminary injunction hearing, overly broad and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action.

All Documents regarding No Labels' targeting of potential voters, including targeting memoranda, polling data, related records, and paid advertising and mass communications.

**Response to Request No. 8:**

No Labels objects to this Request as not relevant to the case and certainly not relevant to the preliminary injunction hearing, overly broad and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action.

**Request No. 9:**

All Documents supporting Your contention that the Mark has a high degree of commercial strength, including survey data, viewership data, and website traffic data.

**Response to Request No. 9:**

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity. Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 10:**

All polls, surveys, market research, focus groups, consumer research, or other research, whether formal or informal, concerning Plaintiff or the Mark.

**Response to Request No. 10:**

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.  No Labels further objects to this Request as not relevant to the extent that it seeks information concerning Plaintiff separate and apart from that concerning the Mark.  Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 11:**

All Documents regarding the 2015 Problem Solvers' convention.

**Response to Request No. 11:**

No Labels objects to this Request as not relevant to the case and certainly not relevant to the preliminary injunction hearing, overly broad and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action.

**Request No. 12:**

All Documents pertaining to Donald Trump, his campaign staff, his campaign donors, or any other agents.

**Response to Request No. 12:**

No Labels objects to this Request as not relevant to the case and certainly not relevant to the preliminary injunction hearing, overly broad and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action.

**Request No. 13:**

All Documents pertaining to any plans for candidates to appear on No Labels' ballot lines for races other than President/VP and No Labels' plans to support, disavow, or otherwise contest such efforts.

**Response to Request No. 13:**

No Labels objects to this Request as not relevant to the case and certainly not relevant to the preliminary injunction hearing, overly broad and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action.

**Request No. 14:**

All Documents pertaining to any past endorsements of candidates by No Labels.

**Response to Request No. 14:**

No Labels objects to this Request as not relevant to the case and certainly not relevant to the preliminary injunction hearing, overly broad and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action.

**Request No. 15:**

All Documents related to all instances where the Defendant's website asserted any fact that You contend is untrue.

**Response to Request No. 15**:

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.  Subject to and without waiving these objections and the General Objections, No Labels directs Defendant to the website previously located at www.nolabels.com as evidence of such assertions.  No Labels will produce additional responsive non-privileged documents, if any, located after a reasonable search.


**Request No. 16**:

All Documents and communication supporting No Labels' assertion that Defendant has "already caused confusion – as to the affiliation, sponsorship, connection, or association between the Infringing Website, its supporters, and candidates and No Labels."

**Response to Request No. 16**:

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.  Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents, if any, located after a reasonable search.


**Request No. 17**:

Documents concerning the first bona fide sale of products or services under the Mark.

**Response to Request No. 17**:

No Labels objects to this Request as not relevant in that it seeks information and documents which are not material to the prosecution or defense of this action.

**Request No. 18**:

Documents sufficient to show sales, profits, and costs of products or services sold under the Mark on an annual basis, from when You began using the Mark through the present.

**Response to Request No. 18**:

No Labels objects to this Request as not relevant, overly broad and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action.

**Request No. 19**:

Documents sufficient to show advertising expenditures relating to Mark on an annual basis, from when You began using Mark through the present.

**Response to Request No. 19**:

No Labels further objects to this Request as overly broad and unduly burdensome in that it seeks more than a decade's worth of advertising expenditures.  Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 20**:

All Documents concerning instances where the Defendant profited through, or by way of, the Mark.

**Response to Request No. 20**:

No Labels will produce responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 21**:

All Documents concerning instances where the Defendant attempted to sell You the Website.

**Response to Request No. 21**:

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.  Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 22**:

All Documents concerning any Persons who believed that the Website was affiliated with You.

**Response to Request No. 22**:

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.  No Labels further objects to this Request as duplicative of Request No. 16.  Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 23**:

All Documents concerning any instances where the Defendant disparaged You.

**Response to Request No. 23**:

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or

any other privilege or immunity.  Subject to and without waiving these objections and the General Objections, No Labels directs Defendant to the website previously located at www.nolabels.com as evidence of disparagement.  No Labels will produce additional responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 24:**

All Documents concerning Your realization that You had "inadvertently" let the Website registration lapse.

**Response to Request No. 24:**

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.  Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 25:**

All Documents concerning any all steps you took to reclaim the Website after letting it lapse.

**Response to Request No. 25:**

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.  Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 26:**

All Documents concerning the first use(s) of the Mark in connection with "issue advocacy" and "public advocacy" as those terms are used in Paragraph 8 of the Complaint and in connection with efforts to "gain ballot access" as that phrase is used in Paragraph 13 of the Complaint, including a copy or specimen of such use(s), and documents sufficient to identify the date(s) of such first use(s).

**Response to Request No. 26:**

No Labels objects to this Request as unduly burdensome as these documents are publicly available.   No Labels refers Defendant to the United States Patent and Trademark Office ("USPTO") database which contains public records concerning No Labels' trademark registration, including specimen of use.

**Request No. 27:**

All Documents concerning Your objection or challenge to another Person's use or registration of a trademark that You contend was confusingly similar to the Mark, including all cease and desist letters and responses to cease and desist letters.

**Response to Request No. 27:**

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.  Subject to and without waiving these objections and the General Objections, No Labels will produce responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 28:**

All Documents relating to any litigation or USPTO proceeding where You challenged another Person's use or registration of a trademark.

**Response to Request No. 28**:

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.  No Labels further objects to this Request as not relevant in that it seeks information and documents which are not material to the prosecution or defense of this action.  Subject to and without waiving these objections and the General Objections, No Labels will produce the relevant complaint for any such actions, if any.

**Request No. 29**:

All Documents concerning Your application, registration and maintenance of the Mark.

**Response to Request No. 29**:

No Labels objects to this Request to the extent that it seeks documents prepared or procured in anticipation of litigation, or protected by the attorney-client privilege, work product doctrine, or any other privilege or immunity.  No Labels refers Defendant to the United States Patent and Trademark Office ("USPTO") database which contains public records concerning No Labels' trademark registration.  Subject to and without waiving these objections and the General Objections, No Labels will produce additional responsive non-privileged documents, if any, located after a reasonable search.

**Request No. 30**:

All Documents concerning Your use of the Mark, including documents concerning Your use of the Mark in connection with (a) "issue advocacy" as that term is used in Paragraph 8 of the Complaint; (b) "public advocacy" as that term is used in Paragraph 8 of the Complaint; and (c) efforts to "gain ballot access" as that phrase is used in Paragraph 13 of the Complaint.

**Response to Request No. 30:**

No Labels objects to this Request as overly broad and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action. No Labels further objects as this Request would conceivably require the production of every document in No Labels' possession. No Labels refers Defendant to the USPTO database which contains public records concerning No Labels' trademark registration, including specimen of use, and its website, which can be found at nolabels.org.


**Request No. 31:**

All Documents concerning Your use or intended use of the Mark in connection with Your "position" that You "intend[] to offer [Your] ballot line to presidential and vice-presidential candidates" as stated in Paragraph 28 of the Complaint.

**Response to Request No. 31:**

No Labels objects to this Request as not relevant to the case and certainly not relevant to the preliminary injunction hearing, overly broad and unduly burdensome in that it seeks information and documents which are not material to the prosecution or defense of this action.


Dated:  January 10, 2024

**HALLORAN FARKAS + KITTILA LLP**

_/s/ Theodore A. Kittila_____
Theodore A. Kittila (Bar No. 3963)
William E. Green, Jr. (Bar No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law

*Of Counsel:*

Mark D. Lytle (admitted *pro hac vice*)
**NIXON PEABODY LLP**
799 9th Street NW
Suite 500
Washington, DC 20001
Tel:  (202) 585-8435
Fax:  (907) 331-4726
Email:  mlytle@nixonpeabody.com

*Counsel for Plaintiff*

Jason C. Kravitz (admitted *pro hac vice*)
Leslie E. Hartford (admitted *pro hac vice*)
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel:  (617) 345-1031
Fax:  (617) 345-1300
Email:  jkravitz@nixonpeabody.com
        lhartford@nixonpeabody.com

Bradley J. Schlozman (admitted *pro hac vice*)
**HINKLE LAW FIRM LLC**
1617 North Waterfront Parkway, Suite 400
Wichita, KS 67206-6639
Phone:  (316) 660-6296
Fax:  (316) 264-1518
Email: bschlozman@hinklaw.com

**Exhibit B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| NO LABELS,<br><br>    *Plaintiff*,<br><br> v.<br><br>NOLABELS.COM INC.,<br><br>    *Defendant*. | Case No. 1:23-cv-01384-GBW |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO**
**DEFENDANT'S NOTICE OF F.R.C.P. 30(b)(6) DEPOSITION**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure ("F.R.C.P."), plaintiff No Labels ("Plaintiff" or "No Labels") objects and responds to the Notice of F.R.C.P. 30(b)(6) Deposition (the "Deposition Notice") served by defendant NoLabels.com Inc. ("Defendant") as follows:

**<u>GENERAL OBJECTIONS</u>**

The following general objections are incorporated into each of the specific responses and objections below as if set forth fully therein:

1. No Labels objects to the Deposition Notice and the various topics listed therein (the "Topics") to the extent they seek "all" documents or communications relating to a given subject matter or purport to require No Labels to identify and prepare a 30(b)(6) representative on an expedited timeline to give testimony on the grounds that it would be impractical and unduly burdensome to do so.

2. No Labels objects to the degree that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, or less burdensome, or less expensive.

```
┌─────────────┐
│  EXHIBIT    │
│             │
│     I       │
└─────────────┘
```

3.     No Labels further objects to the degree that the discovery sought is not reasonably accessible because of undue burden or cost.   In accordance with F.R.C.P. 26(b)(1), No Labels will not agree to the production of discovery that is neither relevant to any party's claims or defenses or otherwise not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefits.

4.     In accordance with F.R.C.P. 30, and any other applicable rules, laws, or orders, any effort undertaken by No Labels will be limited to a good-faith effort to prepare and be able to give testimony that is reasonably related to the topics identified and that does not subject Third Party to discovery that is overly broad and unduly burdensome.   No Labels will designate a 30(b)(6) representative to give responsive, non-privileged testimony regarding the various Topics, subject to the objections identified herein and during the course of any deposition.

5.     No Labels specifically objects to the requirement that any witness designated to testify "must be capable of and prepared to testify as to *all* information known or reasonably available to No Labels …." (Emphasis added.)   No Labels will be capable and prepared to testify to information reasonably known or available to No Labels.

6.     Nothing in these responses and objections is intended to mean that No Labels adopts, acquiesces in, or otherwise accepts the way the Topics describe or characterize the facts, circumstances, subject matter, or events discussed.

7.     Nothing in these responses and objections is intended as a waiver or limitation of No Labels's right to object, on any grounds and in any proceeding, to the use of any testimony given in response to the Deposition Notice.

8.      No Labels does not intend to given any testimony protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other protection from discovery. Accordingly, any inadvertent disclosure of such privileged or protected information is not intended to be a waiver of any applicable privilege or protection with respect to such information or the subject matter thereof.

9.      No Labels provide these responses without waiving or intending to waive, but rather preserving and intending to preserve the right at any time to revise, correct, add to, or clarify any of the responses provided herein.

10.     No Labels objects to the date and time for the deposition.  No Labels will meet and confer with opposing counsel and agree to a mutually agreeable time for a deposition.  Moreover, No Labels specifically objects to the taking of any deposition in advance of a ruling of the Special Master on the scope of the deposition in light of the objections raised herein.

11.     No Labels object to the Definitions and Instructions to the extent they would impose requirements beyond those of the Federal Rules of Civil Procedure and the case law thereunder, and to the extent they are unduly burdensome.

12.     No Labels object to the definitions of the terms "You," "Person," "Plaintiff," and "No Labels State-Affiliated Entities" as overly broad and unduly burdensome to the degree that such terms seek to include broad categories of persons not readily identifiable by No Labels.

13.     No Labels object to the definition of "communication" to the extent it would impose requirements beyond those of Federal Rule of Civil Procedure.

14.     No Labels objects to the Topics and any questioning that is not relevant to the preliminary injunction hearing, scheduled for February 22, 2024.

## <u>SPECIFIC RESPONSES AND OBJECTIONS TO TOPICS</u>

Subject to, and as limited by, its General Objections, and without waiving any of them, and reserving its right to amend these Responses and Objections, No Labels respond and object to each Topic as follows:

**<u>TOPIC 1:</u>**     All licensing of the Mark to any individual or entity, including but not limited to any No Labels State-Affiliated Entity or related business entity, in any form.

**<u>RESPONSE:</u>** No Labels objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, No Labels will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**<u>TOPIC 2:</u>**     All unlicensed use of the Mark and all efforts by Plaintiff to prevent the unlicensed use of the Mark.

**<u>RESPONSE:</u>** No Labels objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  No Labels also objects to this Topic insofar as it calls for a legal conclusion and is not the appropriate subject of fact testimony.  Subject to these objections and the General Objections, No Labels will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**<u>TOPIC 3:</u>**     All signature collection efforts by individuals and entities using the Mark, whether licensed by Plaintiff or not.

**<u>RESPONSE:</u>** No Labels objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation and certainly is not relevant to the Preliminary Injunction hearing scheduled for February 22, 2024. No Labels further objects to this Topic as seeking information for improper purposes, including

annoyance, harassment, oppression, of No Labels, or to otherwise impose undue burden or expense on No Labels.  No Labels will not be producing a 30(b)(6) representative for this Topic other than to describe the presence of the NO LABELS mark in signature collection efforts.

**TOPIC 4:**     The relationship, if any, between Plaintiff and the No Labels State-Affiliated Entities.

**RESPONSE:**  No Labels objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, No Labels will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 5:**     All efforts by anyone to qualify or run as a candidate of a No Labels State-Affiliated Entity and all responses and communications by Plaintiff relating such efforts.

**RESPONSE:**  No Labels objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation. No Labels further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of No Labels, or to otherwise impose undue burden or expense on No Labels.  No Labels will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 6:**     Plaintiff's understanding of the meaning of the Mark's scope, which covers "issue advocacy; public advocacy to promote awareness of public policy options and political issues."

**RESPONSE:**  No Labels objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation and is certainly not related to the Preliminary Injunction hearing scheduled for February 22, 2024. No Labels also objects to this Topic insofar as it calls for a legal conclusion and is not the appropriate subject of fact testimony.  No Labels further objects to this Topic as seeking

information for improper purposes, including annoyance, harassment, oppression, of No Labels, or to otherwise impose undue burden or expense on No Labels.  No Labels will not be producing a 30(b)(6) representative for this Topic other than to provide factual testimony about the goods and services in connection with which No Labels has used the mark.

> **TOPIC 7:**    All changes in Plaintiff's mission and activities between the issuance of the Mark and the present day, including but not limited to the decision to sponsor, affiliate with, or otherwise promote the No Labels State-Affiliated Entities and to pursue ballot qualification in many states.

**RESPONSE:** No Labels objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation and certainly is not related to the Preliminary Injunction hearing scheduled for February 22, 2024. No Labels further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of No Labels, or to otherwise impose undue burden or expense on No Labels.  No Labels will not be producing a 30(b)(6) representative for this Topic.

> **TOPIC 8:**    Plaintiff's position that it operates as a social welfare organization under section 501(c)(4) of the Internal Revenue Code, including Plaintiff's understanding of the distinction between issue advocacy or public advocacy on the one hand and political activity on the other hand, and Plaintiff's categorization of its various activities between those two categories of activities.

**RESPONSE:** No Labels objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation and is certainly not related to the Preliminary Injunction hearing scheduled for February 22, 2024. No Labels further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of No Labels, or to otherwise impose undue burden or expense on No Labels.  No Labels will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 9:**     Any instances in which individuals indicated to You through word or action that they believed No Labels was a political party.

**RESPONSE:** No Labels objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation and is certainly not related to the Preliminary Injunction hearing scheduled for February 22, 2024. No Labels further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of No Labels, or to otherwise impose undue burden or expense on No Labels.  No Labels will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 10:**     The filing, prosecution and maintenance of all federal and state trademark applications and registrations filed by or on behalf of Plaintiff relating to the Mark.

**RESPONSE:** No Labels objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Objection is further made insofar as this Topic is seeking expert rather than factual testimony.  Subject to these objections and the General Objections, No Labels will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 11:**     All goods and services sold, provided, donated, traded, or otherwise commercially exchanged by No Labels bearing the Mark from its initial registration of the Mark through the present, and any consideration received in exchange.

**RESPONSE:** No Labels objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, No Labels will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 12:**     The manner in which You have made use of the Mark and for each different type of use, when the use occurred, whether the use was intended to be a trademark use, and what specific product or service the use was connected to.

**RESPONSE:**  No Labels objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  No Labels also objects to this Topic insofar as it calls for a legal conclusion and is not the appropriate subject of fact testimony.  Subject to these objections and the General Objections, No Labels will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 13:**   Any instances in which a person or entity communicated to You that they confused NoLabels.com with NoLabels.org, including but not limited to Dr. Pat Love.

**RESPONSE:**  No Labels objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, No Labels will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 14:**   The performance (in terms of visitors, signups, donations, and otherwise) of NoLabels.org before and after the creation of NoLabels.com.

**RESPONSE:**  No Labels objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation and which necessarily requires No Labels to know facts that are not known to No Labels.  No Labels further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of No Labels, or to otherwise impose undue burden or expense on No Labels.  Subject to these objections and the General Objections, No Labels will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 15:**   The factual basis for any claim that Plaintiff has been harmed by NoLabels.com.

**RESPONSE:**  No Labels objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, No Labels will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

> **TOPIC 16:**     The date and manner in which Plaintiff became aware of NoLabels.com, the identity of the persons involved, and any action taken by No Labels or You after learning of NoLabels.com, including investigative steps.

**RESPONSE:**  No Labels objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, No Labels will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

> **TOPIC 17:**     Plaintiff's connection to and relationship with the following Delaware entities, including but not limited to any licensing agreements between No Labels and the entities for the use of the Mark, either by the entities themselves or for further licensing to any No Labels State-Affiliated Entities:
>
> a.  NO LABELS BALLOT ACCESS, INC.
>
> b.  NO LABELS 2024, INC.; and
>
> c.  NO LABELS ACTION, INC.

**RESPONSE:**  No Labels objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, No Labels will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

Dated:  January 15, 2024

*Of Counsel:*

Mark D. Lytle, Esq.
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, DC 20001
Tel:  (202) 585-8435
Fax:  (907) 331-4726
Email:  mlytle@nixonpeabody.com

Jason C. Kravitz, Esq.
Leslie E. Hartford, Esq.
Exchange Place, 53 State Street
Boston, Massachusetts 02109
Tel:  (617) 345-1318
Fax:  (617) 345-1300
Email:  jkravitz@nixonpeabody.com
        lhartford@nixonpeabody.com

Bradley J. Schlozman, Esq.
**HINKLE LAW FIRM LLC**
1617 North Waterfront Parkway, Suite 400
Wichita, KS 67206-6639
Phone:  (316) 660-6296
Fax:  (316) 264-1518
Email: bschlozman@hinklaw.com

**HALLORAN FARKAS + KITTILA LLP**

*/s/ William E. Green, Jr.*
Theodore A. Kittila (Bar No. 3963)
William E. Green, Jr. (Bar No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law / wg@hfk.law

*Counsel for Plaintiff No Labels*

**Exhibit C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

NO LABELS,

          *Plaintiff,*

   v.

NOLABELS.COM INC.,

          *Defendant.*

Case No. 1:23-cv-01384-GBW

**NON-PARTY NO LABELS PARTY OF ARIZONA'S RESPONSES AND
OBJECTIONS TO DEFENDANT'S NOTICE OF F.R.C.P. 30(b)(6) DEPOSITION**

Pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure ("F.R.C.P."), non-party No Labels Party of Arizona ("NL Arizona"), responds and objects to the Notice of F.R.C.P. 30(b)(6) Deposition (the "Deposition Notice") served by defendant NoLabels.com Inc. ("Defendant") as follows:

**GENERAL OBJECTIONS**

The following general objections are incorporated into each of the specific responses and objections below as if set forth fully therein:

1.     NL Arizona objects to the Deposition Notice and the various topics listed therein (the "Topics") to the extent they seek "all" documents or communications relating to a given subject matter or purport to require NL Arizona to identify and prepare a 30(b)(6) representative on an expedited timeline to give testimony on the grounds that it would be impractical and unduly burdensome to do so.

2.     NL Arizona is a non-party in this litigation, and is staffed primarily by volunteers. NL Arizona, therefore, objects to the degree that the discovery seeks information that is primarily ascertainable from parties to the litigation or would otherwise seek confidential, privileged, or

<div style="border:1px solid black; display:inline-block; padding:4px;">

**EXHIBIT**

**F**

</div>

other information for improper purposes, including annoyance, harassment, oppression, of NL Arizona, or to otherwise impose undue burden or expense on NL Arizona.

3.      NL Arizona objects to the degree that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, or less burdensome, or less expensive.

4.      NL Arizona further objects to the degree that the discovery sought is not reasonably accessible because of undue burden or cost.   In accordance with F.R.C.P. 26(b)(1), NL Arizona will not agree to the production discovery that is neither relevant to any party's claims or defenses or otherwise not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefits.

5.      In accordance with F.R.C.P. 30 and 45, and any other applicable rules, laws, or orders, any effort undertaken by NL Arizona will be limited to a good-faith effort to prepare and be able to give testimony that is reasonably related to the topics identified and that does not subject it to discovery that is overly broad and unduly burdensome or which is disproportionate to the matters in dispute.  NL Arizona will designate a 30(b)(6) representative to give responsive, non-privileged testimony regarding the various Topics, subject to the objections identified herein and during the course of any deposition.

6.      NL Arizona specifically objects to the requirement that any witness designated to testify "must be capable of and prepared to testify as to *all* information known or reasonably available to *No Labels* …." (Emphasis added.)  NL Arizona will be capable and prepared to testify to information reasonably known or available to NL Arizona.

7.      Nothing in these responses and objections is intended to mean that NL Arizona adopts, acquiesces in, or otherwise accepts the way the Topics describe or characterize the facts, circumstances, subject matter, or events discussed.

8.      Nothing in these responses and objections is intended as a waiver or limitation of NL Arizona's right to object, on any grounds and in any proceeding, to the use of any testimony given in response to the Deposition Notice.

9.      NL Arizona does not intend to give any testimony protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other protection from discovery. Accordingly, any inadvertent disclosure of such privileged or protected information is not intended to be a waiver of any applicable privilege or protection with respect to such information or the subject matter thereof.

10.     NL Arizona provides these responses without waiving or intending to waive, but rather preserving and intending to preserve the right at any time to revise, correct, add to, or clarify any of the responses provided herein.

11.     NL Arizona objects to the date and time for the deposition.  NL Arizona will meet and confer with opposing counsel and agree to a mutually agreeable time for a deposition. Moreover, NL Arizona specifically objects to the taking of any deposition in advance of a ruling of the Special Master on the scope of the deposition in light of the objections raised herein.

12.     NL Arizona objects to the Definitions and Instructions to the extent they would impose requirements beyond those of the Federal Rules of Civil Procedure and the case law thereunder, and to the extent they are unduly burdensome.

13.     NL Arizona objects to the definitions of the terms "You," "Person," "Plaintiff," and No Labels State-Affiliated Entities as overly broad and unduly burdensome to the degree that such terms seek to include broad categories of persons not readily identifiable by NL Arizona.

14.     NL Arizona objects to the definition of "communication" to the extent it would impose requirements beyond those of the Federal Rules of Civil Procedure.

15.     NL Arizona objects to the Topics and any questioning that is not relevant to the preliminary injunction hearing, scheduled for February 22, 2024.

<u>**SPECIFIC RESPONSES AND OBJECTIONS TO TOPICS**</u>

Subject to, and as limited by, its General Objections, and without waiving any of them, and reserving its right to amend these Responses and Objections, NL Arizona responds and objects to each Topic as follows:

**TOPIC 1:**     All licensing of the Mark to any individual or entity, including but not limited to You or any other No Labels State-Affiliated Entity or related business entity, in any form.

**RESPONSE:** NL Arizona objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information outside the scope of its knowledge and that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL Arizona will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 2:**     All unlicensed use of the Mark and all efforts by Plaintiff to prevent the unlicensed use of the Mark, including but not related to unlicensed use within the State of Arizona by You or any other Person.

**RESPONSE:** NL Arizona objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information outside the scope of its knowledge and that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and

the General Objections, NL Arizona will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

>    **TOPIC 3:**    All signature collection efforts by individuals and entities using the Mark, whether licensed by Plaintiff or not, both within the State of Arizona and nationwide.

**RESPONSE:** NL Arizona objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or to the preliminary injunction hearing.  NL Arizona further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Arizona, or to otherwise impose undue burden or expense on NL Arizona.  NL Arizona will not be producing a 30(b)(6) representative for this Topic.

>    **TOPIC 4:**    The relationship, if any, between Plaintiff and the No Labels State-Affiliated Entities, including but not limited to You.

**RESPONSE:** NL Arizona objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information outside the scope of its knowledge and that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL Arizona will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

>    **TOPIC 5:**    All efforts by anyone to qualify or run as a candidate of a No Labels State-Affiliated Entity — including but not limited to Your efforts within the State of Arizona — and all responses and communications between You, Plaintiff, any other No Labels State-Affiliated Entity, and any other Person relating to such efforts.

**RESPONSE:** NL Arizona objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  NL Arizona further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Arizona,

or to otherwise impose undue burden or expense on NL Arizona.  NL Arizona will not be producing a 30(b)(6) representative for this Topic.

> **TOPIC 6:**   Your understanding of the meaning of the Mark's scope, which covers "issue advocacy; public advocacy to promote awareness of public policy options and political issues," and the manner in which that understanding informs your use of the Mark, regardless of whether Your use is licensed or unlicensed by Plaintiff.

**RESPONSE:** NL Arizona objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  Objection is further made insofar as this topic necessarily seeks expert rather than factual testimony.  NL Arizona further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Arizona, or to otherwise impose undue burden or expense on NL Arizona.  NL Arizona will not be producing a 30(b)(6) representative for this Topic.

> **TOPIC 7:**   All changes in Plaintiff's mission and activities between the issuance of the Mark and the present day, including but not limited to the decision to sponsor, affiliate with, or otherwise promote the No Labels State-Affiliated Entities — both within the State of Arizona and nationwide — and to pursue ballot qualification in many states.

**RESPONSE:** NL Arizona objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  NL Arizona further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Arizona, or to otherwise impose undue burden or expense on NL Arizona.  NL Arizona will not be producing a 30(b)(6) representative for this Topic.

> **TOPIC 8:**   Plaintiff's position that it operates as a social welfare organization under section 501(c)(4) of the Internal Revenue Code, including Your understanding of the distinction between issue advocacy or public advocacy on the one hand and political

activity on the other hand, and Plaintiff's categorization of its various activities between those two categories of activities.

**RESPONSE:** NL Arizona objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing. NL Arizona further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Arizona, or to otherwise impose undue burden or expense on NL Arizona. NL Arizona will not be producing a 30(b)(6) representative for this Topic.

      **TOPIC 9:**    Any instances in which individuals indicated to You through word or action that they believed No Labels was a political party, including but not limited to Your employees, volunteers, donors, political candidates, vendors, and contractors.

**RESPONSE:** NL Arizona objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing. NL Arizona further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Arizona, or to otherwise impose undue burden or expense on NL Arizona. NL Arizona will not be producing a 30(b)(6) representative for this Topic.

      **TOPIC 10:**    Any instances in which individuals indicated to You through word or action that they believed You were sponsored, supported, governed, organized, funded, or otherwise controlled by Plaintiff because said individuals believed Plaintiff to be a national political party.

**RESPONSE:** NL Arizona objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing. NL Arizona further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Arizona,

or to otherwise impose undue burden or expense on NL Arizona.  NL Arizona will not be
producing a 30(b)(6) representative for this Topic.

> **TOPIC 11:**    The filing, prosecution and maintenance of all federal and state trademark
> applications and registrations filed by or on behalf of Plaintiff relating to the Mark,
> including but not limited to any actions Plaintiff requires You to perform related to its
> maintenance of the Mark.

**RESPONSE:** NL Arizona objects to this Topic as overly broad and unduly burdensome, and to

the degree that it seeks information that is protected by the attorney-client privilege and the

attorney work-product doctrine.  Objection is further made insofar as this Topic is seeking expert

rather than factual testimony.  Subject to these objections and the General Objections, NL Arizona

will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic

insofar as it relates to "any actions Plaintiff requires NL Arizona to perform."

> **TOPIC 12:**    All goods and services sold, provided, donated, traded, or otherwise
> commercially exchanged by No Labels or You bearing the Mark from its initial registration
> of the Mark through the present, and any consideration received in exchange regardless of
> whether No Labels licensed Your use of the Mark in exchanging those goods or services.

**RESPONSE:** NL Arizona objects to this Topic as overly broad and unduly burdensome, and to

the degree that it seeks information that is not reasonably within its knowledge or which is

protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these

objections and the General Objections, NL Arizona will designate a 30(b)(6) representative to

provide testimony reasonably related to this Topic related to its use of the Mark.

> **TOPIC 13:**    The manner in which You have made use of the Mark and for each different
> type of use, when the use occurred, whether the use was intended to be a trademark use,
> and what specific product or service the use was connected to.

**RESPONSE:** NL Arizona objects to this Topic as overly broad and unduly burdensome, and to

the degree that it seeks information that is protected by the attorney-client privilege and the

attorney work-product doctrine.  Objection is further made insofar as this Topic is seeking expert rather than factual testimony.  Subject to these objections and the General Objections, NL Arizona will designate a 30(b)(6) representative to provide factual testimony reasonably related to this Topic.

**TOPIC 14:**    Any instances in which a person or entity communicated to You that they confused NoLabels.com with NoLabels.org.

**RESPONSE:** NL Arizona objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL Arizona will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 15:**    The factual basis for any claim that Plaintiff has been harmed by NoLabels.com, including but not limited to harm caused to Plaintiff within the State of Arizona.

**RESPONSE:** NL Arizona objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  NL Arizona further objects to this Topic to the extent it is seeking testimony about claims made by Plaintiff, which NL Arizona is unaware of.  NL Arizona will not be designating a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 16:**    The date and manner in which You became aware of NoLabels.com, the identity of the persons involved, and any action taken by No Labels or You after learning of NoLabels.com, including investigative steps.

**RESPONSE:** NL Arizona objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  NL Arizona further objects to this Topic to the extent it is seeking

testimony about actions taken by Plaintiff. Subject to these objections and the General Objections, NL Arizona will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 17:**    The relationship between You and any other No Labels State-Affiliated Entity.

**RESPONSE:** NL Arizona objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. Subject to these objections and the General Objections, NL Arizona will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 18:**    Your connection to and relationship with the following Delaware entities, including but not limited to any licensing agreements between No Labels and the entities for the use of the Mark, either by the entities themselves or for further licensing to any No Labels State-Affiliated Entities:

   a.  NO LABELS BALLOT ACCESS, INC.;

   b.  NO LABELS 2024, INC.; and

   c.  NO LABELS ACTION, INC.

**RESPONSE:** NL Arizona objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. NL Arizona further objects to this Topic to the extent it is seeking testimony about information uniquely within Plaintiff's possession. Subject to these objections and the General Objections, NL Arizona will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

Dated: January 9, 2024

*Of Counsel:*

Mark D. Lytle, Esq.
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, DC 20001
Tel: (202) 585-8435
Fax: (907) 331-4726
Email: mlytle@nixonpeabody.com

Jason C. Kravitz, Esq.
Leslie E. Hartford, Esq.
Exchange Place, 53 State Street
Boston, Massachusetts 02109
Tel: (617) 345-1318
Fax: (617) 345-1300
Email: jkravitz@nixonpeabody.com
        lhartford@nixonpeabody.com

Bradley J. Schlozman, Esq.
**HINKLE LAW FIRM LLC**
1617 North Waterfront Parkway, Suite 400
Wichita, KS 67206-6639
Phone: (316) 660-6296
Fax: (316) 264-1518
Email: bschlozman@hinklaw.com

**HALLORAN FARKAS + KITTILA LLP**

*/s/ Theodore A. Kittila*
Theodore A. Kittila (Bar No. 3963)
William E. Green, Jr. (Bar No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law / wg@hfk.law

*Counsel for Non-Party No Labels Party of Arizona*

**Exhibit D**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| NO LABELS, | |
| *Plaintiff*, | Case No. 1:23-cv-01384-GBW |
| v. | |
| NOLABELS.COM INC., | |
| *Defendant*. | |

**NON-PARTY NO LABELS PARTY OF NORTH CAROLINA'S RESPONSES AND
OBJECTIONS TO DEFENDANT'S NOTICE OF F.R.C.P. 30(b)(6) DEPOSITION**

Pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure ("F.R.C.P."), non-party No Labels Party of North Carolina ("NL North Carolina"), responds and objects to the Notice of F.R.C.P. 30(b)(6) Deposition (the "Deposition Notice") served by defendant NoLabels.com Inc. ("Defendant") as follows:

**GENERAL OBJECTIONS**

The following general objections are incorporated into each of the specific responses and objections below as if set forth fully therein:

1.      NL North Carolina objects to the Deposition Notice and the various topics listed therein (the "Topics") to the extent they seek "all" documents or communications relating to a given subject matter or purport to require NL North Carolina to identify and prepare a 30(b)(6) representative on an expedited timeline to give testimony on the grounds that it would be impractical and unduly burdensome to do so.

2.      NL North Carolina is a non-party in this litigation, and is staffed primarily by volunteers.  NL North Carolina, therefore, objects to the degree that the discovery seeks information that is primarily ascertainable from parties to the litigation or would otherwise seek

**EXHIBIT
H**

confidential, privileged, or other information for improper purposes, including annoyance, harassment, oppression, of NL North Carolina, or to otherwise impose undue burden or expense on NL North Carolina.

3.      NL North Carolina objects to the degree that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, or less burdensome, or less expensive.

4.      NL North Carolina further objects to the degree that the discovery sought is not reasonably accessible because of undue burden or cost.   In accordance with F.R.C.P. 26(b)(1), NL North Carolina will not agree to the production discovery that is neither relevant to any party's claims or defenses or otherwise not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefits.

5.      In accordance with F.R.C.P. 30 and 45, and any other applicable rules, laws, or orders, any effort undertaken by NL North Carolina will be limited to a good-faith effort to prepare and be able to give testimony that is reasonably related to the topics identified and that does not subject it to discovery that is overly broad and unduly burdensome or which is disproportionate to the matters in dispute.   NL North Carolina will designate a 30(b)(6) representative to give responsive, non-privileged testimony regarding the various Topics, subject to the objections identified herein and during the course of any deposition.

6.      NL North Carolina specifically objects to the requirement that any witness designated to testify "must be capable of and prepared to testify as to ***all*** information known or

reasonably available to *No Labels* ….." (Emphasis added.)  NL North Carolina will be capable and prepared to testify to information reasonably known or available to NL North Carolina.

7.      Nothing in these responses and objections is intended to mean that NL North Carolina adopts, acquiesces in, or otherwise accepts the way the Topics describe or characterize the facts, circumstances, subject matter, or events discussed.

8.      Nothing in these responses and objections is intended as a waiver or limitation of NL North Carolina's right to object, on any grounds and in any proceeding, to the use of any testimony given in response to the Deposition Notice.

9.      NL North Carolina does not intend to give any testimony protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other protection from discovery.  Accordingly, any inadvertent disclosure of such privileged or protected information is not intended to be a waiver of any applicable privilege or protection with respect to such information or the subject matter thereof.

10.      NL North Carolina provides these responses without waiving or intending to waive, but rather preserving and intending to preserve the right at any time to revise, correct, add to, or clarify any of the responses provided herein.

11.      NL North Carolina objects to the date and time for the deposition.  NL North Carolina will meet and confer with opposing counsel and agree to a mutually agreeable time for a deposition.  Moreover, NL North Carolina specifically objects to the taking of any deposition in advance of a ruling of the Special Master on the scope of the deposition in light of the objections raised herein.

12.    NL North Carolina objects to the Definitions and Instructions to the extent they would impose requirements beyond those of the Federal Rules of Civil Procedure and the case law thereunder, and to the extent they are unduly burdensome.

13.    NL North Carolina objects to the definitions of the terms "You," "Person," "Plaintiff," and No Labels State-Affiliated Entities as overly broad and unduly burdensome to the degree that such terms seek to include broad categories of persons not readily identifiable by NL North Carolina.

14.    NL North Carolina objects to the definition of "communication" to the extent it would impose requirements beyond those of the Federal Rules of Civil Procedure.

15.    NL North Carolina objects to the Topics and any questioning that is not relevant to the preliminary injunction hearing, scheduled for February 22, 2024.

## SPECIFIC RESPONSES AND OBJECTIONS TO TOPICS

Subject to, and as limited by, its General Objections, and without waiving any of them, and reserving its right to amend these Responses and Objections, NL North Carolina responds and objects to each Topic as follows:

**TOPIC 1:**    All licensing of the Mark to any individual or entity, including but not limited to You or any other No Labels State-Affiliated Entity or related business entity, in any form.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information outside the scope of its knowledge and that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL North Carolina will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 2:**     All unlicensed use of the Mark and all efforts by Plaintiff to prevent the unlicensed use of the Mark, including but not related to unlicensed use within the State of North Carolina by You or any other Person.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information outside the scope of its knowledge and that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL North Carolina will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 3:**     All signature collection efforts by individuals and entities using the Mark, whether licensed by Plaintiff or not, both within the State of North Carolina and nationwide.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or to the preliminary injunction hearing.  NL North Carolina further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL North Carolina, or to otherwise impose undue burden or expense on NL North Carolina.  NL North Carolina will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 4:**     The relationship, if any, between Plaintiff and the No Labels State-Affiliated Entities, including but not limited to You.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information outside the scope of its knowledge and that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL North Carolina will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 5:**     All efforts by anyone to qualify or run as a candidate of a No Labels State-Affiliated Entity — including but not limited to Your efforts within the State of North Carolina — and all responses and communications between You, Plaintiff, any other No Labels State-Affiliated Entity, and any other Person relating to such efforts.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  NL North Carolina further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL North Carolina, or to otherwise impose undue burden or expense on NL North Carolina.  NL North Carolina will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 6:**     Your understanding of the meaning of the Mark's scope, which covers "issue advocacy; public advocacy to promote awareness of public policy options and political issues," and the manner in which that understanding informs your use of the Mark, regardless of whether Your use is licensed or unlicensed by Plaintiff.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  Objection is further made insofar as this topic necessarily seeks expert rather than factual testimony.  NL North Carolina further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL North Carolina, or to otherwise impose undue burden or expense on NL North Carolina.  NL North Carolina will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 7:**     All changes in Plaintiff's mission and activities between the issuance of the Mark and the present day, including but not limited to the decision to sponsor, affiliate with, or otherwise promote the No Labels State-Affiliated Entities — both within the State of North Carolina and nationwide — and to pursue ballot qualification in many states.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the

litigation or the preliminary injunction hearing.  NL North Carolina further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL North Carolina, or to otherwise impose undue burden or expense on NL North Carolina.  NL North Carolina will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 8:**     Plaintiff's position that it operates as a social welfare organization under section 501(c)(4) of the Internal Revenue Code, including Your understanding of the distinction between issue advocacy or public advocacy on the one hand and political activity on the other hand, and Plaintiff's categorization of its various activities between those two categories of activities.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  NL North Carolina further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL North Carolina, or to otherwise impose undue burden or expense on NL North Carolina.  NL North Carolina will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 9:**     Any instances in which individuals indicated to You through word or action that they believed No Labels was a political party, including but not limited to Your employees, volunteers, donors, political candidates, vendors, and contractors.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  NL North Carolina further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL North Carolina, or to otherwise impose undue burden or expense on NL North Carolina.  NL North Carolina will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 10:**     Any instances in which individuals indicated to You through word or action that they believed You were sponsored, supported, governed, organized, funded, or

7

otherwise controlled by Plaintiff because said individuals believed Plaintiff to be a national political party.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  NL North Carolina further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL North Carolina, or to otherwise impose undue burden or expense on NL North Carolina.  NL North Carolina will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 11:**    The filing, prosecution and maintenance of all federal and state trademark applications and registrations filed by or on behalf of Plaintiff relating to the Mark, including but not limited to any actions Plaintiff requires You to perform related to its maintenance of the Mark.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Objection is further made insofar as this Topic is seeking expert rather than factual testimony.  Subject to these objections and the General Objections, NL North Carolina will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic insofar as it relates to "any actions Plaintiff requires NL North Carolina to perform."

**TOPIC 12:**    All goods and services sold, provided, donated, traded, or otherwise commercially exchanged by No Labels or You bearing the Mark from its initial registration of the Mark through the present, and any consideration received in exchange regardless of whether No Labels licensed Your use of the Mark in exchanging those goods or services.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is not reasonably within its knowledge or which is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these

objections and the General Objections, NL North Carolina will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic related to its use of the Mark.

**TOPIC 13:**    The manner in which You have made use of the Mark and for each different type of use, when the use occurred, whether the use was intended to be a trademark use, and what specific product or service the use was connected to.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Objection is further made insofar as this Topic is seeking expert rather than factual testimony.  Subject to these objections and the General Objections, NL North Carolina will designate a 30(b)(6) representative to provide factual testimony reasonably related to this Topic.

**TOPIC 14:**    Any instances in which a person or entity communicated to You that they confused NoLabels.com with NoLabels.org.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL North Carolina will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 15:**    The factual basis for any claim that Plaintiff has been harmed by NoLabels.com, including but not limited to harm caused to Plaintiff within the State of North Carolina.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  NL North Carolina further objects to this Topic to the extent it is seeking testimony about claims made by Plaintiff, which NL North Carolina is unaware of.  NL

North Carolina will not be designating a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 16:**   The date and manner in which You became aware of NoLabels.com, the identity of the persons involved, and any action taken by No Labels or You after learning of NoLabels.com, including investigative steps.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  NL North Carolina further objects to this Topic to the extent it is seeking testimony about actions taken by Plaintiff.  Subject to these objections and the General Objections, NL North Carolina will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 17:**   The relationship between You and any other No Labels State-Affiliated Entity.

**RESPONSE:** NL North Carolina objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL North Carolina will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 18:**   Your connection to and relationship with the following Delaware entities, including but not limited to any licensing agreements between No Labels and the entities for the use of the Mark, either by the entities themselves or for further licensing to any No Labels State-Affiliated Entities:

   a.  NO LABELS BALLOT ACCESS, INC.;

   b.  NO LABELS 2024, INC.; and

   c.  NO LABELS ACTION, INC.

**RESPONSE:**  NL North Carolina objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  NL North Carolina further objects to this Topic to the extent it is seeking testimony about information uniquely within Plaintiff's possession.  Subject to these objections and the General Objections, NL North Carolina will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

Dated:  January 9, 2024

*Of Counsel:*

Mark D. Lytle, Esq.
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, DC 20001
Tel:  (202) 585-8435
Fax:  (907) 331-4726
Email:  mlytle@nixonpeabody.com

Jason C. Kravitz, Esq.
Leslie E. Hartford, Esq.
Exchange Place, 53 State Street
Boston, Massachusetts 02109
Tel:  (617) 345-1318
Fax:  (617) 345-1300
Email:  jkravitz@nixonpeabody.com
          lhartford@nixonpeabody.com

Bradley J. Schlozman, Esq.
**HINKLE LAW FIRM LLC**
1617 North Waterfront Parkway, Suite 400
Wichita, KS 67206-6639
Phone:  (316) 660-6296
Fax:  (316) 264-1518
Email: bschlozman@hinklaw.com

**HALLORAN FARKAS + KITTILA LLP**

*/s/ Theodore A. Kittila*
Theodore A. Kittila (Bar No. 3963)
William E. Green, Jr. (Bar No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law / wg@hfk.law

*Counsel for Non-Party No Labels Party of North Carolina*

**Exhibit E**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| NO LABELS, | |
| *Plaintiff*, | Case No. 1:23-cv-01384-GBW |
| v. | |
| NOLABELS.COM INC., | |
| *Defendant*. | |

**NON-PARTY NO LABELS PARTY OF FLORIDA'S RESPONSES AND
OBJECTIONS TO DEFENDANT'S NOTICE OF F.R.C.P. 30(b)(6) DEPOSITION**

Pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure ("F.R.C.P."), non-party No Labels Party of Florida ("NL Florida"), responds and objects to the Notice of F.R.C.P. 30(b)(6) Deposition (the "Deposition Notice") served by defendant NoLabels.com Inc. ("Defendant") as follows:

**GENERAL OBJECTIONS**

The following general objections are incorporated into each of the specific responses and objections below as if set forth fully therein:

1.      NL Florida objects to the Deposition Notice and the various topics listed therein (the "Topics") to the extent they seek "all" documents or communications relating to a given subject matter or purport to require NL Florida to identify and prepare a 30(b)(6) representative on an expedited timeline to give testimony on the grounds that it would be impractical and unduly burdensome to do so.

2.      NL Florida is a non-party in this litigation, and is staffed primarily by volunteers. NL Florida, therefore, objects to the degree that the discovery seeks information that is primarily ascertainable from parties to the litigation or would otherwise seek confidential, privileged, or

**EXHIBIT
G**

other information for improper purposes, including annoyance, harassment, oppression, of NL Florida, or to otherwise impose undue burden or expense on NL Florida.

3.      NL Florida objects to the degree that the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, or less burdensome, or less expensive.

4.      NL Florida further objects to the degree that the discovery sought is not reasonably accessible because of undue burden or cost.   In accordance with F.R.C.P. 26(b)(1), NL Florida will not agree to the production discovery that is neither relevant to any party's claims or defenses or otherwise not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefits.

5.      In accordance with F.R.C.P. 30 and 45, and any other applicable rules, laws, or orders, any effort undertaken by NL Florida will be limited to a good-faith effort to prepare and be able to give testimony that is reasonably related to the topics identified and that does not subject it to discovery that is overly broad and unduly burdensome or which is disproportionate to the matters in dispute.  NL Florida will designate a 30(b)(6) representative to give responsive, non-privileged testimony regarding the various Topics, subject to the objections identified herein and during the course of any deposition.

6.      NL Florida specifically objects to the requirement that any witness designated to testify "must be capable of and prepared to testify as to **all** information known or reasonably available to ***No Labels*** …." (Emphasis added.)  NL Florida will be capable and prepared to testify to information reasonably known or available to NL Florida.

7.     Nothing in these responses and objections is intended to mean that NL Florida adopts, acquiesces in, or otherwise accepts the way the Topics describe or characterize the facts, circumstances, subject matter, or events discussed.

8.     Nothing in these responses and objections is intended as a waiver or limitation of NL Florida's right to object, on any grounds and in any proceeding, to the use of any testimony given in response to the Deposition Notice.

9.     NL Florida does not intend to give any testimony protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other protection from discovery. Accordingly, any inadvertent disclosure of such privileged or protected information is not intended to be a waiver of any applicable privilege or protection with respect to such information or the subject matter thereof.

10.     NL Florida provides these responses without waiving or intending to waive, but rather preserving and intending to preserve the right at any time to revise, correct, add to, or clarify any of the responses provided herein.

11.     NL Florida objects to the date and time for the deposition.  NL Florida will meet and confer with opposing counsel and agree to a mutually agreeable time for a deposition. Moreover, NL Florida specifically objects to the taking of any deposition in advance of a ruling of the Special Master on the scope of the deposition in light of the objections raised herein.

12.     NL Florida objects to the Definitions and Instructions to the extent they would impose requirements beyond those of the Federal Rules of Civil Procedure and the case law thereunder, and to the extent they are unduly burdensome.

13.     NL Florida objects to the definitions of the terms "You," "Person," "Plaintiff," and No Labels State-Affiliated Entities as overly broad and unduly burdensome to the degree that such terms seek to include broad categories of persons not readily identifiable by NL Florida.

14.     NL Florida object to the definition of "communication" to the extent it would impose requirements beyond those of the Federal Rules of Civil Procedure.

15.     NL Florida objects to the Topics and any questioning that is not relevant to the preliminary injunction hearing, scheduled for February 22, 2024.

## SPECIFIC RESPONSES AND OBJECTIONS TO TOPICS

Subject to, and as limited by, its General Objections, and without waiving any of them, and reserving its right to amend these Responses and Objections, NL Florida responds and objects to each Topic as follows:

**TOPIC 1:**     All licensing of the Mark to any individual or entity, including but not limited to You or any other No Labels State-Affiliated Entity or related business entity, in any form.

**RESPONSE:** NL Florida objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information outside the scope of its knowledge and that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL Florida will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 2:**     All unlicensed use of the Mark and all efforts by Plaintiff to prevent the unlicensed use of the Mark, including but not related to unlicensed use within the State of Florida by You or any other Person.

**RESPONSE:** NL Florida objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information outside the scope of its knowledge and that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and

the General Objections, NL Florida will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

> **TOPIC 3:**   All signature collection efforts by individuals and entities using the Mark, whether licensed by Plaintiff or not, both within the State of Florida and nationwide.

**RESPONSE:** NL Florida objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or to the preliminary injunction hearing.  NL Florida further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Florida, or to otherwise impose undue burden or expense on NL Florida.  NL Florida will not be producing a 30(b)(6) representative for this Topic.

> **TOPIC 4:**   The relationship, if any, between Plaintiff and the No Labels State-Affiliated Entities, including but not limited to You.

**RESPONSE:** NL Florida objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information outside the scope of its knowledge and that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL Florida will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

> **TOPIC 5:**   All efforts by anyone to qualify or run as a candidate of a No Labels State-Affiliated Entity — including but not limited to Your efforts within the State of Florida — and all responses and communications between You, Plaintiff, any other No Labels State-Affiliated Entity, and any other Person relating to such efforts.

**RESPONSE:** NL Florida objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  NL Florida further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Florida,

or to otherwise impose undue burden or expense on NL Florida.  NL Florida will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 6:**    Your understanding of the meaning of the Mark's scope, which covers "issue advocacy; public advocacy to promote awareness of public policy options and political issues," and the manner in which that understanding informs your use of the Mark, regardless of whether Your use is licensed or unlicensed by Plaintiff.

**RESPONSE:** NL Florida objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  Objection is further made insofar as this topic necessarily seeks expert rather than factual testimony.  NL Florida further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Florida, or to otherwise impose undue burden or expense on NL Florida.  NL Florida will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 7:**    All changes in Plaintiff's mission and activities between the issuance of the Mark and the present day, including but not limited to the decision to sponsor, affiliate with, or otherwise promote the No Labels State-Affiliated Entities — both within the State of Florida and nationwide — and to pursue ballot qualification in many states.

**RESPONSE:** NL Florida objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  NL Florida further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Florida, or to otherwise impose undue burden or expense on NL Florida.  NL Florida will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 8:**    Plaintiff's position that it operates as a social welfare organization under section 501(c)(4) of the Internal Revenue Code, including Your understanding of the distinction between issue advocacy or public advocacy on the one hand and political

activity on the other hand, and Plaintiff's categorization of its various activities between those two categories of activities.

**RESPONSE:** NL Florida objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  NL Florida further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Florida, or to otherwise impose undue burden or expense on NL Florida.  NL Florida will not be producing a 30(b)(6) representative for this Topic.

      **TOPIC 9:**    Any instances in which individuals indicated to You through word or action that they believed No Labels was a political party, including but not limited to Your employees, volunteers, donors, political candidates, vendors, and contractors.

**RESPONSE:** NL Florida objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  NL Florida further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Florida, or to otherwise impose undue burden or expense on NL Florida.  NL Florida will not be producing a 30(b)(6) representative for this Topic.

      **TOPIC 10:**    Any instances in which individuals indicated to You through word or action that they believed You were sponsored, supported, governed, organized, funded, or otherwise controlled by Plaintiff because said individuals believed Plaintiff to be a national political party.

**RESPONSE:** NL Florida objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  NL Florida further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Florida,

or to otherwise impose undue burden or expense on NL Florida.  NL Florida will not be producing a 30(b)(6) representative for this Topic.

> **TOPIC 11:**    The filing, prosecution and maintenance of all federal and state trademark applications and registrations filed by or on behalf of Plaintiff relating to the Mark, including but not limited to any actions Plaintiff requires You to perform related to its maintenance of the Mark.

**RESPONSE:** NL Florida objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Objection is further made insofar as this Topic is seeking expert rather than factual testimony.  Subject to these objections and the General Objections, NL Florida will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic insofar as it relates to "any actions Plaintiff requires NL Florida to perform."

> **TOPIC 12:**    All goods and services sold, provided, donated, traded, or otherwise commercially exchanged by No Labels or You bearing the Mark from its initial registration of the Mark through the present, and any consideration received in exchange regardless of whether No Labels licensed Your use of the Mark in exchanging those goods or services.

**RESPONSE:** NL Florida objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is not reasonably within its knowledge or which is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL Florida will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic related to its use of the Mark.

> **TOPIC 13:**    The manner in which You have made use of the Mark and for each different type of use, when the use occurred, whether the use was intended to be a trademark use, and what specific product or service the use was connected to.

**RESPONSE:** NL Florida objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the

attorney work-product doctrine.  Objection is further made insofar as this Topic is seeking expert rather than factual testimony.  Subject to these objections and the General Objections, NL Florida will designate a 30(b)(6) representative to provide factual testimony reasonably related to this Topic.

**TOPIC 14:**    Any instances in which a person or entity communicated to You that they confused NoLabels.com with NoLabels.org.

**RESPONSE:** NL Florida objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL Florida will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 15:**    The performance (in terms of visitors, signups, donations, and otherwise) of NoLabelsFlorida [*sic*] before and after the creation of NoLabels.com.

**RESPONSE:** NL Florida objects to this Topic because "performance" is vague and ambiguous and because NL Florida does not know when NoLabels.com was "create[ed]."  NL Florida further objects to this Topic as overly broad, unduly burdensome, and as seeking information that is neither relevant nor reasonably related to any claim or defense in the litigation or the preliminary injunction hearing.  NL Florida further objects to this Topic as seeking information for improper purposes, including annoyance, harassment, oppression, of NL Florida, or to otherwise impose undue burden or expense on NL Florida.  NL Florida will not be producing a 30(b)(6) representative for this Topic.

**TOPIC 16:**    The factual basis for any claim that Plaintiff has been harmed by NoLabels.com, including but not limited to harm caused to Plaintiff within the State of Florida.

**RESPONSE:** NL Florida objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  NL Florida further objects to this Topic to the extent it is seeking testimony about claims made by Plaintiff, which NL Florida is unaware of.  NL Florida will not be designating a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 17:**    The date and manner in which You became aware of NoLabels.com, the identity of the persons involved, and any action taken by No Labels or You after learning of NoLabels.com, including investigative steps.

**RESPONSE:** NL Florida objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  NL Florida further objects to this Topic to the extent it is seeking testimony about actions taken by Plaintiff.  Subject to these objections and the General Objections, NL Florida will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 18:**    The relationship between You and any other No Labels State-Affiliated Entity.

**RESPONSE:** NL Florida objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine.  Subject to these objections and the General Objections, NL Florida will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

**TOPIC 19:**    Your connection to and relationship with the following Delaware entities, including but not limited to any licensing agreements between No Labels and the entities for the use of the Mark, either by the entities themselves or for further licensing to any No Labels State-Affiliated Entities:

    a. NO LABELS BALLOT ACCESS, INC.;

    b. NO LABELS 2024, INC.; and

    c. NO LABELS ACTION, INC.

**RESPONSE:** NL Florida objects to this Topic as overly broad and unduly burdensome, and to the degree that it seeks information that is protected by the attorney-client privilege and the attorney work-product doctrine. NL Florida further objects to this Topic to the extent it is seeking testimony about information uniquely within Plaintiff's possession. Subject to these objections and the General Objections, NL Florida will designate a 30(b)(6) representative to provide testimony reasonably related to this Topic.

Dated: January 9, 2024

Of Counsel:

Mark D. Lytle, Esq.
**NIXON PEABODY LLP**
799 9th Street NW, Suite 500
Washington, DC 20001
Tel: (202) 585-8435
Fax: (907) 331-4726
Email: mlytle@nixonpeabody.com

Jason C. Kravitz, Esq.
Leslie E. Hartford, Esq.
Exchange Place, 53 State Street
Boston, Massachusetts 02109
Tel: (617) 345-1318
Fax: (617) 345-1300
Email: jkravitz@nixonpeabody.com
    lhartford@nixonpeabody.com

Bradley J. Schlozman, Esq.
**HINKLE LAW FIRM LLC**
1617 North Waterfront Parkway, Suite 400
Wichita, KS 67206-6639
Phone: (316) 660-6296
Fax: (316) 264-1518
Email: bschlozman@hinklaw.com

**HALLORAN FARKAS + KITTILA LLP**

/s/ Theodore A. Kittila
Theodore A. Kittila (Bar No. 3963)
William E. Green, Jr. (Bar No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law / wg@hfk.law

*Counsel for Non-Party No Labels Party of Florida*

11

**Exhibit F**

| Category | Requests |
|---|---|
| **The relationship between the Plaintiff and other users of the mark.** | Defendant's RFP Objections Nos. 1-4, 7, 24, 25, 27-29.<br><br>Defendant's 30(b)(6) Objections No. 7.<br><br>State Party Objections Nos. 7, 10. |
| **Potential No Labels candidates.** | Defendant's RFP Objections Nos. 13, 14, 31.<br><br>Defendant's 30(b)(6) Objections No. 5.<br><br>State Party Objections No. 5. |
| **The Problem Solver's Convention.** | Defendant's RFP Objections No. 11. |
| **The Plaintiff's affiliation with Donald J. Trump.** | Defendant's RFP Objections No. 12. |
| **The signature efforts of the Plaintiff and State Parties.** | Defendant's RFP Objections Nos. 5, 8.<br><br>Defendant's 30(b)(6) Objections No. 3.<br><br>State Party Objections No. 3. |
| **Harm associated with NoLabels.com's existence.** | Defendant's RFP Objections Nos. 9, 10, 15-23, 26, 30.<br><br>State Party Objections No. 15, 16.[21] |
| **The Plaintiff's 501(c)(4) status.** | Defendant's RFP Objections No. 6.<br><br>Defendant's 30(b)(6) Objections Nos. 6, 8, 9.<br><br>State Party Objections No. 6, 8, 9. |

---

[21] Number 16 is only applicable to Nonparty No Labels Party of Florida's Resp. and Obj. to Def's. Notice of FRCP. 30(b)(6) Dep., attached as **Exhibit E**.