**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NO LABELS,

                          *Plaintiff,*

        v.

NOLABELS.COM INC.,

                          *Defendant.*

Case No. 1:23-cv-01384-GBW

**SECOND NOTICE OF 30(b)(6) DEPOSITION OF**
**NONPARTY NO LABELS PARTY OF NORTH CAROLINA**

PLEASE TAKE NOTICE that Defendant NoLabels.com, Inc., by and through its undersigned attorneys, will take the deposition pursuant to Fed. R. Civ. P. 30(b)(6) upon oral examination, either remote or in-person, of No Labels Party of North Carolina, before a notary public or other officer authorized by law to administer oaths, **on February 9, 2024 at 10:00 AM ET at Womble, Bond, & Dickinson, 5425 Page Road – Suite 430, Durham, North Carolina 27703**. The matters that will be covered at the deposition are set forth in **Schedule A** attached hereto. The testimony shall be recorded by stenographic and/or audio-visual means.

Pursuant to Rule 30(b)(6), No Labels Party of North Carolina is required to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf with respect to the matters and topics set forth in the attached Schedule A. Such designated witnesses must be capable of and prepared to testify as to all information known or reasonably available to No Labels concerning the matters and topics set forth in the attached Schedule A.

Dated: February 8, 2024

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2024, I caused a true and correct copy of the foregoing Notice of 30(b)(6) Deposition of No Labels to be served, via electronic mail, on the following counsel of record:

**NIXON PEABODY LLP**

**Mark D. Lytle (*pro hac vice*)**
799 9th Street NW, Suite 500
Washington, DC 20001
Tel: (202) 585-8435
Fax: (907) 331-4726
Email: mlytle@nixonpeabody.com

**Jason C. Kravitz (*pro hac vice*)**
**Leslie E. Hartford (*pro hac vice*)**
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 345-1031
Fax: (617) 345-1300
Email: jkravitz@nixonpeabody.com
lhartford@nixonpeabody.com

**HALLORAN FARKAS + KITTILA LLP**

**Theodore A. Kittila**
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law

**William Edward Green, Jr.**
5801 Kennett Pike, Suite C/D
Wilmington, DE 19807
(302) 268-6875
Fax: (302) 257-2019
Email: wg@hfk.law

*Attorneys for Plaintiff*

*/s/ Elizabeth S. Fenton*

Elizabeth S. Fenton

**SCHEDULE A**

**DEFINITIONS AND INSTRUCTIONS**

A.    **"Agreement"** means any decision or arrangement, whether legally binding or not, and whether written or not, between You and any other Person.

B.    **"Communication"** means any disclosure, transfer, or exchange of information or opinion, however made.

C.    **"Complaint"** means the complaint filed in the captioned Matter.

D.    **"Concerning"** means relating to, referring to, reflecting, describing, evidencing or constituting.

E.    **"You"** (together with the adjective "Your") shall be deemed to include and refer to the answering party, together with, to whatever extent the context thereof will bear such additional meaning, any and all Persons acting at the direction of or on behalf of said named party in connection with any of the matters raised herein, or in connection with making the discovery sought hereby.

F.    **"Person"** means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

G.    **"Matter"** means the suit initiated by the Complaint and all defenses, objections, motions or answers therein related.

H.    **Plaintiff** refers to Plaintiff No Labels, a non-profit corporation organized under the laws of the District of Columbia, and its predecessors, successors, present and former officers, employees, directors, representatives, agents, attorneys, assigns, affiliates, subsidiaries, parent or controlling corporations, or any entity through which it conducts business, either alone or jointly with others.

I.    **"NoLabels.com Domain"** shall mean the domain located at [www.nolabels.com](www.nolabels.com).

J.    **"No Labels State-Affiliated Entities"** refers to any group — including but not limited to clubs, business entities, political parties, trusts, Political Action Committees, and unincorporated organizations — representing themselves as "No Labels" with regard to "Issue advocacy; Public advocacy to promote awareness of public policy options and political issues" as defined by the USPTO. Examples include any or all of the following: No Labels Party of Arizona, the No Labels Colorado Party, No Labels Nevada, No Labels Party of Florida, or the "No Labels" parties in Alaska, Arkansas, Hawaii, Kansas, Mississippi, North Carolina, Oregon, South Dakota, Utah and/or any other state, or any representatives, consultants, employees, or agents of such entities. **You are a No Labels State-Affiliated Entity.**

3

K.       **"Mark"** means the trademark registered as U.S. Trademark Reg. No. 3,946,066.

L.        **"Licensee"** means any Person You have authorized to use the Mark in any capacity or way, including but not limited to any grant of rights or permissions to use the Mark.

M.      As used herein, the conjunctions, "and" and "or" shall be interpreted conjunctively, and in an inclusive manner, and not disjunctively to exclude any documents or information that would otherwise be within the scope of the Request. References to the singular include the plural, and references to the plural include the singular.

## Topics

1.       All licensing of the Mark to any individual or entity, including but not limited to You or any other No Labels State-Affiliated Entity or related business entity, in any form.

2.       All unlicensed use of the Mark and all efforts by Plaintiff to prevent the unlicensed use of the Mark, including but not related to unlicensed use within the State of North Carolina by You or any other Person.

3.       All signature collection efforts by individuals and entities using the Mark, whether licensed by Plaintiff or not, both within the State of North Carolina and nationwide.

4.       The relationship, if any, between Plaintiff and the No Labels State-Affiliated Entities, including but not limited to You.

5.       All efforts by anyone to qualify or run as a candidate of a No Labels State-Affiliated Entity — including but not limited to Your efforts within the State of North Carolina — and all responses and communications between You, Plaintiff, any other No Labels State-Affiliated Entity, and any other Person relating to such efforts.

6.       Your understanding of the meaning of the Mark's scope, which covers "issue advocacy; public advocacy to promote awareness of public policy options and political issues," and the manner in which that understanding informs your use of the Mark, regardless of whether Your use is licensed or unlicensed by Plaintiff.

7.       All changes in Plaintiff's mission and activities between the issuance of the Mark and the present day, including but not limited to the decision to sponsor, affiliate with, or otherwise promote the No Labels State-Affiliated Entities — both within the State of North Carolina and nationwide — and to pursue ballot qualification in many states.

8.       Plaintiff's position that it operates as a social welfare organization under section 501(c)(4) of the Internal Revenue Code, including Your understanding of the distinction between issue advocacy or public advocacy on the one hand and political activity on the other hand, and Plaintiff's categorization of its various activities between those two categories of activities.

9.      Any instances in which individuals indicated to You through word or action that they believed No Labels was a political party, including but not limited to Your employees, volunteers, donors, political candidates, vendors, and contractors.

10.     Any instances in which individuals indicated to You through word or action that they believed You were sponsored, supported, governed, organized, funded, or otherwise controlled by Plaintiff because said individuals believed Plaintiff to be a national political party.

11.     The filing, prosecution and maintenance of all federal and state trademark applications and registrations filed by or on behalf of Plaintiff relating to the Mark, including but not limited to any actions Plaintiff requires You to perform related to its maintenance of the Mark.

12.     All goods and services sold, provided, donated, traded, or otherwise commercially exchanged by No Labels or You bearing the Mark from its initial registration of the Mark through the present, and any consideration received in exchange regardless of whether No Labels licensed Your use of the Mark in exchanging those goods or services.

13.     The manner in which You have made use of the Mark and for each different type of use, when the use occurred, whether the use was intended to be a trademark use, and what specific product or service the use was connected to.

14.     Any instances in which a person or entity communicated to You that they confused NoLabels.com with NoLabels.org.

15.     The factual basis for any claim that Plaintiff has been harmed by NoLabels.com, including but not limited to harm caused to Plaintiff within the State of North Carolina.

16.     The date and manner in which You became aware of NoLabels.com, the identity of the persons involved, and any action taken by No Labels or You after learning of NoLabels.com, including investigative steps.

17.     The relationship between You and any other No Labels State-Affiliated Entity.

18.     Your connection to and relationship with the following Delaware entities, including but not limited to any licensing agreements between No Labels and the entities for the use of the Mark, either by the entities themselves or for further licensing to any No Labels State-Affiliated Entities:

        a.   NO LABELS BALLOT ACCESS, INC.;

        b.   NO LABELS 2024, INC.; and

        c.   NO LABELS ACTION, INC.