IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NO LABELS,

        Plaintiff,

v.

NOLABELS.COM, INC.,

        Defendant.

Civil Action No. 23-1384-GBW

## PRELIMINARY INJUNCTION ORDER

AND NOW this 22nd day of February 2024 at 2:00 p.m., the Court having considered the Motion for Preliminary Injunction against defendant Nolabels.com Inc. ("Defendant") filed by plaintiff No Labels ("Plaintiff") on December 4, 2023 (D.I. 3) and having held a hearing on the Preliminary Injunction on February 22, 2024, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion for Preliminary Injunction is GRANTED. Based on Plaintiff's Motion and supporting documents, the evidence and arguments presented by Plaintiff during the hearing on February 22, 2024, and Defendant's admission thereafter that Plaintiff made the necessary showing for the Court to grant Plaintiff's Motion for Preliminary Injunction, the Court finds that Plaintiff has clearly established: (1) a likelihood of success on the merits of the claims asserted in its Complaint; (2) that Plaintiff will suffer irreparable harm in the form of loss of customer goodwill and brand reputation if immediate injunctive relief is not granted; (3) that Defendant's conduct is likely to cause confusion and harm to the public, which confusion and harm will continue in absence of immediate relief; (4) that Defendant will not suffer harm if injunctive relief is granted; and (5) that entry of a preliminary injunction is in the public's interest.

2. The injunctive relief previously granted in the Temporary Restraining Order (D.I. 26) and herein shall remain in place through the pendency of the litigation.

3. Pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act, Defendant, along with its officers, directors, principals, agents, representatives, servants, employees, affiliates, successors, or assigns, and any person or entity acting on its behalf or in concert or participation with it, is hereby restrained and enjoined from further using and/or infringing the NO LABELS mark pending the trial and final determination of this action and/or until further Order of the Court, and specifically ordered to: (1) take down and not restore the Infringing Website; (2) direct the Registrar to deactivate the Infringing Domain and transfer the registration to Plaintiff; and (3) take all necessary steps to change its corporate name to a new name that does not incorporate the NO LABELS mark.

4. To the extent not already completed, Plaintiff is authorized to conduct discovery to, *inter alia*, ascertain the identity of all individuals and organizations involved in the Infringing Website and Infringing Domain as well as to determine Defendant's intent and the scope of the infringement. Defendant shall make its witness(es) available within ten (10) business days of service by email of a deposition notice.

5. To the extent that such transfer has not already occurred, Defendant's Infringing Domain is hereby ordered to be immediately transferred by Defendant to Plaintiff. To the extent that the Defendant does not facilitate the transfer of the Infringing Domain to Plaintiff's control within three (3) business days of receipt of this Order, the Registrar for the Infringing Domain, pursuant to 15 U.S.C. § 1125(d)(1)(c), shall within thirty (30) days of receipt of this Order change the registrant of record for the Infringing Domain to a

registrant of Plaintiff's choosing, thereby transferring the Infringing Domain name to Plaintiff.

6. The bond requirement created by the Temporary Restraining Order shall remain in effect. D.I. 3 at 2.

7. This Order shall remain in effect during the pendency of this action or until further Order of the Court.

_____
GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE