

**Theodore A. Kittila**
Halloran Farkas + Kittila LLP
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
p: (302) 257-2025
e: tk@hfk.law

March 1, 2024

**By CM/ECF**

The Honorable Gregory B. Williams, U.S.D.J.
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, Delaware 19801-3555

    Re:  *No Labels v. NoLabels.com Inc.*,
          Civil Action No. 1:23-cv-01384-GBW (D. Del.)

Dear Judge Williams:

    Per the Court's Order (D.I. 82), plaintiff No Labels ("Plaintiff") hereby respectfully requests that the $250,000 bond asserted against No Labels upon the issuance of the Temporary Restraining Order (D.I. 26) be lifted entirely in light of the Court's grant of the Preliminary Injunction (D.I. 79).

    The Third Circuit has identified specific exceptions to Rule 65(c) concerning security at the time of a preliminary injunction, including—as is most relevant here—an exception when "there is no risk of monetary loss to the party subject to the injunction." *See, e.g.*, *Liveware Publ'g Inc v. Best Software Inc.*, 125 F. App'x 428, 434 (3d Cir. 2005). The context of this dispute—including the fact that Defendant has not republished the alleged political commentary on another domain that does not include Plaintiff's registered trademark NO LABELS—reveals that this website was and is not an important venture of the Defendant. This conclusion is reinforced by Defendant's decision to concede at the Preliminary Injunction hearing that it could not establish a legitimate right of ownership to the nolabels.com domain. Accordingly, there is no risk of monetary loss to Defendant, and Plaintiff respectfully request that the requirement of a bond be vacated entirely.

    In the alternative, should the Court wish to maintain some lesser amount of security, Plaintiff respectfully requests that the amount of the bond be lowered from $250,000 to $10,000 for all of the reasons stated above.

    **Defendant's Position:** Defendant disagrees with Plaintiff's characterizations above. More specifically, Defendant disagrees that there is no potential for monetary loss, insofar as it has been deprived of the use of a domain it purchased. Nor did Defendant concede that it has no ownership rights in the domain. Also, as Defendant made clear at the hearing, it reserved all

rights to contest these matters.  That said, it does not object to the release of the bond and looks forward to litigating all these matters on the merits at an appropriate time in the future.

      Counsel remain available should the Court have any questions.

      Respectfully submitted,

      */s/ Theodore A. Kittila*

      Theodore A. Kittila (Bar No. 3963)
      Halloran Farkas + Kittila LLP

      *Counsel for Plaintiff No Labels*

cc:    William E. Green, Jr., Esq.
      Elizabeth Fenton, Esq.
      Mark Billion, Esq.