## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NO LABELS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 23-1384-GBW |
| | ) | |
| v. | ) | |
| | ) | |
| NOLABELS.COM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER [NON-PATENT; BENCH TRIAL]

This _____ day of _____, 20___, the Court having conducted

an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the

parties having determined after discussion that the matter cannot be resolved at this

juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial

disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5)

days of the date the Court entered this Order.  If they have not already done so, the

parties are to review the Court's Default Standard for Discovery, Including

Discovery of Electronically Stored Information ("ESI"), which is posted at

http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for

Discovery) and is incorporated herein by reference.

2.    <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before <u>4/30/24</u>.  Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 3(g) and 4.

3.    <u>Discovery.</u>  Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules of Civil Procedure shall be strictly observed.

(a)    <u>Fact Discovery Cut Off.</u>  All fact discovery in this case shall be initiated so that it will be completed on or before <u>9/20/24</u>.

(b)    <u>Document Production.</u>  Document production shall be substantially complete by <u>6/14/24</u>.

(c)    <u>Requests for Admission.</u>  A maximum of <u>15</u> requests for admission are permitted for each side.

(d)    <u>Interrogatories.</u>

i.    A maximum of <u>30</u> interrogatories, including contention interrogatories, are permitted for each side.

ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party

with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

      (e)   <u>Depositions.</u>

         i.   <u>Limitation on Hours for Deposition Discovery.</u>  Each side is limited to a total of ___ hours of taking testimony by deposition upon oral examination.   10 depositions per side

         ii.   <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      (f)   <u>Disclosure of Expert Testimony.</u>

         i.   <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before <u>10/18/24</u>.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>11/22/24</u>.  Reply expert reports from

the party with the initial burden of proof are due on or before ___12/13/24___.  No other

expert reports will be permitted without either the consent of all parties or leave of

the Court.  Along with the submissions of the expert reports, the parties shall

advise of the dates and times of their experts' availability for deposition.

      ii.      <u>Objections to Expert Testimony</u>.  To the extent any

objection to expert testimony is made pursuant to the principles announced in

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as

incorporated in Federal Rule of Evidence 702, it shall be made by motion no later

than fourteen (14) days after the close of expert discovery, unless otherwise

ordered by the Court.  Briefing will be presented pursuant to the Court's Local

Rules.

      iii.      <u>Expert Discovery Cut Off</u>.  All expert discovery in this

case shall be initiated so that it will be completed on or before ___1/17/25___.

      (g)      <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

      i.      Any discovery motion filed without first complying with

the following procedures will be denied without prejudice to renew pursuant to

these procedures.

      ii.      Should counsel find, after good faith efforts – including

verbal communications among Delaware and Lead Counsel for all parties to the

dispute – that they are unable to resolve a discovery matter or a dispute relating to

4

a protective order, the parties involved in the discovery matter or protective order

dispute shall submit a joint letter in substantially the following form:

>Dear Judge Williams:
>
>>The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
>>The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____
>
>Delaware Counsel: _____
>
>Lead Counsel: _____
>
>>The disputes requiring judicial attention are listed below:
>
>[provide here a non-argumentative list of disputes requiring judicial attention]

>iii.     On a date to be set by separate order, generally not less

than forty-eight (48) hours prior to the conference, the party seeking relief shall file

with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute

and its position on those issues.  On a date to be set by separate order, but generally

not less than twenty-four (24) hours prior to the conference, any party opposing the

application for relief may file a letter, not to exceed three (3) pages, outlining that

party's reasons for its opposition.

iv.     Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

v.     Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

    4.   <u>Motions to Amend.</u>

(a)     Any motion to amend (including a motion for leave to amend) a pleading shall *NOT* be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

(b)     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

(c)     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

    5.   <u>Motions to Strike.</u>

(a)     Any motion to strike any pleading or other document shall

*NOT* be accompanied by an opening brief but shall, instead, be accompanied by a

letter, not to exceed three (3) pages, describing the basis for the requested relief,

and shall attach the document to be stricken.

(b)     Within seven (7) days after the filing of a motion in compliance

with this Order, any party opposing such a motion shall file a responsive letter, not

to exceed five (5) pages.

(c)     Within three (3) days thereafter, the moving party may file a

reply letter, not to exceed two (2) pages, and, by this same date, the parties shall

file a letter requesting a teleconference to address the motion to strike.

6.     <u>Case Dispositive Motions.</u>  Absent agreement between the parties, and

prior approval from the Court, the Court will not hear case dispositive motions in

cases proceeding to a bench trial.

7.     <u>Applications by Motion.</u>  Except as otherwise specified herein, any

application to the Court shall be by written motion.  Any non-dispositive motion

should contain the statement required by Local Rule 7.1.1.

8.     <u>Motions *in Limine.*</u>  Motions *in limine* shall not be separately filed.  All

*in limine* requests and responses thereto shall be set forth in the proposed pretrial

order.  Each party shall be limited to three (3) *in limine* requests, unless otherwise

permitted by the Court.  The *in limine* request and any response shall contain the

7

authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

9. <u>Pretrial Conference.</u> On ___3/19/25___, the Court will hold a pretrial conference in Court with counsel beginning at ___10am___.m. The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

8

10.     <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings.</u>  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

11.     <u>Papers Filed Under Seal.</u>  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

12.    <u>Courtesy Copies.</u>  The parties shall provide to the Court two (2) courtesy copies of filings (i.e., briefs, appendices, exhibits, declarations, affidavits etc.).  Courtesy copies of appendices and exhibits should include hard tabs.  This provision also applies to papers filed under seal.

13.    <u>ADR Process.</u>  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

14.    <u>Trial.</u>  This matter is scheduled for a __5__ day bench trial beginning at 9:30 a.m. on __3/31/25__ , with the subsequent trial days beginning at 9:30 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
The Honorable Gregory B. Williams
United States District Judge

## Counsel Shall Provide a Chart of All Relevant Deadlines

| EVENT | DEADLINE |
|---|---|
| Last date to file Motions for Joinder / to Amend Pleadings | April 30, 2024 |
| Last date for Substantial Completion of Document Production | June 14, 2024 |
| Fact Discovery Cut Off | September 20, 2024 |
| Last date to file Initial Rule 26(a)(2) Disclosure of Expert Testimony | October 18, 2024 |
| Supplemental Disclosure to Contradict or Rebut Evidence on the Same Matter Identified by Another Party due | November 24, 2024 |
| Reply Expert Reports from Party with Initial Burden of Proof due | December 13, 2024 |
| Expert Discovery Cut Off | January 17, 2025 |
| Last date to Object to Expert Testimony | January 31, 2025 |
| Last date to file Joint Proposed Final Pretrial Order | February 12, 2025 |
| Date of Pretrial Conference | March 19, 2025, 10:00 a.m. |
| Date of Trial | March 31, 2025, 9:30 a.m. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |