IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NO LABELS,<br><br>    *Plaintiff*,<br><br>    v.<br><br>NOLABELS.COM INC.,<br><br>    *Defendant*. | Case No. 1:23-cv-01384-GBW |

**NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION OF**
**<u>AMERICAN PATRIOT PROJECT, INC.</u>**

PLEASE TAKE NOTICE that Plaintiff No Labels, by and through its undersigned attorneys, will take the deposition pursuant to Fed. R. Civ. P. ("Rule") 30(b)(6) upon oral examination, either remote or in-person, of American Patriot Project, Inc., before a notary public or other officer authorized by law to administer oaths, on **Monday, November 11, 2024, at 9:30 a.m. (ET) at Nixon Peabody LLP, 799 9th Street NW #500, Washington, DC 20001.** The matters that will be covered at the deposition are set forth in **<u>Schedule A</u>** attached hereto. The testimony shall be recorded by stenographic and/or audio-visual means.

Pursuant to Rule 30(b)(6), American Patriot Project, Inc. is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the matters and topics set forth in the attached Schedule A. Such designated witness(es) must be capable of testifying, and prepared to testify, as to all information known or reasonably available to American Patriot Project, Inc. concerning the matters and topics set forth in the attached Schedule A.

| | |
|---|---|
| Dated: October 22, 2024 | **HALLORAN FARKAS + KITTILA LLP** |
| *Of Counsel:* | */s/ Theodore A. Kittila* |
| | Theodore A. Kittila (Bar No. 3963) |
| Mark D. Lytle (admitted *pro hac vice*) | William E. Green, Jr. (Bar No. 4864) |
| **NIXON PEABODY LLP** | 5801 Kennett Pike, Suite C/D |
| 799 9th Street NW | Wilmington, Delaware 19807 |
| Suite 500 | Phone: (302) 257-2025 |
| Washington, DC 20001 | Fax: (302) 257-2019 |
| Tel: (202) 585-8435 | Email: tk@hfk.law |
| Fax: (907) 331-4726 | |
| Email: mlytle@nixonpeabody.com | *Attorneys for Plaintiff* |
| | |
| Jason C. Kravitz (admitted *pro hac vice*) | |
| Leslie E. Hartford (admitted *pro hac vice*) | |
| Exchange Place | |
| 53 State Street | |
| Boston, Massachusetts 02109 | |
| Tel: (617) 345-1031 | |
| Fax: (617) 345-1300 | |
| Email: jkravitz@nixonpeabody.com | |
|        lhartford@nixonpeabody.com | |

## SCHEDULE A

## **DEFINITIONS AND INSTRUCTIONS**

A.  "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, e-mail, memorandum, employment records, paychecks, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including interoffice or intraoffice communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bills (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which Plaintiffs have or have had access.

B.  "Communication" refers to, without limitation, writings, conversations (whether in person, by telephone, or otherwise), correspondence (whether in person, by telephone, or otherwise), e-mails, texts, instant messages, electronic "chats," memoranda, meetings, communications, telexes, telegrams, facsimiles (faxes), speeches, presentations, press and other releases, and all other means of exchanging or imparting information.

  C. "Concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

  D. "Action" refers to the above referenced lawsuit, NO LABELS v. NOLABELS.COM INC., pending in the United States District Court for the District of Delaware

  E. "You" or "Your" refers to American Patriot Project, Inc.

  F. "APP" refers to American Patriot Project, Inc.

  G. "No Labels" unless otherwise noted, refers to Plaintiff No Labels, a non-profit corporation organized under the laws of the District of Columbia, and its predecessors, successors, present and former officers, employees, directors, representatives, agents, attorneys, assigns, affiliates, subsidiaries, parent or controlling corporations, or any entity through which it conducts business, either alone or jointly with others.

  H. "NoLabels.com Inc." refers to Defendant NoLabels.com Inc., a corporation organized under the laws of the State of Delaware, and its predecessors, successors, present and former officers, employees, directors, representatives, agents, attorneys, assigns, affiliates, subsidiaries, parent or controlling corporations, or any entity through which it conducts business, either alone or jointly with others.

  I. "NoLabels.com Domain" shall mean the domain located at www.nolabels.com.

  J. "E-mail Accounts" refers to any and all e-mail accounts that You or Your Employees use or have used, including without limitation any personal accounts (e.g., @gmail.com, @hotmail.com, @yahoo.com, etc.) and any employer-issued accounts.

  K. As used herein, requests for Communications shall include e-mails from any E-mail Account.

L.  As used herein, the conjunctions, "and" and "or" shall be interpreted conjunctively, and in an inclusive manner, and not disjunctively to exclude any documents or information that would otherwise be within the scope of the Request. References to the singular include the plural, and references to the plural include the singular.

**TOPICS**

1. The amount of funds You paid to Nolabels.com Inc. between August 1, 2023 and February 29, 2024.

2. The source of the funds that You paid to Nolables.com Inc. between August 1, 2023 and February 29, 2024.

3. The amount of funds You paid to Charles Siler between August 1, 2023 and February 29, 2024.

4. The source of the funds that You paid to Charles Siler between August 1, 2023 and February 29, 2024.

5. The amount of funds You paid to Lucy Caldwell between August 1, 2023 and February 29, 2024.

6. The source of the funds You paid to Lucy Caldwell between August 1, 2023 and February 29, 2024.

7. All communications You had with Charles Siler or Lucy Caldwell.

8. The identity of any third party to whom You paid for services provided in connection with the domain Nolabels.com or the website at that domain.

9. The amount of funds You paid to any third party for services performed in connection with the domain Nolabels.com or the website at that domain.

10. The source of the funds You paid to any third party for services performed in connection with the domain Nolabels.com or the website at that domain.

11. All communications You had with any person or entity regarding Nolables.com Inc. or the website at Nolabels.com.

12. Your acquisition of the domain Nolabels.com.

13. Your sale or transfer of the domain Nolabels.com.

14. Your involvement in preparing content for the website at Nolabels.com.

15. All shareholders, officers, executives, investors, and employees of APP.

16. All individuals involved in the decision to acquire and/or register the domain NoLabels.com.

17. All individuals involved in the creation of the NoLabels.com website, including without limitation all individuals involved in the creation of any content featured on NoLabels.com.

18. Communications with any individuals and/or entities responsive to Topic No. 18 concerning the layout, design, and content of the NoLabels.com website, including but not limited to any materials, instructions, or guidance provided to those individuals and/or entities.

19. Your awareness of No Label's website at nolabels.org.

20. Your corporate formation, including all individuals involved in that process including without limitation G&K Wisconsin Services, LLC ("G&K") and/or the law firm Godfrey & Kahn (the "G&K Law Firm").

21. Other domains You acquired or registered containing variants of NO LABELS.

4

22. Your involvement in use of Google or other analytics regarding the penetration and/or success of any advertising or search engine optimization performed in connection with any websites that reference "No Labels."

23. The number of visitors NoLabels.com received and, to the extent known, the amount of time each visitor spent on the site and what they viewed.

24. Information collected from visitors of NoLabels.com and any actions taken by or on behalf of APP to contact those visitors (e.g., through follow-up email communications), solicit donations from those visitors, or to add those visitors to new or existing databases and, if so, where that information is stored and how it is being used.

25. Whether APP solicited donations from individuals who visited NoLabels.com and, if so, how were those solicitations performed, from whom were donations solicited, and how much money was donated as a result of those solicitations.

26. When and how APP first became aware that No Labels had commenced legal action against Nolabels.com Inc.

27. The individuals involved in the decision to include a statement on NoLabels.com disclaiming any affiliation between NoLabels.com and NoLabels.org and when that decision was made.

28. Your awareness of and relationship with Nolabels.com Inc.

29. Your communications with NoLabels.com Inc.

30. All non-disclosure agreements ("NDA") and/or confidentiality agreements—entered between August 1, 2023 to February 29, 2024—to which You are a party and, for each such agreement, the other contracting party(ies), the date of the agreement, and the terms of the agreement.

31. All non-privileged communications concerning the formation of NoLabels.com Inc., the domain NoLabels.com, a website hosted at NoLabels.com, and/or the content of a website hosted at NoLabels.com.

32. All communications with any vendors for service and/or assistance related to the NoLabels.com Domain or the website at Nolabels.com.

33. The identity of the individuals and/or entities paying and/or subsidizing Your legal fees in connection with the Action.

34. Any instances in which an individual indicated through words or actions that he/she believed NoLabels.com was affiliated or connected with, or endorsed by, No Labels.