IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NO LABELS,<br><br>  Plaintiff,<br><br>  v.<br><br>DELCO0222024, INC., AMERICAN PATRIOT PROJECT, INC., RT GROUP LLC, JOSHUA SILVER, CHARLES SILER, and LUCY CALDWELL,<br><br>  Defendants. | C.A. No. 23-1384-GBW |

**OPENING BRIEF IN SUPPORT OF
AMERICAN PATRIOT PROJECT, INC's MOTION TO DISMISS**

Elizabeth S. Fenton (Bar No. 5563)
**BARNES & THORNBURG LLP**
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801-1058
Telephone: (302) 267-1515
Facsimile: (302) 300-3456
Email: efenton@btlaw.com

Matthew O. Gatewood*
**GATEWOOD PLLC**
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
(202) 464-1441
mog@gatewood-law.com
**Pro Hac Vice* Application Forthcoming*

*Counsel for American Patriot Project, Inc.*

Dated: May 16, 2025

i

## **TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF PROCEEDINGS ................................................................................ 1

SUMMARY OF ARGUMENT ........................................................................................................ 1

STATEMENT OF FACTS ............................................................................................................... 2

ARGUMENT .................................................................................................................................... 3

    A.  Delaware's Long-Arm Statute Does Not Reach APP ........................................................ 3

    B.  Exercising Jurisdiction Over APP Would Violate APP's Due Process ............................. 4

    C.  Plaintiff's Claims Do Not Arise from APP's Alleged Contacts. ........................................ 6

    D.  Plaintiff's Conspiracy Theory Fails To Create Jurisdiction. .............................................. 6

        1.  Plaintiff's Broad-Brush Attempt To Lump All Defendants Together Undermines the Jurisdictional Conspiracy Theory (*Factors 1 & 2*) ............................. 7

        2.  The Complaint Does Not Allege a Substantial Act *in Delaware* that was Integral to the Alleged Conspiracy (*Factor 3*) ............................................................ 9

        3.  APP Did Not Know, Nor Could It Have Known, that the Alleged Conspiracy Would Have an Effect or Effects <u>in Delaware</u> (*Factors 4 & 5*) ............................... 10

CONCLUSION ............................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Altabef v. Neugarten*,
   Civ. No. 2021-0117-MTZ, 2021 Del. Ch. LEXIS 294 (Del. Ch. Dec. 15, 2021) ..................................................................................................................... 10

*Amaysing Techs. Corp. v. Cyberair Commc'ns, Inc.*,
   Civ. No. 19890-NC, 2005 Del. Ch. 35 (Del. Ch. Mar. 3, 2005) .................................. 8

*Azubuko v. Comm'r of Police-City of Boston*,
   Civ. No. 05-094-SLR, 2005 U.S. Dist. LEXIS 6558 (D. Del. Apr. 13, 2005) ........... 3

*Boone v. Oy Patek Ab*,
   724 A.2d 1150 (Del. Super. 1997) ............................................................................. 4

*Boston Sci. Corp., v. Wall Cardiovascular Techs., LLC*,
   647 F. Supp. 2d 358 (D. Del. 2009) ........................................................................... 4

*BV Advisory Partners, LLC v. Quantum Computing, Inc.*,
   Civ. No. 2022-0719-SG, 2024 Del. Ch. LEXIS 196 (Del. Ch. May 28, 2024) .... 9, 12

*Cornell Glasgow, LLC v. LA Grange Props., LLC*,
   Civ. No. N11C-05-016 JRS ....................................................................................... 8

*Daimler AG v. Bauman*,
   571 U.S. 117, 134 S. Ct. 746 (2014) .......................................................................... 3

*Dow Chem. Co. v. Organik Kimya Holding A.S.*,
   Civ. No. 12090-VCG, 2017 Del. Ch. LEXIS 776 (Del. Ch. Oct. 19, 2017) .............. 9

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*,
   592 U.S. 351, 141 S. Ct. 1017, 209 L. Ed. 2d 225 (2021) ......................................... 6

*Fortis Advisors LLC v. Johnson & Johnson*,
   Civ. No. 2020-0881-LWW, 2021 Del. Ch. LEXIS 290 (Del. Ch. Dec. 13, 2021) .................................................................................................................... 8, 9

*Green v. McClive*,
   Civ. No. 2023-0139-MTZ, 2024 Del. Ch. LEXIS 212 (Del. Ch. June 3, 2024) ........ 7

*Hercules, Inc. v. Leu Trust & Banking, Ltd.*,
   611 A.2d 476 (Del. 1992) ........................................................................................ 12

*Instituto Bancario Italiano SpA v. Hunter Engineering Co.*,
   449 A.2d 210 (Del. 1982) .......................................................................................... 7

*Intel Corp. v. Broadcom Corp.*,
    167 F. Supp. 2d 692 (D. Del. 2001)......................................................................................3

*Intel Corp. v. Silicon Storage Tech., Inc.*,
    20 F. Supp. 2d 690 (D. Del. 1998)........................................................................................3

*Lone Pine Res., LP v. Dickey*,
    Civ. No. 2020-0450-MTZ, 2021 Del. Ch. LEXIS 114 (Del. Ch. June 7, 2021)..................11

*Mehra v. Teller*,
    Civ. No. 2019-0812-KSJM, 2023 Del. Ch. LEXIS 51 (Del. Ch. Feb. 28, 2023) ...............12

*Outokump Eng'g Enters. v. Kvaerner Enviropower, Inc.*,
    685 A.2d 724 (Del. Super. Ct. 1996) ....................................................................................4

*Ramco Asset Mgmt., LLC v. USA Rare Earth, LLC*,
    Civ. No. 2022-0665-SG, 2023 Del. Ch. LEXIS 456 (Del. Ch. Oct. 20, 2023) .................10

*RoadSafe Traffic Sys., Inc. v. Ameriseal Northeast Fla., Inc.*,
    705 F. Supp. 2d 330 (D. Del. 2010)......................................................................................5

*Sage Chem, Inc. v. Supernus Pharms., Inc.*,
    Civ. No. 22-1302-CJB, 2024 U.S. Dist. LEXIS 98876 (D. Del. May 31, 2024).................6

*Sears, Roebuck & Co. v. Sears PLC*,
    752 F. Supp. 1223 (D. Del. 1990).........................................................................................6

*TriDiNetworks Ltd. v. NXP USA, nc.*,
    Civ. No. 19-1062-CFC-CJB, 2020 U.S. Dist. LEXIS 80654 (D. Del. May 7,
    2020) ................................................................................................................................4, 5

*Vichi v. Koninklijke Philips Elecs. N.V.*,
    Civ. No. 2578-VCP, 2009 Del. Ch. 209 (Del. Ch. Dec. 1, 2009)........................................10

*Virtus Capital L.P. v. Eastman Chem. Co.*,
    Civ. No. 9808-VCL, 2015 Del. Ch. LEXIS 34 (Del. Ch. Feb. 11, 2015).....................10, 11

**Statutes/Rules**

10 Del. C. § 3104(c).......................................................................................................................3

Federal Rules of Civil Procedure Rule 12(b)(2) .......................................................................1, 3

This Court lacks personal jurisdiction over Defendant American Patriot Project, Inc. ("APP") and must dismiss all counts against this Defendant.

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff No Labels filed this case on December 4, 2023 against NoLabels.com Inc. (now named DELCO0222024, Inc.) ("NL.com") (D.I. 1). The Court granted Plaintiff's Motion for Temporary Restraining Order on December 15, 2023 (D.I. 26) and later entered a Preliminary Injunction on February 22, 2024 (D.I. 79). Plaintiff conducted discovery from NL.com and various third parties for more than a year, and then filed the Amended Complaint on February 28, 2025 (D.I. 126-2). The Amended Complaint asserts 10 counts and purports to add three individual defendants (Joshua Silver, Charles Siler, and Lucy Caldwell) and two entity defendants (APP and RT Group LLC ("RT Group")).

## SUMMARY OF ARGUMENT

1. The Court must dismiss APP pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because the Court does not have personal jurisdiction.

    A. Delaware's long-arm statute does not reach APP, a District of Columbia resident, because, among other reasons, APP did not transact any business in Delaware.

    B. Even if the long-arm statute could reach APP, exercising jurisdiction would violate APP's constitutional due process because APP has no contacts with Delaware. APP thus lacks sufficient minimum contacts to justify the exercise of personal jurisdiction.

    C. Moreover, for purposes of both the long-arm statute and due process analyses, the action *did not arise* from any of APP's alleged Delaware contacts.

    D. Plaintiff's conspiracy theory of jurisdiction does not, and cannot, overcome the jurisdictional hurdle: APP cannot conspire with itself and its agents, no substantial act integral to

1

the alleged conspiracy occurred in Delaware, and there is no allegation that alleged harm occurred inside Delaware (let alone that APP knew nor could have known that).

## STATEMENT OF FACTS

Plaintiff No Labels is a non-profit corporation with the stated purpose of "advancing commonsense reforms and convening officeholders from both major [political] parties in an effort to find bipartisan solutions to the nation's problems." (D.I. 126, ¶ 21). It is organized under the laws of the District of Columbia, and the District of Columbia is its principal place of business. (D.I. 126, ¶ 5). The Complaint alleges that Defendants violated federal law, Delaware law, and D.C. law by obtaining the domain name nolabels.com and publishing a "copycat" website at that domain, which purported to spread false and misleading information about Plaintiff. (D.I. 126, generally).

The Complaint names the following as Defendants: NL.com, Joshua Silver, Charles Siler, Lucy Caldwell, APP, and RT Group. This brief focuses on Defendant APP.

APP was formed in September 2023 in the District of Columbia. *See* Ex. A, Joshua Silver Affidavit ¶ 5. Like Plaintiff No Labels, APP's principal place of business and its place of incorporation was the District of Columbia. *Id.* ¶ 6. APP was dissolved on or about March 14, 2024, and has no assets. *Id.* ¶ 5. APP has never transacted business in the State of Delaware, has never had any physical presence in the State, and has never supplied any goods or services in the State. *Id.* ¶¶ 7, 9, 10.

2

# ARGUMENT

Determining whether the Court has specific[1] personal jurisdiction over a nonresident company requires a two-step approach. *Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 699 (D. Del. 2001). First, the Court must determine whether the Delaware long-arm statute authorizes jurisdiction. *Azubuko v. Comm'r of Police-City of Boston*, Civ. No. 05-094-SLR, 2005 U.S. Dist. LEXIS 6558 (D. Del. Apr. 13, 2005); 10 Del. C. § 3104(c). Second, the Court must determine whether exercising jurisdiction comports with constitutional due process. *See Intel Corp. v. Silicon Storage Tech., Inc.*, 20 F. Supp. 2d 690, 694 (D. Del. 1998).

Here, Plaintiff offers two reasons for jurisdiction over APP: that APP intentionally transacted business in Delaware (D.I. 126, ¶ 14) and that APP participated in a conspiracy to spread false and misleading information about Plaintiff in which a substantial act occurred in Delaware (D.I. 126, ¶ 19). Under either theory, the Court lacks jurisdiction over APP and must dismiss the case against it pursuant to Rule 12(b)(2).

### A.  Delaware's Long-Arm Statute Does Not Reach APP.

Delaware's long-arm statute can authorize personal jurisdiction over a non-resident defendant if that nonresident performs any of six enumerated acts. 10 Del. C. § 3104(c). The only enumerated act that Plaintiff asserts APP committed is that it "transact[ed] any business" in Delaware. *Id.* § 3104(c)(1). Specifically, Plaintiff alleges that APP "sold or otherwise transferred

---

[1] APP does not have contacts with Delaware that are "so continuous and systematic as to render it essentially at home," which is necessary for "general" personal jurisdiction such that it would be subject to answer any suit of any form in the State. *See Daimler AG v. Bauman*, 571 U.S. 117, 138–39, 134 S. Ct. 746 (2014) (citing *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846 (2011)). Although now dissolved, APP was incorporated in the District of Columbia and its principal place of business was in the District of Columbia. *See* Ex. A, J. Silver Aff. ¶ 6.

the infringing domain to Delaware resident Nolabels.com Inc. and thus intentionally transacted business within the State of Delaware." (D.I. 126, ¶ 14).

Even if this was factually accurate[2], it would not be sufficient to satisfy Delaware's long-arm statute. Absent evidence of continuous and systematic contacts with Delaware, entering into a transaction with a Delaware company is not sufficient to constitute the transacting of business "in the State [of Delaware]." *See Boone v. Oy Patek Ab*, 724 A.2d 1150, 1156 (Del. Super. 1997) (indicating that § 3401(c)(1) "requires that some act on the part of the defendant must have occurred in Delaware and also that plaintiff's claims arise out of that act"); *Outokump Eng'g Enters. v. Kvaerner Enviropower, Inc.*, 685 A.2d 724, 729 (Del. Super. Ct. 1996). Doing business with a Delaware company does not satisfy the statute if the business being transacted is not within the State of Delaware. *Boston Sci. Corp., v. Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 366 (D. Del. 2009).

Nothing in Plaintiff's Complaint alleges that APP actually transacted any business *in Delaware* other than the bare allegation that it transferred the domain to a Delaware entity. That allegation, without more, cannot establish that APP transacted business in Delaware. Simply put, APP transacted no business in the State of Delaware at any time during its existence. *See* Ex. A, J. Silver Aff. ¶ 7. Delaware's long-arm statute does not reach APP.

### B. Exercising Jurisdiction Over APP Would Violate APP's Due Process.

Even if Delaware's long-arm statute reached APP, exercising personal jurisdiction in this case would not be consistent with APP's constitutional right to due process. *See TriDiNetworks Ltd. v. NXP USA, nc.*, Civ. No. 19-1062-CFC-CJB, 2020 U.S. Dist. LEXIS 80654, at *5 (D. Del.

---

[2] APP did not at any time sell or otherwise transfer the domain in question to NoLabels.com Inc., but transferred it to RT Group. *See* Ex. A, J. Silver Aff. ¶ 15. While RT Group was formed in Delaware, its principal place of business was in Massachusetts. *Id.* ¶ 8.

4

May 7, 2020). "Due process is satisfied if the Court finds the existence of 'minimum contacts between the non-resident defendant and the forum state, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* at *5–6 (quoting *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 369 (D. Del. 2008) and *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

APP has no contacts with Delaware, let alone minimum contacts. *See* Ex. A, J. Silver Aff. ¶¶ 7, 9, 10. Nothing that APP did while in existence could suggest that it purposefully availed itself of the laws of the State of Delaware. Exercising jurisdiction based on APP's transfer of the domain at issue to a Delaware entity (RT Group) is insufficient to comport with due process. *See RoadSafe Traffic Sys., Inc. v. Ameriseal Northeast Fla., Inc.*, 705 F. Supp. 2d 330, 333–34 (D. Del. 2010) ("transacting business with a Delaware corporation outside of Delaware satisfies neither Delaware's long-arm statute nor due process, as there is no support for the proposition that activity directed to a Delaware corporation that conducts its business elsewhere is 'constitutionally cognizable contact with the State' of Delaware") (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)).

Even if APP owned and controlled the content of the website at issue, which is notably not true nor even *alleged*, such action would be insufficient to provide a path to personal jurisdiction in Delaware unless the website targeted Delaware residents. *See, e.g.*, *TriDiNetworks*, 2020 U.S. Dist. LEXIS 80654, at *10–11 (collecting numerous cases finding that the ownership of a website, standing alone, is not sufficient to demonstrate the requisite purposeful direction or availment for due process purposes).

## C. Plaintiff's Claims Do Not Arise from APP's Alleged Contacts.

Additionally, for both the long-arm statute analysis and the due process analysis, APP's alleged contacts with Delaware must also *specifically* give rise to Plaintiff's claims. *See Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 359, 141 S. Ct. 1017, 209 L. Ed. 2d 225 (2021) (collecting cases) ("The plaintiff's claims, we have often stated, must arise out of or relate to the defendant's contacts with the forum.") (internal quotations and citations omitted); *Sears, Roebuck & Co. v. Sears PLC*, 752 F. Supp. 1223, 1227 (D. Del. 1990) (explaining long-arm statute requires an in-state act by an out-of-state defendant "that sets in motion a series of events which form the basis for the cause of action before the court").

Plaintiff's claims are entirely based on the website in question's purported damage to Plaintiff. APP's transfer of the domain occurred well before the website went live. That transfer occurred at some point before October 17, 2023, which is the date that RT Group transferred domain control of the website to a third party in Washington, D.C. Ex. A, J. Silver Aff. ¶ 16. That October transfer of the domain, which is Plaintiff's alleged hook for jurisdiction over APP, does not give rise to the claims that Plaintiff brings. *See, e.g.*, *Sage Chem, Inc. v. Supernus Pharms., Inc.*, Civ. No. 22-1302-CJB, 2024 U.S. Dist. LEXIS 98876, at *14, *22–23 (D. Del. May 31, 2024) (detailing non-residents' lack of contacts with Delaware, explaining that alleged conduct giving rise to claims occurred outside Delaware, noting that allegations that specific LLC was formed in Delaware for the purpose of facilitating the alleged wrongdoing were lacking, and finding that alleged contacts did not give rise to plaintiff's claims).

## D. Plaintiff's Conspiracy Theory Fails To Create Jurisdiction.

Although the Delaware long-arm statute and APP's contacts with Delaware do not afford personal jurisdiction, Plaintiff purports to apply personal jurisdiction to all non-resident Defendants, including APP, based on an alleged conspiracy with Delaware-entity NL.com. (D.I.

126, ¶ 19). For a conspiracy theory of jurisdiction to withstand scrutiny for a non-resident co-conspirator, a plaintiff must make a factual showing that:

> (1) a conspiracy to defraud existed;
>
> (2) the defendant was a member of that conspiracy;
>
> (3) a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state;
>
> (4) the defendant knew or had reason to know of the act in the forum state or that acts outside the forum state would have an effect in the forum state; and
>
> (5) the act in, or effect on, the forum state was a direct and foreseeable result of the conduct in furtherance of the conspiracy.

*Instituto Bancario Italiano SpA v. Hunter Engineering Co.*, 449 A.2d 210, 225 (Del. 1982). Importantly, Delaware courts have explained that because this test runs the risk of expanding jurisdiction to defendants otherwise beyond the Court's reach, "the plaintiff must assert specific facts, not conclusory allegations." *Green v. McClive*, Civ. No. 2023-0139-MTZ, 2024 Del. Ch. LEXIS 212, at *7 & n.33 (Del. Ch. June 3, 2024) (citing *Lacey v. Motavelasco*, Civ. No. 2019-0312-SG, 2020 Del. Ch. LEXIS 308 (Del. Ch. Oct. 6, 2020) and *Hartsel v. Vanguard Gp., Inc.*, Civ. No. 5394-VCP, 2011 Del. Ch. LEXIS 89 (Del. Ch. June 15, 2011)).

### 1. Plaintiff's Broad-Brush Attempt To Lump All Defendants Together Undermines the Jurisdictional Conspiracy Theory (*Factors 1 & 2*).

The Complaint lumps the alleged conspirators together throughout the Complaint without specific allegations that legally distinct co-conspirators each acted in a way to support an allegation of conspiracy; for example, see references to "Defendants" (as a group) in Paragraphs 1–4, 19, 28–30, 32–34, 38–40, 98–99, 109, 116, 120–121, 126, 131–134, 136–139, 162–165, 167–172, 174–176. Rather than specifically attribute particular conduct to each Defendant, including to APP, the

7

Complaint repeatedly groups all Defendants together, and this allegation by broad brush undermines the argument that there are distinct co-conspirators capable of supporting a conspiracy theory of jurisdiction.

As a corporation, APP cannot conspire with its officers and agents, *Fortis Advisors LLC v. Johnson & Johnson*, Civ. No. 2020-0881-LWW, 2021 Del. Ch. LEXIS 290, at *17 (Del. Ch. Dec. 13, 2021); *Cornell Glasgow, LLC v. LA Grange Props., LLC*, Civ. No. N11C-05-016 JRS CCLD, 2012 Del. Super. LEXIS 266, at *37–39 (Del. Super. Ct. June 6, 2012); *Amaysing Techs. Corp. v. Cyberair Commc'ns, Inc.*, Civ. No. 19890-NC, 2005 Del. Ch. 35, at *26–27 (Del. Ch. Mar. 3, 2005). The Complaint alleges that APP conspired with all other Defendants, despite its assertions that these other Defendants were agents or were agents for co-Defendants. Specifically, the Complaint alleges:

-Joshua Silver was APP's principal and agent (¶¶ 9, 16), the principal and manager of RT Group (¶¶ 8, 16), and a provider of services to NL.com (¶ 11);

-Lucy Caldwell was hired by APP and was an APP consultant (¶¶ 11, 47), was an agent and service provider to NL.com (¶ 18); and worked for RT Group (¶¶ 45, 47);

-Charles Siler was hired by APP and was an APP agent and consultant (¶¶ 10, 17, 47), was an officer, agent, and founder of NL.com (¶¶ 17, 58), and worked for RT Group (¶¶ 45, 47);

-RT Group was formed by Mr. Silver for "his consulting services" and all three individual Defendants worked for RT Group (¶¶ 8, 16, 45, 47);

-and NL.com had services performed for it by all three individual Defendants (¶¶ 11, 17, 18, 58).

The Complaint's blurred lines suggest that all three entities were under common control and does not allege that the interests, economic or otherwise, of the three entities were any

8

different. *See, e.g.*, *Fortis Advisors*, 2021 Del. Ch. LEXIS 290, at *18–19 & n. 96; *Dow Chem. Co. v. Organik Kimya Holding A.S.*, Civ. No. 12090-VCG, 2017 Del. Ch. LEXIS 776, at *28–31 (Del. Ch. Oct. 19, 2017) (explaining plaintiff's alleged conspiracy theory of jurisdiction fails because entities cannot conspire with themselves).

APP cannot have conspired with its agents (each of the individual Defendants) nor other entities alleged to be under common control and for which APP's agents also worked. Accordingly, a conspiracy could not exist (*Factor 1*), and if a conspiracy could not exist, APP could not be a member to such conspiracy (*Factor 2*).

### 2. The Complaint Does Not Allege a Substantial Act *in Delaware* that was Integral to the Alleged Conspiracy (*Factor 3*).

The Complaint asserts that the substantial act in furtherance of the conspiracy was NL.com's incorporation in Delaware. (D.I. 126, ¶ 19). The incorporation of NL.com was not integral to the alleged conspiracy. *Fortis Advisors*, 2021 Del. Ch. LEXIS 290, at *15–16 (explaining that the formation of a Delaware entity must be more than a "tenuous link" to the claimed injuries, and must be central to the plaintiff's claims of wrongdoing to sustain a conspiracy jurisdictional theory). Plaintiff's alleged harm does not arise from this act, but from the allegedly wrongful acquisition of the domain nolabels.com and the resulting publication of the website in question. As a result, this factor is not met. *See BV Advisory Partners, LLC v. Quantum Computing, Inc.*, Civ. No. 2022-0719-SG, 2024 Del. Ch. LEXIS 196, at *23 & n.119, *25 (Del. Ch. May 28, 2024) (quoting *Lone Pine Res., LP v. Dickey*, Civ. No. 2020-0450-MTZ, 2021 Del. Ch. LEXIS 114 (Del. Ch. June 7, 2021) ("[F]ormation of a Delaware entity may only serve as the basis for personal jurisdiction where there is a sufficient nexus between the formation and the alleged wrongful conduct.")); *see also Ramco Asset Mgmt., LLC v. USA Rare Earth, LLC*, Civ. No. 2022-0665-SG, 2023 Del. Ch. LEXIS 456, at *17 (Del. Ch. Oct. 20, 2023) (finding no substantial act in Delaware

for the purpose of facilitating the alleged conspiracy, and finding that such an act was not foreseeable); *Altabef v. Neugarten*, Civ. No. 2021-0117-MTZ, 2021 Del. Ch. LEXIS 294, at *18 & n.100 (Del. Ch. Dec. 15, 2021).

For example, the domain in question could have been (and was, in fact) acquired without NL.com incorporating, in Delaware or anywhere else. Likewise, the website in question could have been published without NL.com incorporating, in Delaware or anywhere else. This distinguishes this Complaint's allegations from allegations where the actual act of organizing an entity in Delaware was part of a larger wrongful scheme where the act of organizing was integral to the scheme. *See, e.g.*, *Vichi v. Koninklijke Philips Elecs. N.V.*, Civ. No. 2578-VCP, 2009 Del. Ch. 209, at *28–29 (Del. Ch. Dec. 1, 2009) (supporting jurisdiction where organization of Delaware special purpose vehicle was part of larger wrongful scheme after plausible showing that non-resident never intended plaintiff's investment in newly created vehicle to stay with vehicle, knew vehicle was not properly capitalized, and knew that there was no realistic possibility that plaintiff would be repaid); *Virtus Capital L.P. v. Eastman Chem. Co.*, Civ. No. 9808-VCL, 2015 Del. Ch. LEXIS 34, at *40–42 (Del. Ch. Feb. 11, 2015) (finding formation of liquidating vehicles to be an integral part of process that led to the challenged transaction).

### 3. APP Did Not Know, Nor Could It Have Known, that the Alleged Conspiracy Would Have an Effect or Effects <u>in Delaware</u> (*Factors 4 & 5*).

The fourth and fifth factors address due process concerns. *See Virtus Capital L.P.*, 2015 Del. Ch. LEXIS 34, at *36. The Complaint makes no effort to allege how APP (or any one Defendant) knew or could have known that the alleged conspiracy would have an effect inside Delaware, likely because it fails to allege that any effect *actually* did occur within Delaware.

The Complaint simply states, in conclusory fashion, that "Upon information and belief, each conspirator knew or had reason to know of the copycat website or that acts outside of

10

Delaware, including the numerous meetings and communications about spreading false information related to No Labels would have an effect or effects inside Delaware." (D.I. 126, ¶ 19). The Complaint continues, "Further, publication of the copycat website by Nolabels.com Inc., and the spreading of misinformation about No Labels inside Delaware, was a direct and foreseeable result of conduct that furthered the conspiracy." *Id.* Those statements essentially just restate the fourth and fifth Factors.

Plaintiff cannot assert facts to support these conclusory allegations because there is no evidence of any alleged harm being directed *inside Delaware*. Plaintiff No Labels has no viable connection to Delaware, nor does the Complaint allege any, and thus APP could not have known (nor had a reason to know) that any of the alleged acts would have an effect or effects inside Delaware. *See, e.g.*, *Lone Pine Res.*, 2021 Del. Ch. LEXIS 114, at *22 & n.75 (finding similarly pled conclusory allegations insufficient to show that defendants took action in Delaware or that the effect of their actions was felt in Delaware). The Complaint even acknowledges that "[m]uch of th[e] work was done within the District of Columbia and/or organized by individuals or entities located or working in the District of Columbia." (D.I. 126, ¶ 168).

This is, for example, different than the situation in *Hercules, Inc.*, where the non-resident defendant knew, or had reason to know, that its acts "had an effect in Delaware by its impact on a Delaware company with its principal place of business in that State." *See Hercules, Inc. v. Leu Trust & Banking, Ltd.*, 611 A.2d 476, 483 (Del. 1992). As in *BV Advisory Partners*, Plaintiff's Complaint does not allege that any defendant took an action to further the alleged conspiracy to have an effect on Plaintiff **in Delaware**. *BV Advisory Partners*, 2024 Del. Ch. LEXIS 196, at *25–26; *see also Mehra v. Teller*, Civ. No. 2019-0812-KSJM, 2023 Del. Ch. LEXIS 51, at *40–41 (Del. Ch. Feb. 28, 2023) (explaining that absent a qualifying act directed to Delaware, non-resident

11

defendant could have no reason to know that such a nonexistent act would have an effect in Delaware).

## CONCLUSION

For the reasons explained herein, the Court should grant APP's motion to dismiss for lack of personal jurisdiction and dismiss the case against APP with prejudice.

Respectfully submitted this 16th day of May, 2025.

/s/ *Elizabeth S. Fenton*
Elizabeth S. Fenton (Bar No. 5563)
**BARNES & THORNBURG LLP**
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801-1058
Telephone: (302) 267-1515
Facsimile: (302) 300-3456
Email: efenton@btlaw.com

Matthew O. Gatewood*
**GATEWOOD PLLC**
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
(202) 464-1441
mog@gatewood-law.com
**Pro Hac Vice* Application Forthcoming

*Counsel for American Patriot Project, Inc.*
