# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NO LABELS,<br><br>　Plaintiff,<br><br>　　v.<br><br>DELCO0222024, INC., AMERICAN PATRIOT PROJECT, INC., RT GROUP LLC, JOSHUA SILVER, CHARLES SILER, and LUCY CALDWELL,<br><br>　Defendants. | C.A. No. 23-1384-GBW |

## OPENING BRIEF IN SUPPORT OF
## RT GROUP LLC'S MOTION TO DISMISS COUNT IX

Elizabeth S. Fenton (Bar No. 5563)
**BARNES & THORNBURG LLP**
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801-1058
Telephone: (302) 267-1515
Facsimile: (302) 300-3456
Email: efenton@btlaw.com

Matthew O. Gatewood\*
**GATEWOOD PLLC**
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
(202) 464-1441
mog@gatewood-law.com
\**Pro Hac Vice* Application Forthcoming

*Counsel for RT Group LLC*

Dated: May 16, 2025

## **TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF PROCEEDINGS ............................................................................... 1
SUMMARY OF ARGUMENT..................................................................................................... 1
STATEMENT OF FACTS ............................................................................................................ 2
ARGUMENT ................................................................................................................................. 2
    I.    Plaintiff Lacks Standing To Bring Count IX. ................................................................... 2
    II.   Even if the Plaintiff Has Standing To Bring Count IX, Count IX Fails To State a
          Claim. ................................................................................................................................ 4
CONCLUSION.............................................................................................................................. 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Archie v. U.S. Bank, N.A.*,
    255 A.3d 1005 (D.C. 2021) ................................................................................................3

*Hawthorne v. Rushmore Loan Mgmt. Servs., LLC*,
    2021 U.S. Dist. LEXIS 163267 (D.D.C. Aug. 30, 2021) ....................................................4

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ..................................................3

*Shaw v. Marriott Int'l, Inc.*,
    605 F.3d 1039 (D.C. Cir. 2010) ..........................................................................................3

**Statutes**

D.C. Code § 28-3904(g)...........................................................................................1, 2, 3, 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)..................................................................................................................1

Fed. R. Civ. P. 12(b)(6)..................................................................................................................1

RT Group LLC ("RT Group") brings this partial motion to dismiss because Plaintiff lacks standing to bring Count IX of the Amended Complaint (D.I. 126), or alternatively, if Plaintiff has standing to bring Count IX, that Count fails to state a claim upon which relief can be granted. RT Group is otherwise answering the remainder of the Complaint's allegations. RT Group will file that responsive pleading after the filing of its Rule 12(b) motion.

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff No Labels filed this case on December 4, 2023 against NoLabels.com Inc. (now named DELCO0222024, Inc.) ("NL.com") (D.I. 1). The Court granted Plaintiff's Motion for Temporary Restraining Order on December 15, 2023 (D.I. 26) and later entered a Preliminary Injunction on February 22, 2024 (D.I. 79). Plaintiff conducted discovery from NL.com and various third parties for more than a year, and then filed the Amended Complaint on February 28, 2025 (D.I. 126-2). The Amended Complaint asserts 10 counts and purports to add three individual defendants (Joshua Silver, Charles Siler, and Lucy Caldwell) and two entity defendants (RT Group and American Patriot Project, Inc.).

## SUMMARY OF ARGUMENT

The Court must dismiss Count IX pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiff lacks standing to bring this District of Columbia Consumer Protection Act claim because Plaintiff is not a consumer; the Court, therefore, lacks subject matter jurisdiction over this count.

Alternatively, this Count should be dismissed pursuant to Rule 12(b)(6) because it fails to state a claim upon which relief can be granted.

1

**STATEMENT OF FACTS**

Plaintiff No Labels is a non-profit corporation with the stated purpose of "advancing commonsense reforms and convening officeholders from both major [political] parties in an effort to find bipartisan solutions to the nation's problems." (D.I. 126, ¶ 21). It is organized under the laws of the District of Columbia, and the District of Columbia is its principal place of business. (D.I. 126, ¶ 5). The Complaint names the following as Defendants: NL.com, Joshua Silver, Charles Siler, Lucy Caldwell, American Patriot Project, Inc., and RT Group.

The Complaint alleges that Defendants violated federal law, Delaware law, and District of Columbia law by obtaining the domain name nolabels.com and publishing a "copycat" website at that domain, which purported to spread false and misleading information about Plaintiff. (D.I. 126, generally).

This brief focuses on Count IX, which is brought pursuant to D.C. Code § 28-3904(g).

**ARGUMENT**

**I.      Plaintiff Lacks Standing To Bring Count IX.**

Plaintiff purports to bring Count IX under D.C. Code § 28-3904(g). (D.I. 126, ¶¶ 166–172). Although the Complaint does not identify the name of the operative statute, this code provision is part of the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901 to -3913 (2009) ("the Consumer Act"). Caselaw is clear that the Consumer Act only protects consumers. Nothing in the Complaint suggests that Plaintiff No Labels was acting as a "consumer" here. Because Plaintiff lacks any rights under the Consumer Act, they could not have suffered an injury-in-fact stemming from a violation of the statute, and accordingly lack Article III standing to bring this claim.

To bring a claim in federal court, a plaintiff must satisfy the "irreducible constitutional minimum" of Article III standing: injury-in-fact, causation, and redressability. *See Lujan v.*

2

*Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The violation of a statute can create the particularized injury required by Article III if "an individual right" has been "conferred on a person by statute." *Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1042 (D.C. Cir. 2010) (quoting *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 619 (D.C. Cir. 2006).

District of Columbia law controls Count IX. As the United States Court of Appeals for the D.C. Circuit has explained, even though "person" is defined broadly in the Consumer Act, the District of Columbia Court of Appeals has held that the Consumer Act protects only consumers. *Id.* (citing *Ford v. ChartOne, Inc.*, 908 A.2d 72, 81 (D.C. 2006) and *Dist. Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 717 (D.C. 2003)). The District of Columbia Court of Appeals "has repeatedly concluded that the [Consumer Act] was designed to police trade practices arising only of consumer-merchant relationships." *Archie v. U.S. Bank, N.A.*, 255 A.3d 1005, 1020 (D.C. 2021) (internal citations omitted). In *Shaw*, the D.C. Circuit reviewed the Consumer Act's definitions of "consumer" and concluded that "consumer" was "a person who receives or demands goods or services that are primarily for personal, household, or family use." *Shaw*, 605 F.3d at 1043. Nothing in the Complaint can suggest that Plaintiff No Labels was acting as a "consumer" here.

Plaintiff accordingly lacks Article III standing to bring a claim under this Consumer Act in federal court. *See id.* at 1044 (finding two individuals lacks Article III standing to bring Consumer Act claims because they were not engaged in consumer transactions within the meaning of the Consumer Act and thus were not entitled to that statute's protections).

**II.     Even if the Plaintiff Has Standing To Bring Count IX, Count IX Fails To State a Claim.**

Even if the Plaintiff has standing to bring the Consumer Act claim, the Complaint would still fail to state a claim upon which relief can be granted under the Consumer Act because that statute does not protect businesses engaged in commercial activity. *See id.* at 1044–45 (finding that even though a business had standing because it had alleged pecuniary injury, the Consumer Act protects only consumer transactions and does not apply where transactions were not for personal, household, or family reasons); *Hawthorne v. Rushmore Loan Mgmt. Servs., LLC*, 2021 U.S. Dist. LEXIS 163267, at *37–42 (D.D.C. Aug. 30, 2021) ("[N]othing in the complaint suggests that Plaintiff engaged in any transaction with [defendant] to acquire goods or services 'primarily' for her 'personal, household, or family use.'").

## CONCLUSION

For the reasons explained herein, the Court should dismiss Count IX with prejudice. Respectfully submitted this 16th day of May, 2025.

/s/ *Elizabeth S. Fenton*
Elizabeth S. Fenton (Bar No. 5563)
**BARNES & THORNBURG LLP**
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801-1058
Telephone: (302) 267-1515
Facsimile: (302) 300-3456
Email: efenton@btlaw.com

Matthew O. Gatewood*
**GATEWOOD PLLC**
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
(202) 464-1441
mog@gatewood-law.com
**Pro Hac Vice* Application Forthcoming

*Counsel for RT Group LLC*

4