**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| No Labels<br>  Plaintiff,<br><br>      v.<br><br>DELCO0222024, INC., et al.,<br>  Defendants. | CIVIL ACTION NO.<br>1:23-CV-01384-GBW |

**MEMORANDUM IN SUPPORT OF MS. LUCY CALDWELL'S MOTION TO DISMISS**
**PURSUANT TO RULE 12(b)(2)**

DATED: MAY 16, 2025.

*/s/ Mark M. Billion*
Mark M. Billion (DE Bar No. 5263)
Peter K. Schaeffer (DE Bar No. 5155)
BILLION LAW
20184 Coastal Hwy. Suite 205
Rehoboth Beach, DE 19971
Tel: 302.428.9400
Email: markbillion@billionlaw.com

*Attorneys for Defendant Lucy Caldwell*

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

II.   SUMMARY OF THE ARGUMENT ................................................................................... 1

III.  FACTS ................................................................................................................................. 2

    A.    The Domain's Acquisition ........................................................................................ 3

    B.    The Creation of the Website .................................................................................... 3

    C.    The Creation of NoLabels.com, Inc. ....................................................................... 4

    D.    The Website's Operation .......................................................................................... 4

    E.    Defendants' Connections to Delaware ..................................................................... 4

IV.   LEGAL STANDARDS ....................................................................................................... 5

    A.    Delaware's Long-Arm Statute ................................................................................. 6

    B.    Constitutional Due Process ....................................................................................... 7

    C.    Plaintiff's Burden ..................................................................................................... 8

V.    ANALYSIS .......................................................................................................................... 8

    A.    Direct Claims Under Delaware's Long Arm Statute ............................................... 8

        *1.    The Website Cannot Justify Long-Arm Jurisdiction* .................................... 9

        *2.    Exercising Jurisdiction Over Ms. Caldwell Based on the Website Would Offend Due Process* ................................................................................................ 10

        *3.    Ms. Caldwell's Role with NL.com Does Not Confer Long-Arm Jurisdiction, Either* ... 13

        *4.    Again, Exercising Jurisdiction Over Ms. Caldwell Would Offend Due Process* .......... 14

    B.    Conspiracy Jurisdiction Under Delaware's Long Arm Statute ................................... 15

        *1.    A Conspiracy Cannot Exist* ....................................................................... 16

        *2.    No Substantial Act in Furtherance of the Conspiracy Occurred in Delaware* ............. 17

        *i.    The Website Does Not Suffice* ................................................................. 17

        *ii.    Forming NL.com Also Does Not Suffice* .................................................. 18

        *iii.    Plaintiff Cannot Satisfy Istituto Bancario Elements (4)-(5), Either* ......................... 19

    C.    The Court Should Deny Any Request for Jurisdictional Discovery ........................... 20

VI.   CONCLUSION .................................................................................................................... 20

## **TABLE OF AUTHORITIES**

**Cases**

*Abajian v. Kennedy*, No. CIV. A. 11425, 1992 WL 8794 (Del. Ch. Jan. 17, 1992) .................... 14

*ACCO Brands USA LLC v. Performance Designed Prods. LLC*, No. CV 23-437 (GBW), 2024
    WL 181545, at *2 (D. Del. Jan. 17, 2024) ................................................................. 8

*Adtile Techs. Inc. v. Perion Network Ltd.*, 192 F. Supp. 3d 515 (D. Del. 2016) ........................ 12

*Allergy Rsch. Grp. LLC v. Rez Candles Inc.*, No. 2:21-CV-73-TC-JCB, 2021 WL 3862326 (D.
    Utah Aug. 30, 2021) ................................................................................................ 14

*Altabef v. Neugarten*, Civil Action No. 2021-0117-MTZ, 2021 WL 5919459 (Del. Ch. Dec. 15,
    2021) ................................................................................................................ 17

*Amaysing Techs. Corp. v. Cyberair Commc'ns, Inc.*, No. CIV.A. 19890-NC, 2005 WL 578972
    (Del. Ch. Mar. 3, 2005) ........................................................................................ 17

*Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F.Supp. ........................................................ 13

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) ................................................... 8

*Cf. Think Rubix, LLC v. BE WOKE.VOTE*, No. 4:21-CV-00004-BRW, 2021 WL 1148722 (E.D.
    Ark. Mar. 25, 2021) ............................................................................................ 11

*Colur World, LLC v. Schneider Med. Industries* No. CV 24-1507, 2024 WL 3889620 (E.D. Pa.
    Aug. 21, 2024) ............................................................................................... 11, 12

*Coug & Co., Inc. v. Cougar Paws, Inc.*, No. 4:21-CV-271-JAJ-HCA, 2022 WL 1439848 (S.D.
    Iowa Jan. 5, 2022) ............................................................................................ 11

*Crescent/Mach I Partners, L.P. v. Turner*, 846 A.2d 963, 976–77 (Del. Ch. 2000) .................... 18

*Curam, LLC v. Gray*, No. N23C-12-206 MAA CCLD, 2025 WL 733256, at *4 (Del. Super. Ct.
    Mar. 6, 2025) ............................................................................................... 5, 16

*Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) ....................................................... 7

*Dan Dee Int'l, LLC v. Glob. New Ventures Grp. LC*, No. CV 23-1274-GBW, 2024 WL 3043430,
    at *3–4 (D. Del. June 18, 2024) ............................................................................ 7

*Dow Chem. Co. v. Organik Kimya Holding A.S.*, No. CV 12090-VCG, 2017 WL 4711931 (Del. Ch. Oct. 19, 2017) ................................................................................................. 17

*E.g.*, *Power Home Remodeling Grp., LLC v. Stuckenschneider*, No. 2:23-CV-02880-JDW, 2024 WL 4336728, at *3 (E.D. Pa. Sept. 27, 2024) .......................................................... 6

*E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, 197 F.R.D. 112, 119 (D. Del. 2000) ................................................................................................................ 5

*Eco Pro Painting, LLC v. Sherwin-Williams Co.*, 807 F. Supp. 2d 732 (N.D. Ill. 2011) ............. 12

*Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147 (3d Cir.2010) .... 13, 20

*Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op*, 17 F.3d 1302 (10th Cir. 1994) ........ 12

*Fortis Advisors LLC v. Johnson & Johnson*, No. CV 2020-0881-LWW, 2021 WL 5893997 (Del. Ch. Dec. 13, 2021) ......................................................................................... 16, 18, 19

*Gibralt Cap. Corp. v. Smith*, No. 17422, 2001 WL 647837 (Del. Ch. May 9, 2001) ............ 13, 18

*Green v. McClive*, No. CV 2023-0139-MTZ, 2024 WL 2815794 (Del. Ch. June 3, 2024) ......... 19

*Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 663 F. Supp. 2d 1138 (D.N.M. 2009) ......... 10

*Hartsel v. Vanguard Grp., Inc.*, 2011 WL 2421003 (Del.Ch. June 15, 2011) .......................... 8, 15

*Homesource, Corp. v. Retail Web Servs.*, LLC, No. CV 18-11970-ECR-KMW, 2020 WL 12188147 (D.N.J. Mar. 30, 2020) ........................................................................... 16

*In re Verestar, Inc.*, 343 B.R. 444 (Bankr. S.D.N.Y. 2006) ........................................................ 16

*inno360, Inc. v. Zakta, LLC*, 50 F. Supp. 3d 587, 593–96 (D. Del. 2014) ............................... 10, 20

*Istituto Bancario Italiano SpA v. Hunter Eng'g Co.*, 449 A.2d 210 (Del. 1982) ............ 6, 8, 18, 19

*Kloth v. S. Christian Univ.*, 494 F. Supp. 2d 273 (D. Del. 2007) ................................................ 10

*Konstantino v. AngioScore, Inc.*, No. CV 9681-CB, 2015 WL 5770582 (Del. Ch. Oct. 2, 2015) (cleaned up) ................................................................................................................ 19

*LaNuova*, 513 A.2d ..................................................................................................................... 18

*L'Athene, Inc. v. Earthspring LLC*, 570 F. Supp. 2d 588 (D. Del. 2008) ................................... 11

*Marten v. Godwin*, 499 F.3d 290 ................................................................................................ 12

*Mktg. Prods. Mgmt., LLC v. HealthandBeautyDirect.com, Inc.*, No. 02C-04-256 CLS, 2004 WL
    249581 (Del. Super. Ct. Jan. 28, 2004) ........................................................................ 16, 18

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 502 (D. Del. 2017) ............. 8

*Osco Motors Co., LLC v. Marine Acquisition Corp.*, No. CV 13-868-RGA/MPT, 2014 WL
    2875374 (D. Del. June 24, 2014) ....................................................................................... 14

*Power Home Remodeling Grp., LLC v. Stuckenschneider*, No. 2:23-CV-02880-JDW, 2024 WL
    4336728  (E.D. Pa. Sept. 27, 2024) .................................................................................... 12

*Puff Corp. v. KandyPens, Inc.*, No. 20-976-CFC, 2020 WL 6318708 (D. Del. Oct. 28, 2020) ... 10

*Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, No. CIVA 09-022-SLR/MPT, 2009 WL
    5184350 (D. Del. Dec. 23, 2009) ................................................................................. 13, 14

*Republic Bus. Credit, LLC v. Metro Design USA, LLC*, No. CV N15C-09-233 JRJ, 2016 WL
    3640349 (Del. Super. Ct. June 29, 2016) ............................................................................ 18

*RMG Media, LLC v. iBoats, Inc.*, No. 20-CV-290-RGA, 2021 WL 1227730 (D. Del. Mar. 31,
    2021) .................................................................................................................................... 10

*Rockwell Automation, Inc. v. EU Automation, Inc.*, No. CV 21-1162 (MN), 2022 WL 3576231
    (D. Del. Aug. 19, 2022) ...................................................................................................... 10

*SDF Funding LLC v. Fry*, No. CV 2017-0732-KSJM, 2022 WL 1521309, at *2 (Del. Ch. May
    13, 2022) ............................................................................................................................... 8

*Sears, Roebuck & Co. v. Sears plc*, 752 F. Supp. 1223 (D. Del. 1990) .......................................... 9

*Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039 (D.C. Cir. 2010) ...................................................... 10

*Stimwave Techs. Inc. v. Perryman*, No. CV 2019-1003-SG, 2020 WL 6735700, at *5 (Del. Ch.
    Nov. 17, 2020) ...................................................................................................................... 8

*Stonebrook Jewelry, LLC v. Revolution Jewelry Works, Inc.*, 687 F. Supp. 3d 1185 (D. Utah
    2023) .................................................................................................................................... 11

*Straka v. Clement*, No. 8:24CV24, 2024 WL 5158786 (D. Neb. Dec. 17, 2024) ........................ 11

*Tolliver v. Qlarant Quality Sols., Inc.*, C.A. No. K21C-06-040 NEP, 2022 WL 17097602 (Del. Super. Ct. Nov. 21, 2022) ........................................................................................... 14

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) ............................................... 10

*TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 641 (D. Del. 2008) ............... 7

*Walden v. Fiore*, 571 U.S. 277 (2014) ........................................................................... 9, 13, 14

*Zausner Foods Corp. v. ECB USA, Inc.*, No. CV 20-1769-RGA-CJB, 2022 WL 609110 (D. Del. Jan. 31, 2022) ......................................................................................................... 14

**Statutes**

10 Del. C. § 3104(c)(3) ............................................................................................................ 9

10 Del. C. § 3104(c) ................................................................................................................. 6

10 Del. C. 3104(c)(1) .............................................................................................................. 14

**Other Authorities**

18 *Fletcher Cyc. Corp.* § 8642.50 ........................................................................................... 16

5 *Callmann on Unfair Comp., Tr. & Mono.* § 24:14 (4th ed.) ................................................... 14

5 *McCarthy on Trademarks and Unfair Competition* § 32:64 (5th ed.) ................................... 10

Wright & Miller, 13D *Fed. Prac. & Proc. Juris.* § 3566 (3d ed.) ............................................. 15

**Rules**

Rule 12(b)(2) ........................................................................................................................... 5

# I.    NATURE AND STAGE OF THE PROCEEDINGS

On December 4, 2023, the Plaintiff filed its initial suit, naming only NoLabels.com Inc. nka DELCO0222024, INC. ("NL.com") as a Defendant. [D.I. 1]. A temporary restraining order was entered against NL.com on December 15, 2023. [D.I. 26]. On February 22, 2024, this Court entered a preliminary injunction. [D.I. 79.]

On February 28, 2025, the Plaintiff filed its Amended Complaint (the "FAC"). [D.I. 126.]

# II.    SUMMARY OF THE ARGUMENT

Plaintiff asserts that three political operatives and three associated companies came together to purchase the internet domain "nolabels.com" (the "Domain") and put up a website (the "Website") that infringed on the Plaintiff's trademarks.

They make no bones about where all this happened, forthrightly stating, "[m]uch of this work was done within the District of Columbia and/or organized by individuals or entities located or working in the District of Columbia." (FAC ¶168.) Plaintiff even advances claims under D.C. law. **In doing so, Plaintiff tacitly admits the plainly obvious: This action has <u>nothing</u> to do with Delaware**.

The Website was designed for, and advertised to, a national audience. It was produced and hosted in Washington, D.C. None of the Defendants have a physical presence in Delaware. In fact, but for this Court's general jurisdiction over NL.com, this case could not have been brought here initially.

Given the distance between the claims and the forum, it is not surprising that Ms. Caldwell lacks minimum contacts. Accordingly, the claims against her should be dismissed for six distinct reasons:

**First,** Delaware's long-arm statute does not confer jurisdiction over a generally available website that was created and hosted outside of the state. In addition, asserting jurisdiction under these circumstances is inconsistent with due process.

**Second,** Delaware's long-arm statute does not provide jurisdiction over employees, contractors and agents of Delaware companies in the absence of in-state activity. In addition, asserting jurisdiction under these circumstances is also inconsistent with due process.

**Third,** conspiracy jurisdiction requires a conspiracy, and the intra-corporate conspiracy doctrine precludes such a finding in this case.

**Fourth,** conspiracy jurisdiction requires a substantial in-forum act. For the formation of NL.com (the only event actually occurring in Delaware) to be considered substantial, it must be "central," "integral," and "set in motion a series of events which form the basis for the cause of action before the court." It was nothing of the sort. In reality, it was a collateral player that never even obtained legal title to the Domain.

**Fifth,** asserting conspiracy jurisdiction on these facts does not comport with due process.

**Sixth,** because the underlying tort was not committed in Delaware, asserting conspiracy jurisdiction over Ms. Caldwell – an out-of-state resident who has not committed any act in the forum – violates due process.

### III.    FACTS

Although Plaintiff did own the Domain at one time, they let its registration lapse in 2021. *E.g.*, https://web.archive.org/web/20211211163930/http://nolabels.com.

### A.      The Domain's Acquisition

Two years later, the Domain was listed for sale on GoDaddy.com. (May 15, 2025, *Affidavit of Charles Siler in Support of Motion to Dismiss Pursuant to Rule 12(b)(2)* [hereinafter, "Siler"] [D.I. 133, Ex. 3] ¶6.)

Mr. Siler, a contractor for American Patriot Project, Inc. ("APP"), noticed the listing during a routine search for politically useful web properties. (*Id.*) Within hours of his discovery, Mr. Siler asked APP to acquire the Domain. (*Id.* at ¶7.)

APP agreed, initially leasing the Domain on September 24, 2023. (*Id.* at ¶8.) On October 11, 2023, APP paid off the remaining lease balance, taking full ownership of the Domain. (*Id.* at ¶9.) Within the week, APP transferred the Domain to RT Group LLC ("RTG"). (*Id.* at ¶10.)

On October 17, 2023, RTG transferred the Domain to Washington D.C. web developer Steven Solomon. (*Id.* at ¶11; May 25, 2025, *Declaration of Stephen Solomon in Support of Motion to Dismiss Pursuant to Rule 12(b)(2)* [hereinafter, "Solomon"] [D.I. 133, Ex. 4] ¶7.) Solomon, in turn, agreed to return the Domain to RTG on request. (Siler ¶12; Solomon ¶8.) No request was ever made; the Domain remained in Solomon's name until it was transferred to Plaintiff. (Siler ¶13; Solomon ¶9.)

### B.      The Creation of the Website

Mr. Siler's plan was to use the Domain to host the Website, which would highlight the undesirable candidates that the Plaintiff's "movement" was attracting. (Siler ¶14.) On October 14, 2023, Mr. Siler drafted the Website's content. (*Id.* at ¶15.) He circulated it to APP executive, Mr. Silver, and to Ms. Caldwell, an APP consultant, for comment. (*Id.* at ¶16.)

Mr. Siler then supplied the site content to Solomon. (*Id.*; Solomon ¶10.) Solomon, who was first contacted about the matter on October 6, 2023, created the Website entirely outside of

Delaware. (*Id*. at ¶¶6, 17; Siler ¶27.) The first iteration was completed on October 31, 2023, and the Website went live on November 16, 2023. (Siler ¶¶17, 18; Solomon ¶¶11, 12.) Solomon was paid by APP for his work on November 20, 2023. (Siler ¶19; Solomon ¶13.)

### C.    The Creation of NoLabels.com, Inc

On November 7, 2023, Mr. Siler formed NoLabels.com, Inc. ("NL.com"). Mr. Siler and Michael McCauly, as assistant treasurer, were NL.com's sole officers. (Siler ¶¶20, 21.) Mr. Silver and Ms. Caldwell have never served as officers or directors of NL.com. (*Id*. at ¶22.)

### D.    The Website's Operation

Starting on November 29, 2023, Solomon purchased ads related to the keywords "no labels" on Google's AdWords platform. (Solomon ¶15, 18.) The Website remained active for just 29 days and received thirty-five contact form inquiries. (*Id*. at ¶14; Siler ¶23.) It was hosted entirely outside of Delaware. (Solomon ¶¶5, 16, 17.)

### E.    Defendants' Connections to Delaware

None of the individual defendants have any connection to Delaware. Mr. Siler and Ms. Caldwell are Arizona residents. (Siler ¶2; May 25, 2025, *Affidavit of Lucy Caldwell in Support of Motion to Dismiss Pursuant to Rule 12(b)(2)* [hereinafter, "Caldwell"] [D.I. 133, Ex. 1] ¶2.) Mr. Silver is a Massachusetts resident. (May 25, 2025, *Affidavit of Joshua Silver in Support of Motion to Dismiss Pursuant to Rule 12(b)(2)* [hereinafter, "Silver"] [D.I. 133, Ex. 2] ¶2.) None of them have ever resided, even temporarily, in Delaware. (Siler ¶2; Caldwell ¶2; Silver ¶3.) They do not own real estate in Delaware, nor visit for work or pleasure. (Siler ¶4; Caldwell ¶5; Silver ¶12.) In fact, none of them set foot in Delaware between October 1, 2023, and the date of this action, December 4, 2023. (Siler ¶3; Caldwell ¶4; Silver ¶11.)

While RT Group LLC ("RTG") and NL.com are Delaware entities, neither has ever had any physical presence in the state. (Siler ¶25.) APP is a Washington, D.C. entity that has been dissolved. It, too, has never had any physical presence in Delaware. (Silver ¶¶6,7.) None of these entities has ever supplied goods or services in the state. (Siler ¶25; Silver ¶10.)

The Website was not targeted to Delaware. None of the Adwords' keywords had anything to do with the state. (Siler ¶27; Caldwell ¶11; Solomon ¶18.) NL.com conducted no fundraising or solicitation, so by extension, none occurred in Delaware. (Siler ¶28.) NL.com did not respond to any inquiries from individuals interested in joining the No Labels movement. (Siler ¶29.)

For what it is worth, there is also no evidence that any Delaware resident suffered any harm. None of the thirty-five people that provided their contact information to NL.com are known Delaware residents. (Caldwell ¶8.) The four purportedly confused consumers are also not Delaware residents. (See D.I. 6, 76; Wadsworth Tr. 2.)

## IV.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(2) requires the Court to dismiss any case in which it lacks personal jurisdiction. *E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, 197 F.R.D. 112, 119 (D. Del. 2000). To assess the Plaintiff's claim of personal jurisdiction, the Court must apply "a two-pronged analysis, first considering whether Delaware's Long Arm Statute is applicable, and then determining whether subjecting the nonresident defendant to jurisdiction in Delaware violates the Due Process clause of the Fourteenth Amendment." *Curam, LLC v. Gray*, No. N23C-12-206 MAA CCLD, 2025 WL 733256, at *4 (Del. Super. Ct. Mar. 6, 2025).

### A.    Delaware's Long-Arm Statute

Under Delaware law, a foreign defendant may be subject to jurisdiction based on a) their own direct contacts or b) the direct contacts of their co-conspirators. *Istituto Bancario Italiano SpA v. Hunter Eng'g Co.*, 449 A.2d 210 (Del. 1982)[1].

The direct contacts conferring jurisdiction under Delaware's Long-Arm statute are:

(1) Transacting any business or performing any character of work or service in the State;

(2) Contracting to supply services or things in this State;

(3) Causing tortious injury in the State by an act or omission in this State;

(4) Causing tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5) Having an interest in, using or possessing real property in the State; or

(6) Contracting to insure or act as surety.

10 Del. C. § 3104(c).

The direct contacts of a defendant's co-conspirators only confer jurisdiction if the five-part test set out in *Istituto Bancario Italiano SpA v. Hunter Eng'g Co., 449 A.2d 210 (Del. 1982).* is met. The test calls for:

(1) A conspiracy to defraud;

---

[1] It bears noting that jurisdictional assessments are typically conducted on a claim-by-claim basis. However, in this case, the claims are assessed as one because each and every claim arises out of the same factual predicates: a) the acquisition of the Domain, b) the creation of the Website and c) the dissemination of the Website's contents over the internet. *E.g.*, *Power Home Remodeling Grp., LLC v. Stuckenschneider*, No. 2:23-CV-02880-JDW, 2024 WL 4336728, at *3 (E.D. Pa. Sept. 27, 2024).

(2) The defendant's membership in that conspiracy;

(3) A substantial act or substantial effect in furtherance of the conspiracy occurring in the forum state;

(4) The defendant's knowledge (actual or constructive) of the act in the forum state or that acts outside the forum state would have an effect in the forum state;

(5) The act in, or effect on, the forum state being a direct and foreseeable result of the conduct in furtherance of the conspiracy.

*Dan Dee Int'l, LLC v. Glob. New Ventures Grp. LC*, No. CV 23-1274-GBW, 2024 WL 3043430, at *3–4 (D. Del. June 18, 2024).

## B.    Constitutional Due Process

Constitutional due process requires "sufficient minimum contacts exist between the defendant and the forum state to satisfy traditional notions of fair play and substantial justice." *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 641 (D. Del. 2008). "In undertaking this 'minimum contacts' analysis, the Supreme Court has focused on the nature and extent of the defendant's relationship to the forum State." *RMG Media*, 2021 WL 1227730, at *2 (internal quotes omitted). The purpose of this requirement is to ensure that "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *TriStrata Tech.*, 537 F. Supp. 2d at 641.

Due process recognizes two forms of jurisdiction: general and specific. General jurisdiction occurs where a defendant's contacts with a state are "so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotations omitted). Specific jurisdiction occurs when a defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of

or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations and citations omitted).

### C.    Plaintiff's Burden

"The plaintiff bears the burden of establishing that the defendants are properly subject to the court's jurisdiction." *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 502 (D. Del. 2017). With respect to any claimed conspiracy jurisdiction, the *Istituto Bancario* conspiracy inquiry is tightly circumscribed and "requires factual proof of each enumerated element." *Stimwave Techs. Inc. v. Perryman*, No. CV 2019-1003-SG, 2020 WL 6735700, at *5 (Del. Ch. Nov. 17, 2020); *Hartsel v. Vanguard Grp., Inc.*, 2011 WL 2421003, at *10 (Del.Ch. June 15, 2011).

## V.    ANALYSIS

Because Ms. Caldwell is not at home in Delaware, general jurisdiction is not available. Caldwell ¶2; *accord ACCO Brands USA LLC v. Performance Designed Prods. LLC*, No. CV 23-437 (GBW), 2024 WL 181545, at *2 (D. Del. Jan. 17, 2024).

This leaves specific jurisdiction, which requires the Plaintiff to show Ms. Caldwell a) falls within Delaware's long-arm statute and b) that haling her into this Court comports with due process. *E.g.*, *SDF Funding LLC v. Fry*, No. CV 2017-0732-KSJM, 2022 WL 1521309, at *2 (Del. Ch. May 13, 2022). Or, alternatively, that she falls within the confines of the *Istituto Bancario* test and its associated due process analysis.

### A.    Direct Claims Under Delaware's Long Arm Statute

Plaintiff contends that Ms. Caldwell "served as an agent for, and provided services to, NoLabels.com Inc., a Delaware corporation and citizen, in connection with the . . . Website,

directed such services to this jurisdiction, and intended for such services to be used by NoLabels.com Inc. in its operation of the copycat website." (FAC ¶18).

Doing so, Plaintiff makes twin jurisdictional assertions. First, they contend that Ms. Caldwell's efforts to establish the Website constituted a tort giving rise to jurisdiction under Delaware's long-arm statute. Second, they contend that by acting as an agent and providing services to NL.com, she directed her services to the forum, again giving rise to jurisdiction under the long-arm statute. Neither assertion ultimately proves correct.

### 1.    *The Website Cannot Justify Long-Arm Jurisdiction*

The Website does not confer jurisdiction over Ms. Caldwell. For tortious conduct to give rise to jurisdiction under the long-arm statute, it must cause tortious injury **in the State** by an act or omission **in this State**. § 3104(c)(3).

Here, no act or omission concerning the Website occurred in Delaware. The Website was created in Washington, D.C. by a D.C. web developer, with the assistance of Ms. Caldwell, Mr. Siler and Mr. Silver – none of whom were in Delaware. *See* §3(E), *supra*. Once live, the Website was hosted by the same D.C. web developer that created it. *See* §3(D), *supra*. In short, to the extent that anything about the Website was tortious, the tort did not occur in Delaware.

Moreover, if the Website caused any tortious injury, it also did not occur in Delaware. Confirming as much, after eighteen months of discovery, the Plaintiff cannot find a single Delawarean that was confused by the Website.[2] *Sears, Roebuck & Co. v. Sears plc*, 752 F. Supp. 1223, 1228 (D. Del. 1990) ("[T]rade name or trademark infringement [arises] where the confusion to the customer occurs."); *Puff Corp. v. KandyPens, Inc.*, No. 20-976-CFC, 2020 WL 6318708, at

---

[2] Even assuming that the older notion -- that the effects are felt where the Plaintiff maintains its principal place of business -- remains viable after *Walden v. Fiore*, 571 U.S. 277 (2014), that too cuts against Delaware here, as Plaintiff is a D.C. entity (FAC ¶5).

*3 (D. Del. Oct. 28, 2020) (Deceptive trade practices "arise where a customer is misled by the challenged conduct."); *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 663 F. Supp. 2d 1138, 1155 (D.N.M. 2009) (DTPA claims arise where wrongful conduct or injury occurs, and are barred if neither occurs in Delaware); *Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1045–46 (D.C. Cir. 2010) (Declining to apply the CPPA upon finding that neither the injury nor the alleged conduct occurred within the District).

Given the absence of act and injury, the Website cannot confer jurisdiction under the Long-Arm statute over Ms. Caldwell.

### 2. *Exercising Jurisdiction Over Ms. Caldwell Based on the Website Would Offend Due Process*

Even if Ms. Caldwell's work on the Website satisfied the long-arm statute, and even if she "knew [the Website] could be accessed from Delaware," that foreseeability "does not mean that defendants purposefully directed their activities at residents of Delaware." *Kloth v. S. Christian Univ.*, 494 F. Supp. 2d 273, 279–80 (D. Del. 2007). Therefore, exercising personal jurisdiction under these circumstances would offend due process. *See Rockwell Automation, Inc. v. EU Automation, Inc.*, No. CV 21-1162 (MN), 2022 WL 3576231, at 3 (D. Del. Aug. 19, 2022).

In fact, it is almost axiomatic that "[t]he mere fact that the defendant's web site can be accessed in the forum district is not by itself a basis for personal jurisdiction." 5 *McCarthy on Trademarks and Unfair Competition* § 32:64 (5th ed.) Instead, claims predicated on the content of a publicly available website developed outside of the forum state only enjoy specific jurisdiction when a) the site is intentionally targeted toward the forum or b) the site "knowingly conduct[s] business with forum state residents." *RMG Media, LLC v. iBoats, Inc.*, No. 20-CV-290-RGA, 2021 WL 1227730, at *3 (D. Del. Mar. 31, 2021); *inno360, Inc. v. Zakta, LLC*, 50 F. Supp. 3d 587, 593–96 (D. Del. 2014); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003); *accord*

*Straka v. Clement*, No. 8:24CV24, 2024 WL 5158786, at *3 (D. Neb. Dec. 17, 2024) (Asserting personal jurisdiction for Lanham Act claims requires that "the defendant's infringing use of a trademark must be uniquely or expressly aimed at the forum state.").

Here, the Website assuredly did not target Delaware residents. Delaware goes unmentioned in the copy. *Cf. Think Rubix, LLC v. BE WOKE.VOTE*, No. 4:21-CV-00004-BRW, 2021 WL 1148722, at *4 (E.D. Ark. Mar. 25, 2021). The featured politicians – Trump, Johnson, Gabbard and Draper – are not Delawareans. No Delaware-specific issues are discussed. Nor does the Website offer Delaware-specific options.

The conduct of business – a nearly universal requirement – is also absent. *See, e.g.*, *Stonebrook Jewelry, LLC v. Revolution Jewelry Works, Inc.*, 687 F. Supp. 3d 1185, 1192–93 (D. Utah 2023); *cf. Coug & Co., Inc. v. Cougar Paws, Inc.*, No. 4:21-CV-271-JAJ-HCA, 2022 WL 1439848, at *5 (S.D. Iowa Jan. 5, 2022) (Defendant conducted business in the forum because it completed over 1,400 sales to Iowa residents). The Website was not commercial in nature. It did not take orders or payments (or donations). §3(E), *supra*.; *L'Athene, Inc. v. Earthspring LLC*, 570 F. Supp. 2d 588, 593 (D. Del. 2008) (finding jurisdiction where defendants "operated a website accessible in Delaware, received orders and payments from customers in Delaware and shipped their products to Delaware.").

Confirming that asserting jurisdiction over Ms. Caldwell based on this Website would offend due process, *Colur World, LLC v. Schneider Med. Industries* considered a defendant that sold products that infringed on the Plaintiff's trademark through their nationally-accessible Amazon storefront. No. CV 24-1507, 2024 WL 3889620, at *3 (E.D. Pa. Aug. 21, 2024). Rejecting the plaintiff's argument that personal jurisdiction existed because the site was available in the

forum, the Court wrote, "operat[ing] websites available to customers throughout the United States . . . does not establish personal jurisdiction in a given state." *Id.* The same analysis applies here.

The AdWords campaign does not alter this analysis or its outcome. *Cf. Colur World, LLC,* 2024 WL 3889620, at *3. Like the Website, these ads did not target Delaware – a relatively small, reliably blue electorate – or its citizens. (*E.g.*, FAC ¶77 (ad copy), ¶78 ("Nolabels.com Inc. directed these ads across state lines to Internet users throughout the United States").) And without such targeting, advertising cannot serve as a basis for personal jurisdiction. *Adtile Techs. Inc. v. Perion Network Ltd.*, 192 F. Supp. 3d 515, 522–23 (D. Del. 2016) ("For advertisements to grant personal jurisdiction under Delaware's long-arm statute, they must be specifically directed toward Delaware residents."); *accord Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op*, 17 F.3d 1302, 1305 (10th Cir. 1994); *Eco Pro Painting, LLC v. Sherwin-Williams Co.*, 807 F. Supp. 2d 732, 737-38 (N.D. Ill. 2011).

Finally, the outcome would be the same under the *Calder* effects test. *Power Home Remodeling Grp., LLC v. Stuckenschneider*, No. 2:23-CV-02880-JDW, 2024 WL 4336728, at *3 (E.D. Pa. Sept. 27, 2024) (invoking *Calder* in a trademark infringement matter). In the Third Circuit, a plaintiff satisfies *Calder* if it shows that (i) "[t]he defendant committed an intentional tort," (ii) "[t]he defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity," and (iii) "[t]he plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort." *Marten*, 499 F.3d at 297.

Putting aside the question of whether a tort was committed, the claim still fails prongs (2) and (3) because there is no evidence that the conduct was aimed at Delaware such that it was the *focal point* and no evidence that any effects – nonetheless the *brunt* – was felt here.

### 3.    *Ms. Caldwell's Role with NL.com Does Not Confer Long-Arm Jurisdiction, Either*

The second half of the Plaintiff's theory of direct jurisdiction, that Ms. Caldwell "provided services to[] NoLabels.com Inc., a Delaware corporation and citizen [and] directed such services to this jurisdiction," is a clever attempt to bootstrap jurisdiction over Ms. Caldwell from the Court's general jurisdiction over NL.com. (FAC ¶18).

Accepting Plaintiff's invitation means assuming jurisdiction over Ms. Caldwell because she did business with a Delaware entity even though she never did business in Delaware. That would upend the law, geometrically expanding Delaware's jurisdictional reach in manner contrary to Supreme Court's directive in *Walden v. Fiore.* 571 U.S. 277 (2014) (Limiting the inquiry to "the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there.").

Unsurprisingly, exercising jurisdiction under these circumstances is not permissible under the long-arm statute. Subsection (1), granting jurisdiction over anyone transacting any business or performing work in Delaware, "requires that some act must have actually occurred in Delaware." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F.Supp. at 1468; *accord Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, No. CIVA 09-022-SLR/MPT, 2009 WL 5184350, at *5 (D. Del. Dec. 23, 2009); *Gibralt Cap. Corp. v. Smith*, No. 17422, 2001 WL 647837, at *5 (Del. Ch. May 9, 2001) (The first subsection "requires that some action by the defendant occur within the state"; accordingly, the cause of action must arise from that in-state contact.").

Subsection (2), granting jurisdiction over those who contract to supply services in Delaware, also requires that the services be performed in Delaware. *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir.2010); *accord Osco Motors Co.,*

*LLC v. Marine Acquisition Corp.*, No. CV 13-868-RGA/MPT, 2014 WL 2875374, at \*10 (D. Del. June 24, 2014).

Because Ms. Caldwell spent no time in Delaware and performed no work here, neither provision applies.

### 4.    *Again, Exercising Jurisdiction Over Ms. Caldwell Would Offend Due Process*

Because the due process analysis is predicated on the defendant's contacts with the forum state, not the residents of the forum, NL.com's domicile is irrelevant. *Walden v. Fiore.* 571 U.S. 277 (2014). Due process does not permit the assertion of jurisdiction over Ms. Caldwell merely because she is employed by, or an agent of, a forum resident. *Zausner Foods Corp. v. ECB USA, Inc.*, No. CV 20-1769-RGA-CJB, 2022 WL 609110, at \*9 (D. Del. Jan. 31, 2022); *Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, No. CIVA 09-022-SLR/MPT, 2009 WL 5184350, at \*7 (D. Del. Dec. 23, 2009) ("An agency relationship, alone, will not suffice to confer personal jurisdiction.") *Tolliver v. Qlarant Quality Sols., Inc.*, C.A. No. K21C-06-040 NEP, 2022 WL 17097602, at \*7 (Del. Super. Ct. Nov. 21, 2022) ("Simply holding a position in a company that operates in Delaware is insufficient to establish jurisdiction under" Section 3104(c)(1).); *Abajian v. Kennedy*, No. CIV. A. 11425, 1992 WL 8794, at \*10 (Del. Ch. Jan. 17, 1992) ("It is well established law that merely contracting with an entity that is incorporated within a forum state does not provide necessary connections between the contract and the forum to support a finding of jurisdiction").

To the contrary, mere affiliation with an entity subject to general jurisdiction in the forum is not enough to confer specific jurisdiction over parties related to it. *See, e.g.*, *Allergy Rsch. Grp. LLC v. Rez Candles Inc.*, No. 2:21-CV-73-TC-JCB, 2021 WL 3862326, at \*6 (D. Utah Aug. 30, 2021); *accord 5 Callmann on Unfair Comp., Tr. & Mono.* § 24:14 (4th ed.) ("An out-of-state

defendant's alleged conspiracy with another person who is subject to forum state jurisdiction is insufficient to give the forum state personal jurisdiction over the out-of-state defendant."). Accordingly, Ms. Caldwell's business relationship with NL.com does not confer jurisdiction.

### B.    Conspiracy Jurisdiction Under Delaware's Long Arm Statute

Alternatively, Plaintiff asserts that Ms. Caldwell should be haled into this Court because she "participat[ed] in the conspiracy to spread false and misleading information about No Labels, through use of the copycat website." (FAC ¶19). Ms. Caldwell, they say, "knew [about] the copycat website," knew there were meetings outside Delaware concerning the Plaintiff where "false information related to No Labels would have an effect or effects inside Delaware." (*Id.*). Finally, they assert that "publication of the copycat website by Nolabels.com Inc., and the spreading of misinformation about No Labels inside Delaware, was a direct and foreseeable result of conduct that furthered the conspiracy." (*Id.*).

Stripped down, their theory of conspiracy jurisdiction seems simple:[3] Defendants conspired with each other to launch the Website, which contained misinformation. That misinformation made its way to Delaware. And the incorporation of NL.com (the only event occurring in Delaware) was a substantial step in that conspiracy.

* * * *

Jurisdiction under a conspiracy theory is not asserted easily and the bases are narrowly construed. *Hartsel v. Vanguard Grp., Inc.*, 2011 WL 2421003 (Del. Ch. June 15, 2011). "Mere

---

[3] Plaintiff's conspiracy seems to include a pair of *non-sequitors*. First, despite asserting that a cabal was formed "in the spring of 2023 . . . to destroy No Labels," Plaintiff does not elaborate about what it is or how it relates to the claims they are advancing. (E.g., FAC ¶¶1, 39-42). Second, Plaintiff suggests that there is some "misinformation" circulating above and beyond the Website content that made its way to Delaware. (*Id.* ¶19). Again, Plaintiff does not elaborate or link this allegation to any actionable claim. Neither is, therefore, well-pleaded. Wright & Miller, 13D *Fed. Prac. & Proc. Juris.* § 3566 (3d ed.).

allegations of conspiracy and even the presence of one co-conspirator within the jurisdiction do not confer jurisdiction over all alleged co-conspirators. The party asserting the conspiracy theory must meet due process requirements by showing a conspiracy and connecting the acts of the resident conspirator and the nonresident conspirator." 18 *Fletcher Cyc. Corp.* § 8642.50. "[F]ailure to satisfy any [required] element warrants dismissal." *Curam, LLC v. Gray*, No. N23C-12-206 MAA CCLD, 2025 WL 733256, at *7 (Del. Super. Ct. Mar. 6, 2025). Because the Plaintiff is unable to meet its burden, the claims against Ms. Caldwell should be dismissed.

### 1.    *A Conspiracy Cannot Exist*

The first step in asserting conspiracy jurisdiction is the establishment of a conspiracy. Plaintiffs fail because the intracorporate conspiracy doctrine bars any such finding in this case.

"[I]t is the general rule that the acts of the agent are the acts of the corporation." *Fortis Advisors LLC v. Johnson & Johnson*, No. CV 2020-0881-LWW, 2021 WL 5893997, at *7 (Del. Ch. Dec. 13, 2021); *cf. Mktg. Prods. Mgmt., LLC v. HealthandBeautyDirect.com, Inc.*, No. 02C-04-256 CLS, 2004 WL 249581, at *3 (Del. Super. Ct. Jan. 28, 2004) ("The fiduciary shield doctrine prohibits acts performed by an individual, in his capacity as a corporate officer or employee, from serving as the basis for personal jurisdiction over that individual."). As a result, "a corporation generally cannot be deemed to have conspired with its officers and agents." *Fortis*, 2021 WL 5893997, at *7.

Affiliates are also included within this doctrine – when "there [is] a single decision-making source exercising definitive control over the entities at issue, then the conspiracy claim would be futile." *Homesource, Corp. v. Retail Web Servs.*, LLC, No. CV 18-11970-ECR-KMW, 2020 WL 12188147, at *15 (D.N.J. Mar. 30, 2020); *In re Verestar, Inc.*, 343 B.R. 444, 483 (Bankr. S.D.N.Y. 2006).

Here, there are no legally distinct co-conspirators. Ms. Caldwell, Mr. Siler and Mr. Silver are *all* affiliates of NL.com and APP (FAC ¶¶16-18; Caldwell ¶3; Siler ¶5; Silver ¶4.) Therefore, they could not conspire with NL.com, APP or each other. *E.g.*, *Dow Chem. Co. v. Organik Kimya Holding A.S.*, No. CV 12090-VCG, 2017 WL 4711931, at *11–12 (Del. Ch. Oct. 19, 2017); *Amaysing Techs. Corp. v. Cyberair Commc'ns, Inc.*, No. CIV.A. 19890-NC, 2005 WL 578972, at *7 (Del. Ch. Mar. 3, 2005). Because RTG is wholly controlled by Mr. Silver, it cannot be conspired with either. (FAC ¶¶9, 45). This leaves no third party for any defendant to conspire with, and consequently, no conspiracy.

### 2.      *No Substantial Act in Furtherance of the Conspiracy Occurred in Delaware*

To sustain conspiracy jurisdiction, the Plaintiff also must demonstrate that a substantial act or effect in furtherance of it happened in Delaware. Plaintiff alleges that, in furtherance of the conspiracy, NoLabels.com was formed in Delaware and "and publish[ed] the copycat website at that domain." (FAC ¶¶18-19).

### i.      *The Website Does Not Suffice*

Turning first to the Website, it remains true that nothing occurred in Delaware. As previously, the Domain was purchased, and the Website launched, wholly outside of Delaware. §3(E), *supra*.; *accord Altabef v. Neugarten*, Civil Action No. 2021-0117-MTZ, 2021 WL 5919459, at *8 (Del. Ch. Dec. 15, 2021) ("A conspiracy is not an independent jurisdictional hook: there must still be an anchoring Delaware act."). Moreover, as noted above, a website's being accessible in Delaware does not constitute an act within the forum. *See* § 5(A)(1), *supra*. In short, the website does not suffice as a means of establishing conspiracy jurisdiction any more than it does as a means for establishing specific jurisdiction.

ii.      *Forming NL.com Also Does Not Suffice*

That leaves the formation of NL.com. It is the only act that took place in Delaware. To support *Istituto Bancario* jurisdiction, it must have been a "substantial act." In other words, the act must be "central to the plaintiff's claims of wrongdoing" and "integral," rather than having only "a tenuous link" to the alleged injuries. *Fortis Advisors LLC v. Johnson & Johnson*, No. CV 2020-0881-LWW, 2021 WL 5893997, at *7; *Gibralt Cap. Corp. v. Smith*, No. 17422, 2001 WL 647837, at *6 (Del. Ch. May 9, 2001); *Republic Bus. Credit, LLC v. Metro Design USA, LLC*, No. CV N15C-09-233 JRJ, 2016 WL 3640349, at *7 (Del. Super. Ct. June 29, 2016) (requiring that the act in the forum "set in motion a series of events which form the basis for the cause of action"); *accord Crescent/Mach I Partners, L.P. v. Turner*, 846 A.2d 963, 976–77 (Del. Ch. 2000); *cf. LaNuova*, 513 A.2d at 768 (explaining that the transaction of business only supports jurisdiction "with respect to claims which have a nexus to the designated conduct.").

Applying this precedent, Courts have held that incorporation can "confer personal jurisdiction <u>only if</u> the claims at issue are a) related to the act of incorporation or b) are based upon Delaware corporate law." *Mktg. Prods. Mgmt., LLC v. HealthandBeautyDirect.com, Inc.*, No. 02C-04-256 CLS, 2004 WL 249581, at *2 (Del. Super. Ct. Jan. 28, 2004) (cleaned up, emphasis added); *accord Republic Bus. Credit, LLC v. Metro Design USA, LLC*, No. CV N15C-09-233 JRJ, 2016 WL 3640349, at *7 (Del. Super. Ct. June 29, 2016). Option (b) is inapplicable on its face.

Option (a) is no more applicable. As mentioned above, NL.com was not integral to the plan. It set nothing in motion – in fact, it was not even formed until the purported conspiracy was well under way. In reality, it was a collateral player formed after the Domain was purchased and the Website was well on its way to creation. It was not a necessary ingredient in what transpired: it did not even hold legal title to the Domain, and it didn't pay for the website. *See* §3(E), *supra*.

To the extent there was a conspiracy, forming NL.com did not move the needle in a substantial way. In reality, the Lanham Act claims, as well as their state statutory analogs, are entirely unrelated to NL.com's formation, which was "at best, a tenuous link" in the chain – not the substantial step *Istituto Bancario* calls for. *Fortis Advisors LLC v. Johnson & Johnson*, No. CV 2020-0881-LWW, 2021 WL 5893997, at *7.

### iii.    Plaintiff Cannot Satisfy Istituto Bancario Elements (4)-(5), Either

In *Konstantino v. AngioScore, Inc.*, the Court explained that the "fourth and fifth *Bancario* elements address the constitutional due process prong of the test." No. CV 9681-CB, 2015 WL 5770582, at *6–7 (Del. Ch. Oct. 2, 2015) (cleaned up). Those prongs consider the effects of the alleged conspiracy in, and on, Delaware. Here, as demonstrated, there were **no** effects in Delaware. And Ms. Caldwell took no action in Delaware. The conspiracy, as alleged, had no relationship to Delaware.

Asserting jurisdiction based on these facts, the Court of Chancery has held, does not satisfy due process. Specifically, it wrote, **"[e]xercising personal jurisdiction over a foreign conspirator who has herself committed no act in Delaware, and where the underlying tort was not committed in Delaware, would not comport with due process."** *Green v. McClive*, No. CV 2023-0139-MTZ, 2024 WL 2815794, at *4 (Del. Ch. June 3, 2024).

Here, all the torts at issue stem from consumer confusion, which has only been demonstrated in four instances *outside* of the forum state. *See* §3(E), *supra*. In addition, noted yet again, Ms. Caldwell has not committed any act in Delaware. *See* §5(A), *supra*. Accordingly, *Green* forecloses any exercise of conspiracy jurisdiction.

C.      **The Court Should Deny Any Request for Jurisdictional Discovery**

To the extent Plaintiffs request jurisdictional discovery, such request should be denied because Plaintiffs have failed to present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state" – despite serving subpoenas on 16 third parties, 11 depositions, myriad of witness interviews and the passing of over a year. *inno360*, 50 F. Supp. 3d at 596-97 (internal quotations and alternations omitted). Such a request is properly denied under the circumstances. *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010).

## VI.      CONCLUSION

WHEREFORE, Ms. Caldwell requests that this Court enter an order dismissing the claims against her with prejudice and granting such other and further relief as the Court deems just and proper.

DATED: MAY 16, 2025.                    */s/ Mark M. Billion*
                                        Mark M. Billion (DE Bar No. 5263)
                                        Peter K. Schaeffer (DE Bar No. 5155)
                                        BILLION LAW
                                        20184 Coastal Hwy. Suite 205
                                        Rehoboth Beach, DE 19971
                                        Tel: 302.428.9400
                                        Email: markbillion@billionlaw.com

                                        *Attorneys for Defendant Lucy Caldwell*