**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NO LABELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | )    C.A.  No. 23-1384-GBW |
| DELCO0222024, INC. | ) |
| (f/k/a NOLABELS.COM INC.), | ) |
| AMERICAN PATRIOT PROJECT, INC., | ) |
| RT GROUP LLC, JOSHUA SILVER, | ) |
| CHARLES SILER, and LUCY CALDWELL, | ) |
| | ) |
| Defendants. | ) |

**REPLY BRIEF OF DEFENDANT CHARLES SILER
IN SUPPORT OF HIS MOTION TO DISMISS**

David L. Finger (DE Bar ID #2556)
One Commerce Center
1201 N. Orange St., 7th floor
Wilmington, DE  19801-1186
(302) 573-2525
dfinger@delawgroup.com
Attorney for defendant Charles Siler

Dated: June 27, 2025

## TABLE OF CONTENTS

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      THIS COURT  LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.      CYBERSQUATTING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        B.      TRADEMARK INFRINGEMENT/DILUTION. . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.     THE COURT LACKS PERSONAL JURISDICTION OVER SILER. . . . . . . . . . . . . . . 5

III.    COUNT VIII, FOR ALLEGED VIOLATION OF DELAWARE UNIFORM DECEPTIVE
        TRADE PRACTICES ACT, 6 DEL. C. § 2531, ET SEQ., FAILS BECAUSE THAT
        STATUTE  DOES  NOT  APPLY  TO  CONDUCT  OCCURRING  OUTSIDE  OF
        DELAWARE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.     COUNT IX,  FOR UNFAIR OR DECEPTIVE TRADE PRACTICES UNDER THE LAW
        OF THE DISTRICT OF COLUMBIA SHOULD BE DISMISSED FOR FAILURE TO
        IDENTIFY ANY FALSE REPRESENTATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V.      COUNT X FOR CIVIL CONSPIRACY SHOULD BE DISMISSED BECAUSE IT IS NOT
        A SEPARATE CAUSE OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Abbott v. Gordon*, 2008 WL 821522 (Del. Super. Mar. 27, 2008), *aff'd*, 957 A.2d 1 (Del. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Alliance for Good Government v. Coalition for Better Government* 998 F.3d 661 (5th Cir. 2021) 1

*Archie v. U.S. Bank, N.A. as Trustee for RMAC Trust, Series 2016-CTT*, 255 A.3d 1005 (D.C. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Argos v. Orthotec LLC*, 304 F.Supp.2d 591 (D. Del. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Baylor v. Mitchell Rubenstein & Associates, P.C.*, 857 F.3d 939 (D.C. Cir. 2017) . . . . . . . . . . . 9

*Burlington Northern Santa Fe Corp. v. Purdy*, 1999 WL 1328011, *reported at* 204 F.3d 1114 (5th Cir. 1999) (Table) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cairns v. Gelmon*, 1998 WL 276226 (Del. Ch. May 21, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Couture v. Playdom, Inc.*, 778 F.2d 1379, (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ford v. Chartone, Inc.*, 908 A.2d 72 (D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Health Indus. Bus. Comm'ns Council Inc. v. Animal Health Inst.,* 481 F.Supp.3d 941 (D. Az. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hot Wax, Inc. v. Stone Soap Co. Inc.*, 1999 WL 183776 (N.D. Ill. Mar. 25, 1999) . . . . . . . . . . 8

*inno360, Inc v. Zakta, KKC*, 50 F.Supp.3d 587 (D. Del. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Johnson Automotive Sales, LLC v. Blair*, 2023 WL 2214116 (N.D. Ohio Feb. 24, 2023) . . . . . . 2

*Koch Industries, Inc. v. Does*, 2011 WL 1775765 (D. Utah May 9, 2011) . . . . . . . . . . . . . . . . . . 2

*Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*L.L.Bean, Inc. v. Drake Publishers, Inc.*, 811 F.2d 26 (1st Cir.1987) . . . . . . . . . . . . . . . . . . . . . 4

*Libertarian Nat'l Comm., Inc. v. Saliba*, 116 F.4th 530 (6th Cir. 2024)). . . . . . . . . . . . . . . . . . . 3

*Lisa, S.A. v. Mayorga*, 2009 WL, 1846308 (Del. Ch. Mar. 16, 2009), *aff'd*, 993 A.2d 1042 (Del. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lone Pine Resources, L.P. v. Dickey,* 2021 WL 2311954 (Del. Ch. June 7, 2021). . . . . . . . . . . . 5

*Lucasfilm Ltd. v. High Frontier*, 622 F.Supp. 931 (D. D.C. 1985). . . . . . . . . . . . . . . . . . . . . . . . 4

*Miller v. Hurst*, 2020 WL 5757907 (M.D. Tenn. Sept. 28, 2020) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Papendick v. Bosch*, 410 A.2d 148 (Del. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188 (11th Cir. 2001) . . . . . . . . . . . . . . 1

*Potolicchio v. Cryo Boys, LLC*, 2024 WL 3511353 (S.D. Fla. Jan 8, 2024) . . . . . . . . . . . . . . . . 3

*Radiance Foundation, Inc. v. N.A.A.C.P.*, 786 F.3d 316 (4th Cir. 2015) . . . . . . . . . . . . . . . . . . . 4

*Rolls–Royce Corp. v. Heros, Inc.*, 576 F.Supp.2d 765 (N.D. Tex.2008) . . . . . . . . . . . . . . . . . . 11

*SC Botanicals, LLC v. Intragenix Holdings, LLC,* 2021 WL 2156503 (D. Del. May 27, 2021) . . 5

*Theis v. Viewsonic Corp.,* 2013 WL 1632677 (D. Del. Apr. 16, 2013) . . . . . . . . . . . . . . . . . . . . . 8

*Ultimate Video Plus, Inc. v. Perrine Electronics, Inc.*, 1996 WL 481542 (N.D.N.Y. Aug. 22, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Underwood v. Bank of America Corporation*, 996 F.3d 1038 (10th Cir. 2021). . . . . . . . . . . . . . 3

*United We Stand America, Inc. v. United We Stand, America New York, Inc.*, 128 F.3d 86 (2nd Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Zipee Corp. v. U.S. Postal Service*, 140 F.Supp.2d 1084 (D. Or. 2000). . . . . . . . . . . . . . . . . . . . 1

*ZP No. 314, LLC v. ILM Capital, LLC,* 335 F.Supp.3d 1242, 1263 (S.D. Ala. 2018), *motion to amend denied,* 2018 WL 6016906 (S.D. Ala. Nov. 17, 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## Other authorities

15 U.S.C. § 1114(1)(a), 1125(a)(10) and 1125(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. § 1125(a)(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. §1125(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

F.R.E. 201(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## ARGUMENT

I.   **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION.**

A.   **CYBERSQUATTING.**

In his opening brief, Siler argued that as the Complaint fails to allege facts showing that Siler had an "intent to profit," which is an essential requirement of a cybersquatting claim.

No Label first argues that the term "intent to profit" is not to be taken literally, citing *Argos v. Orthotec LLC*, 304 F.Supp.2d 591 (D. Del. 2004). In that case, the defendant was arguing that the cybersquatting law was limited to circumstances where a party sells or offers to sell a domain name. *Id.* at 596. It was in response to that argument, the Court stated that the statute was not to be interpreted literally. *Id.* The Court gave no indication that its statement was to be extended to any other context.[1] In any event, No Labels misconstrues the argument.

Siler does not argue that the Complaint fails to allege bad faith, as that involves factual issues not appropriate for decision on a motion to dismiss. Notwithstanding this, Plaintiff dedicates two pages of its brief applying the statutory test for bad faith. (PAB 28-29).

---

[1]

Other cases cited by No Labels are distinguishable. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188 (11th Cir. 2001), addressed whether distribution of the Software for end-users over the Internet constituted "use in commerce," which is not at issue here. *Id.* at 1194-95. *United We Stand America, Inc. v. United We Stand, America New York, Inc*., 128 F.3d 86 (2nd Cir. 1997), addressed whether a an organization's political activities, including political organizing, soliciting and endorsing candidates, and distributing press releases and literature, were "services" within the meaning of the Lanham Act. *Id.* at 92-93. One Fifth Circuit judge has said that Second Circuit is an "outlier court in an otherwise uniform line of federal appellate authority holding that the Lanham Act does not apply to noncommercial speech,... [and]is also incorrect that purely political speech is a 'service under the Lanham Act.'"*Alliance for Good Government v. Coalition for Better Government* 998 F.3d 661, 675 n.5 (5th Cir. 2021) (Dennis, J. dissenting). Finally, *Zipee Corp. v. U.S. Postal Service*, 140 F.Supp.2d 1084 (D. Or. 2000), addresses whether a website named post-office.com was a "descriptive" mark entitled to Lanham Act protection.

Rather, Siler argues that No Labels has not alleged facts supporting a showing of "intent to profit." The distinction is recognized by the courts. *Koch Industries, Inc. v. Does*, 2011 WL 1775765 (D. Utah May 9, 2011), under similar facts, is instructive. In that case, the plaintiff had a website, kochind.com., which contained policy editorials and commentary on various political issues. The defendants created www.koch-inc.com, which looked like the plaintiff's site and presented itself as a source of contrary views on those issues. The site only provided information. *Id.* at *1. The website was up for only a few hours.

In dismissing the cybersquatting claim, the Court stated that there was nothing showing an intent to profit. There was no solicitation for money. There was no commercial purpose to the website, only a political purpose. The Court concluded that, irrespective of bad faith, there was no conduct that related to "profit. *Id. See also Johnson Automotive Sales, LLC v. Blair*, 2023 WL 2214116 at *7 (N.D. Ohio Feb. 24, 2023) ("In this respect, the record shows that Mr. Blair never displayed any inclination toward financial gain from his use of the PeakAutoSales.com website. The statutory factors and the record as a whole preclude a finding that Mr. Blair acted with a covert profit motive or with a bad faith intent to profit. Bad faith, to be sure. But not an intent to profit," citation omitted); *ZP No. 314, LLC v. ILM Capital, LLC*, 335 F.Supp.3d 1242, 1263 (S.D. Ala. 2018), *motion to amend denied*, 2018 WL 6016906 (S.D. Ala. Nov. 17, 2018) ("this evidence suggests hostility and bad faith, but does not reasonably suggest an intent to profit").

Similarly here, there is no allegation of facts showing Siler intended to profit, whether by diversion, which is not alleged (diversion alone does not equate to profit) or otherwise. No Labels merely make a conclusory allegation of intent to profit (Am. Compl. ¶85), which is insufficient. *E.g., Potolicchio v. Cryo Boys, LLC*, 2024 WL 3511353 at *3 (S.D. Fla. Jan 8, 2024); *Miller v. Hurst*,

2020 WL 5757907 at *9 (M.D. Tenn. Sept. 28, 2020) ("Moreover, he does not allege facts suggesting that Graves 'used' the domain name with the intent to profit from his trademark   As such, this claim is invalid and cannot form the basis for subject matter jurisdiction in this Court").

**B.    TRADEMARK INFRINGEMENT/DILUTION.**

In his Opening Brief, Siler argued that the Complaint does not allege any facts establishing that Siler used the mark in commerce, as required by 15 U.S.C. §§ 1114(1)(a), 1125(a)(10) and 1125(c).

No Labels responds that the phrase 'in commerce" includes situations where good and services are offered by political or nonprofit defendants. (PAB at 30, quoting *Libertarian Nat'l Comm., Inc. v. Saliba*, 116 F.4th 530, 537 (6th Cir. 2024)).

However, in the case of a service mark (which is what No Labels is, Ex. A hereto[2]), it is not enough that the defendant offers services. To obtain Lanham Act protection, the service mark must have been used to actually provide genuine commercial services to third parties. *Underwood v. Bank of America Corporation*, 996 F.3d 1038, 1053-54 (10th Cir. 2021); *Couture v. Playdom, Inc.*, 778 F.2d 1379, 1382 (Fed. Cir. 2015); *Burlington Northern Santa Fe Corp. v. Purdy*, 1999 WL 1328011 at *1, *reported at* 204 F.3d 1114 (5th Cir. 1999) (Table) (use of trademark for advertising and publicity to promote cause of train safety was not use in furtherance of a business providing services for reimbursement).

---

[2]

The Court can take judicial notice of documents in the USPTO's website, *Kos Pharm., Inc. v. Andrx Corp*., 369 F.3d 700, 705 n.5 (3d Cir. 2004), and Siler respectfully requests that the Court do so. F.R.E. 201(c).

There are no allegations in the Amended Complaint showing that No Labels has actually used its service mark in commerce. No Labels is an advocacy group not affiliated with a political party. (Am. Compl. ¶¶21, 22, 27, 28). It has not promoted candidates for office. (*Id.* at 28-30). There is no allegation in the Amended Complaint showing that No Labels solicited funds or volunteers or has sold merchandise. "[T]rademark infringement is not designed to protect mark holders from consumer confusion about their positions on political or social issues." *Radiance Foundation, Inc. v. N.A.A.C.P.*, 786 F.3d 316, 327 (4th Cir. 2015). "Purveying points of view is not a service." *Lucasfilm Ltd. v. High Frontier*, 622 F.Supp. 931, 934 (D. D.C. 1985). *See also L.L.Bean, Inc. v. Drake Publishers, Inc.*, 811 F.2d 26, 29 (1st Cir.1987) ("[T]rade rights do not entitle the owner to quash an unauthorized use of the mark by another who is communicating ideas or expressing points of view").

There are no allegations meeting these requirements. A conclusory statement that the mark was used in commerce (Am. Compl. 131) is not sufficient. *Ultimate Video Plus, Inc. v. Perrine Electronics, Inc.*, 1996 WL 481542 at *4 (N.D.N.Y. Aug. 22, 1996) ("Consequently, Ultimate failed to allege facts sufficient to show that its business is engaged 'in commerce' as the Lanham Act requires. Because plaintiff failed to establish federal subject matter jurisdiction, its Lanham Act claim is dismissed").

## II.    THE COURT LACKS PERSONAL JURISDICTION OVER SILER.

No Labels argues that personal jurisdiction over Siler is authorized because he formed a Delaware corporation, and that was an act in Delaware sufficient under the Long-Arm statute to subject Siler to jurisdiction in this Court.[3]

Merely forming a Delaware corporation does not, without more, create a basis for jurisdiction. To satisfy the Long-Arm statute the act of formation must an "*integral*" component of the total transaction to which No Labels' cause of action relates. *Papendick v. Bosch*, 410 A.2d 148, 152 (Del. 1979); *SC Botanicals, LLC v. Intragenix Holdings, LLC,* 2021 WL 2156503 at *4 (D. Del. May 27, 2021).

To be "integral," "the formation of a Delaware entity must be 'central to the[ plaintiff's] claims of wrongdoing.'" *Cairns v. Gelmon*, 1998 WL 276226 at *3 (Del. Ch. May 21, 1998). Integral is something more than mere relationship. Moreover, the mere fact formation of a corporation is part of the narrative about an overall "scheme" does not make it *integral* to the "scheme." *Lone Pine Resources, L.P. v. Dickey,* 2021 WL 2311954 at *6 (Del. Ch. June 7, 2021).

No Labels relies on its allegation in the Amended Complaint that Siler formed the Delaware corporation "[f]or the purpose of owning and operating the copycat website." Case law cited in No Labels' brief demonstrates that forming a Delaware corporation may be a jurisdictional act where (i) the challenged transaction violates the Delaware General Corporation Law, (ii) the challenged transaction violates Delaware common law principles of fiduciary duty, (iii) the challenged transaction involves a matter Delaware corporate governance, or (iv) the corporation is an active

---

[3] No Labels did not respond to any of the other arguments raised by Siler on personal jurisdiction in his Opening Brief, thereby conceding them.

participant in the scheme such as being used as a vehicle to transfer documents or stock.  (PAB15). There are no such allegations here.

This case has nothing to do with corporate law or governance, does not arise under Delaware law, does not involve injury in Delaware.  Where the transaction does not involve corporate law or governance or does not arise from Delaware law, the relationship between the act of corporate formation and the scheme or transaction becomes attenuated. *E.g., Lisa, S.A. v. Mayorga*, 2009 WL, 1846308 at \*6  (Del. Ch. Mar. 16, 2009), *aff'd,* 993 A.2d 1042 (Del. 2010) (holding incorporation of Delaware entities was not a basis for jurisdiction where "[t]he existence of the Delaware entities did not form an intrinsic part of the underlying alleged fraud").

As explained in Siler's opening brief, the causes of action do not arise from the act of incorporation, but from use of a website. No Labels makes no effort to establish that corporate formation was integral to forming a website or how it facilitated the creation of the website. Forming and owning a Delaware corporation was not only not specifically necessary to the creation of the website, it was entirely superfluous, and had nothing to do with the causes of action.

The Complaint does not allege facts establishing that the formation of a corporation was integral to any of the claims asserted in the Amended Complaint, and so this Court lacks personal jurisdiction over Siler.[4]

---

[4]

No labels does not argue in its Answering Brief that Siler is subject to liability in Delaware under a c onspiracy theory of jurisdiction, and so waives it.  In any event, any such argument is unavailing for the same reasons its direct claim of personal jurisdiction fails.

III.    **COUNT VIII, FOR ALLEGED VIOLATION OF DELAWARE UNIFORM DECEPTIVE TRADE PRACTICES ACT, 6 DEL. C. § 2531, ET SEQ., FAILS BECAUSE THAT STATUTE DOES NOT APPLY TO CONDUCT OCCURRING OUTSIDE OF DELAWARE.**

In his opening brief, Siler argued that this claim should be dismissed because none of the alleged acts giving rise to this claim occurred in Delaware, and the statute does not have extraterritorial effect.

In response, No Labels makes the remarkable (and, not surprisingly, unsupported) statement that "trademark infringement that occurs nationwide...is actionable in any U.S. jurisdiction." (DAB 31). First of all, that is false and contrary to the constitutional requirements of Long-Arm statutes and due process.[5] *See Theis v. Viewsonic Corp.,* 2013 WL 1632677 at *2 (D. Del. Apr. 16, 2013) ("Defendant's status as a Delaware corporation may give this Court personal jurisdiction over the Defendant, but it is by itself insufficient to allow Plaintiff to state a claim under the Delaware Consumer Fraud Act for an act occurring outside of Delaware"). Second, the issue is not jurisdiction of the court but geographic reach of a Delaware statute. *Id.* Third, where the alleged injury arises from a website, the injury is not deemed to have occurred in every state. Rather, the issue is whether the website specifically targeted residents of a state, which is not the case here. *inno360, Inc v. Zakta, KKC,* 50 F.Supp.3d 587, 594-95 (D. Del. 2014). Absent that, the site of the injury is the District of Columbia, No Labels' place of business. *Hot Wax, Inc. v. Stone Soap Co. Inc.,* 1999 WL

---

[5]    Even Lanham Act claims cannot be brought just anywhere. *Ariel Investments, LLC v. Ariel Capital Advisors LLC*, 881 F.3d 520, 521 (7th Cir. 2018) ("The Lanham Act does not authorize nationwide service of process. A plaintiff therefore must secure personal jurisdiction under state law").

183776 at *5 (N.D. Ill. Mar. 25, 1999) ("In intellectual property law cases, like those brought under the Lanham Act, a corporation's location of injury[ ] is its place of business").

## IV. COUNT IX, FOR UNFAIR OR DECEPTIVE TRADE PRACTICES UNDER THE LAW OF THE DISTRICT OF COLUMBIA SHOULD BE DISMISSED FOR FAILURE TO IDENTIFY ANY FALSE REPRESENTATIONS.

In his opening brief, Siler argued that the D.C. Consumer Protection Procedures Act is applicable only where there is a consumer-merchant relationship.  No Labels responds that this requirement is only applicable in the context of administrative proceedings.  Case law, however, clearly shows that the consumer-merchant requirement applies in judicial proceedings. *E.g., Archie v. U.S. Bank, N.A. as Trustee for RMAC Trust, Series 2016-CTT*, 255 A.3d 1005, 1020 (D.C. 2021); *Ford v. Chartone, Inc.*, 908 A.2d 72 (D.C. 2006); *Baylor v. Mitchell Rubenstein & Associates, P.C.*, 857 F.3d 939, 948 (D.C. Cir. 2017). No Labels made no effort to shows that the relationship between it and Siler was that of merchant-consumer, as defined by statute. DC ST § 28-3901.

No Labels next argues, again without the benefit of case law support, that the consumer-merchant requirement does not apply to actions under Section 28-3904(g) because "Subsection (g) refers to relations between businesses and not to relations between merchants and consumers." (DAB 34). Subsection (g) lists as one of the unfair or deceptive trade practices "disparag[ing] the goods, services, or business of another by false or misleading representations of material facts." No Labels does not explain how this language refers only to relations between businesses and not to consumer-merchant relationships. For example, a merchant, in attempting to secure a customer, might disparage a competitor. Why would Subsection (g) not apply here?

## V.    COUNT X FOR CIVIL CONSPIRACY SHOULD BE DISMISSED BECAUSE IT IS NOT A SEPARATE CAUSE OF ACTION.

No Labels does not dispute that conspiracy is not a separate cause of action.  It simply states that the Amended Complaint alleged the underlying cause of action. (DAB 38).  As demonstrated above, No Labels' pleading is insufficient, and so there is no underlying predicate act.

In any event, under Delaware law conspiracy must be based on a tort.  *Abbott v. Gordon*, 2008 WL 821522 at *17 (Del. Super. Mar. 27, 2008), *aff'd*, 957 A.2d 1 (Del. 2008). The Lanham Act is not a tort, and so cannot serve as the underlying cause of action. *Health Indus. Bus. Comm'ns Council Inc. v. Animal Health Inst.,* 481 F.Supp.3d 941, 959 (D. Az. 2020);  *Rolls–Royce Corp. v. Heros, Inc*., 576 F.Supp.2d 765, 787 (N.D. Tex.2008).

## CONCLUSION

WHEREFORE, for the foregoing reasons, as well as the reasons stated in his Opening Brief, Defendant Charles Siler respectfully requests that the Court dismiss this action in its entirety as to him.

Respectfully submitted,

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
One Commerce Center
1201 N. Orange St., 7th floor
Wilmington, DE  19801-1186
(302) 573-2525
dfinger@delawgroup.com
Attorney for defendant Charles Siler

Dated: June 27, 2025