# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| No Labels<br>    Plaintiff,<br><br>        v.<br><br>DELCO0222024, INC*., et al.*,<br>    Defendants. | CIVIL ACTION NO.<br>1:23-CV-01384-GBW |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT LUCY CALDWELL'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

DATED: JULY 11, 2025

*/s/ Mark M. Billion*
Mark M. Billion (DE Bar No. 5263)
Peter K. Schaeffer (DE Bar No. 5155)
BILLION LAW
20184 Coastal Hwy. Suite 205
Rehoboth Beach, DE 19971
Tel: 302.428.9400
Email: markbillion@billionlaw.com

*Attorneys for Defendant Lucy Caldwell*

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................. 1

II.  ARGUMENT ....................................................................................................................... 2

   A.   Plaintiff's Opposition Fails at the Threshold by Relying on Bare Allegations Rather Than Evidence ................................................................................................................. 2

   B.   This Court Lacks Jurisdiction Over Ms. Caldwell. .......................................................... 3

      1.   There Is No Basis for Long-Arm Jurisdiction Over Ms. Caldwell ................................. 3

      2.   Green v. McClive Precludes Any Exercise of Conspiracy Jurisdiction .......................... 5

      3.   There is No Conspiracy Jurisdiction Under Istituto Bancario ....................................... 5

         i.   Plaintiff Fails to Establish an Actionable Conspiracy .................................................. 6

         ii.  There Is No Substantial Act Under Istituto Bancario .................................................. 7

         iii. Plaintiff Fails to Adduce Any Evidence that Ms. Caldwell Knew of the Delaware Incorporation, a Dispositive Failure Under Istituto Bancario ............................................. 9

III. CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*ACCO Brands USA LLC v. Performance Designed Prods. LLC*, 2024 WL 181545 (D. Del. Jan. 17, 2024) ................................................................................................................... 2

*Benihana of Tokyo, Inc. v. Benihana, Inc.*, 2005 WL 583828 (Del. Ch. Feb. 4, 2005) .................. 8

*Berry v. State Farm Mut. Auto. Ins. Co.*, 2025 WL 986819 (Del. Super. Ct. Apr. 2, 2025) .......... 4

*Calabrese, Racek & Markos, Inc. v. Racek*, No. 5:12-CV-02891-SL, 2013 WL 3893978 (N.D. Ohio July 26, 2013) ................................................................................................................ 7

*Chandler v. Ciccoricco*, 2003 WL 21040185 (Del. Ch. May 5, 2003) .......................................... 8

*Curam, LLC v. Gray*, 2025 WL 733256 (Del. Super. Ct. Mar. 6, 2025) ........................................ 6

*Dan Dee Int'l, LLC v. Glob. New Ventures Grp. LC*, 2024 WL 3043430 (D. Del. June 18, 2024) 6

*Fortis Advisors LLC v. Johnson & Johnson*, 2021 WL 5893997 (Del. Ch. Dec. 13, 2021) ...... 6, 7

*Gibralt Cap. Corp. v. Smith*, 2001 WL 647837 (Del. Ch. May 9, 2001) ....................................... 8

*Green v. McClive*, 2024 WL 2815794 (Del. Ch. June 3, 2024) ................................................ 2, 5

*Homesource, Corp. v. Retail Web Servs., LLC*, 2020 WL 12188147 (D.N.J. Mar. 30, 2020) ....... 6

*In re Gen. Motors (Hughes) S'holder Litig.*, No. CIV.A. 20269, 2005 WL 1089021 (Del. Ch. May 4, 2005) ............................................................................................................................ 8

*In re Verestar, Inc.*, 343 B.R. 444 (Bankr. S.D.N.Y. 2006) ........................................................... 6

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) ......................................................................................... 9

*Istituto Bancario Italiano SpA v. Hunter Eng'g Co.*, 449 A.2d 210 (Del. 1982) ................... passim

*Kloth v. S. Christian Univ.*, 494 F. Supp. 2d 273 (D. Del. 2007) ................................................... 7

*Mktg. Prods. Mgmt., LLC v. HealthandBeautyDirect.com, Inc.*, 2004 WL 249581 (Del. Super. Ct. Jan. 28, 2004) ...................................................................................................................... 7

*Mobile Diagnostic Grp. Holdings, LLC v. Suer*, 972 A.2d 799 (Del. Ch. 2009) .......................... 7

*Norton v. Mylan N.V.*, 2025 WL 1752340 (D.N.J. June 25, 2025).................................................. 3

*Patterson by Patterson v. F.B.I.*, 893 F.2d 595 (3d Cir. 1990)........................................................ 3

*Perry v. Neupert*, 2017 WL 6033498 (Del. Ch. Dec. 6, 2017) ...................................................... 10

*Philips Elecs. N. Am. Corp. v. Contec Corp.*, 2004 WL 503602 (D. Del. Mar. 11, 2004)............. 2

*Roebuck & Co. v. Sears plc*, 752 F. Supp. 1223 (D. Del. 1990)...................................................... 4

*Ruffing v. Wipro Ltd.*, 529 F. Supp. 3d 359 (E.D. Pa. 2021) .......................................................... 4

*Sample v. Morgan*, 935 A.2d 1046 (Del. Ch. 2007) ....................................................................... 7

*SDF Funding LLC v. Fry*, 2022 WL 1521309............................................................................ 4, 8

See *Zausner Foods Corp. v. ECB USA, Inc.*, No. CV 20-1769-RGA-CJB, 2022 WL 609110 (D. Del. Jan. 31, 2022) ..................................................................................................... 5

*Stimwave Tech. Inc. v. Perryman*, No. CV 2019-1003-SG, 2020 WL 6735700 (Del. Ch. Nov. 17, 2020).................................................................................................................................... 9

*Virtus Cap. L.P. v. Eastman Chem. Co.*, No. CV 9808-VCL, 2015 WL 580553 (Del. Ch. Feb. 11, 2015)..................................................................................................................................... 8

*Walden v. Fiore*, 571 U.S. 277 (2014).................................................................................. 2, 4, 7

**Statutes**

10 Del. C. § 3104(c)(1)-(3).............................................................................................................. 4

**Rules**

Rule 12(b)(2)................................................................................................................................... 3

## I.   INTRODUCTION

For all the reasons set forth in Ms. Caldwell's *Opening Memorandum in Support* [D.I. 137] this action has no connection whatsoever to Delaware. The website at issue (the "Website"), located at www.nolabels.com (the "Domain") was designed, produced, and hosted in Washington, D.C., for a national audience. No Defendant has any physical presence in Delaware. Absent the sole fact that the former single defendant, DELCO0222024, INC. ("NL.com"), is incorporated in Delaware, this case could not have been brought in this forum at all. Under these circumstances, it is unsurprising that jurisdiction cannot be established over Ms. Caldwell, an Arizona resident who—like this case—lacks any relevant connection to Delaware.

Plaintiff's opposition rests on its pleading and *ipse dixit* assertions. In turn, it fails at the outset because it ignores the clear and heightened evidentiary burden it now bears. After more than 18 months of substantial discovery, including more than 15 depositions and 20 subpoenas, Plaintiff was required to come forward with actual proof to support this Court's jurisdiction over Ms. Caldwell. The law on this point is unequivocal: once discovery has commenced, a plaintiff cannot simply rest on the allegations in its complaint; it must sustain its burden by establishing jurisdictional facts through sworn affidavits or other competent evidence.

Even if Plaintiff's evidentiary failure was not dispositive (which it is), this Court still lacks personal jurisdiction over Ms. Caldwell because her connection to this forum is entirely nonexistent. The jurisdictional analysis fails under both prongs of the required two-step inquiry: it does not comport with either Delaware's long-arm statute or the standards of due process. The uncontroverted evidence confirms that Ms. Caldwell performed no work *in* Delaware, transacted no business *in* Delaware, and supplied no services *in* Delaware. Furthermore, Plaintiff has failed to show a tortious injury *in* Delaware—in this context, injuries arise where customer confusion

occur, and the record is devoid of any evidence that a single Delaware resident was confused or misled by the Website.

Lacking any in-state act or in-state injury attributable to Ms. Caldwell, the long-arm statute does not reach her. For the same reasons, exercising jurisdiction over Ms. Caldwell would violate due process, as Plaintiff's theory relies exclusively on Ms. Caldwell's work for a Delaware-incorporated entity, NL.com. This is precisely the basis for jurisdiction that the U.S. Supreme Court has unequivocally rejected in *Walden v. Fiore*, 571 U.S. 277 (2014).

Finally, Plaintiff's conspiracy theory of jurisdiction fails for numerous reasons. It is foreclosed by the Delaware Court of Chancery's recent decision *Green v. McClive*, 2024 WL 2815794, at *4 (Del. Ch. June 3, 2024), which is entirely on point. It is also legally barred under the intracorporate conspiracy doctrine and unsupported by evidence of either knowledge or a substantial act.

For these multiple, independent reasons, the claims against Ms. Caldwell must be dismissed.

## II.     ARGUMENT

### A.  Plaintiff's Opposition Fails at the Threshold by Relying on Bare Allegations Rather Than Evidence

Plaintiff's opposition ignores the clear mandate that **"[a]fter discovery has begun, the plaintiff must sustain [its] burden by establishing jurisdictional facts through sworn affidavits or other competent evidence."** *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 2004 WL 503602, at *3 (D. Del. Mar. 11, 2004); *accord ACCO Brands USA LLC v. Performance Designed Prods. LLC*, 2024 WL 181545, at *2 (D. Del. Jan. 17, 2024).

Here, Plaintiff has had over 18 months of discovery. *See, e.g.*, D.I. 114, 115 (setting the pre-amendment cutoff for fact discovery as February 3, 2025). The discovery has been substantial;

APP, Caldwell and Siler have been deposed. D.I. 46, 86, 123. Silver has been deposed twice. D.I. 70, 121. In total, over fifteen depositions have been conducted and more than twenty subpoenas have been issued. *See* D.I. 31, 35, 37, 39, 40, 42, 44-47, 50, 52, 53, 56-58, 61-66, 68-74, 86, 87, 95, 96, 101, 102, 105, 111, 113, 121, 123.

Nevertheless, rather than satisfying the specific post-discovery burden mandated by *Philips*, Plaintiff rested its entire opposition on the very tactic that controlling precedent squarely prohibits: "At no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (alterations omitted); *accord Norton v. Mylan N.V.*, 2025 WL 1752340, at *3 (D.N.J. June 25, 2025).

Accordingly, the Court should grant this motion on the straightforward and dispositive grounds that Plaintiff has failed to produce any evidence to support its jurisdictional allegations. The Court need not untangle a complex conspiracy analysis because Plaintiff has, as a matter of law, forfeited its opportunity to contest the sworn facts and evidence that establish a lack of jurisdiction.

### B. This Court Lacks Jurisdiction Over Ms. Caldwell.

Even if Plaintiff's failure to meet its burden was not dispositive (it is), neither Delaware's long-arm statute nor *Istituto Bancario* confers jurisdiction over Ms. Caldwell.

#### 1. There Is No Basis for Long-Arm Jurisdiction Over Ms. Caldwell

Plaintiff claims that jurisdiction over Ms. Caldwell pursuant to Delaware's long-arm statute exists because she was paid by APP to secure, design and fund the Website. Opp. p.10. However, Plaintiff ignores that the uncontroverted evidence demonstrates that **none of this activity occurred in Delaware**. Caldwell Aff. ¶¶4-5, 11-13; Silver Aff. ¶¶11-12; Siler Aff. ¶¶3-4; Solomon Aff. ¶¶5,

16-17.[1] There is also no evidence that any Delaware resident was confused by the Website, a prerequisite for the claims at issue.[2] *See* D.I. 6, 76; *Sears, Roebuck & Co. v. Sears plc*, 752 F. Supp. 1223, 1228 (D. Del. 1990) (Trade name or trademark infringement arises "where the confusion to the customer occurs."). In short, Ms. Caldwell did not act within Delaware, nor were any alleged effects of her actions felt there. Instead, Plaintiff attempts to bootstrap jurisdiction by asserting that Ms. Caldwell is an agent of, and contractor to, NL.com. Opp. p.23.

***First***, these purported—and indeed non-existent—contacts cannot satisfy the statutory requirement that the claim arise out of transactions **within the state**, the provision of goods and services **in the state**, or a tortious injury where both the act and injury occurred **within the state**.[3] 10 Del. C. § 3104(c)(1)-(3).

***Second***, even if Plaintiff could satisfy the long-arm statute (which it cannot), exercising jurisdiction over Ms. Caldwell would violate due process because transacting business with a Delaware entity—literally, the only alleged direct contact with the state—is an insufficient basis for jurisdiction under *Walden v. Fiore*, 571 U.S. 277.[4] *Walden* is unequivocal: the due process

---

[1] These affidavits are attached to the *Motion to Dismiss*, D.I. 133, as Exhibits 1-4.
[2] Plaintiff's allegations about Ms. Caldwell's supposed "direct[ion] [of] services to the jurisdiction" and her causing harm "inside Delaware," are entirely unsupported and conclusory; they are entitled to no deference. *E.g.*, FAC ¶18; Opp. pp.13, 19; *Ruffing v. Wipro Ltd.*, 529 F. Supp. 3d 359, 364 (E.D. Pa. 2021). Moreover, they are belied by the affidavits confirming that Defendants did not target Delaware as well as the record—after 18 months, Plaintiff cannot identify any forum resident suffering confusion. D.I. 6, 76; Siler Aff. ¶27; Caldwell Aff. ¶11; Solomon Aff. ¶18.
[3] There is no merit to Plaintiff's claim that the long-arm statute is not an independent bar to jurisdiction and consequently that its analysis can be skipped. Courts routinely conduct a distinct, two-step analysis, addressing the statute before turning to constitutional concerns. *See, e.g., Berry v. State Farm Mut. Auto. Ins. Co.*, 2025 WL 986819, at *2 (Del. Super. Ct. Apr. 2, 2025); *SDF Funding LLC*, 2022 WL 1521309, at *1.
[4] By the same token, this forecloses any jurisdiction based on the sale of the website from APP to NL.com, as this involves nothing more than the "transfer" to "Delaware resident" NL.com. Contrary to Plaintiff's assertions, *Walden* makes it clear that this cannot constitute "intentionally transacting business in Delaware." Opp. p.14.

inquiry considers "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." 571 U.S. at 285. Accordingly, an association with a Delaware entity is constitutionally insufficient as a matter of law. *See Zausner Foods Corp. v. ECB USA, Inc.*, No. CV 20-1769-RGA-CJB, 2022 WL 609110, at *9 (D. Del. Jan. 31, 2022).

### 2. *Green v. McClive* Precludes Any Exercise of Conspiracy Jurisdiction

In *Green v. McClive,* the Court of Chancery reiterated the long-standing precept of Delaware law that conspiracy jurisdiction under *Istituto Bancario* is "construed narrowly" and consequently held that "***exercising personal jurisdiction over a foreign conspirator who has herself committed no act in Delaware, and where the underlying tort was not committed in Delaware, would not comport with due process.***" 2024 WL 2815794, at *4.

The underlying tort did not occur in Delaware because, as set forth above in §II(B)(1), no one from Delaware suffered any confusion, and that confusion determines the locus of the tort.

Nor did Ms. Caldwell commit any act in Delaware. She has not been to Delaware within the last five years and owns no property here (Caldwell Aff. ¶¶ 4, 5). Plaintiff also concedes that Ms. Caldwell did not directly participate in the creation of NL.com. Opp. p.3 ("Three of the four, APP, Silver, and Siler, participated in the filing of NoLabels.com's certificate of incorporation in Delaware.").

Notably, *Green*, which Plaintiff ignored, signals the Chancery Court's constitutional skepticism toward the exercise of jurisdiction under any version of the *Istituto Bancario* conspiracy analysis given these circumstances.

### 3. There is No Conspiracy Jurisdiction Under *Istituto Bancario*

Even if *Green* did not apply (which it does), Ms. Caldwell would not be properly subject to jurisdiction under the stringent test articulated in *Istituto Bancario Italiano SpA v. Hunter Eng'g Co.*, 449 A.2d 210 (Del. 1982), which requires a strict showing of each of the following:

> (1) A conspiracy;
>
> (2) The defendant's membership in that conspiracy;
>
> (3) A substantial act or substantial effect in furtherance of the conspiracy occurring in the forum state;
>
> (4) The defendant's knowledge (actual or constructive) of the act in the forum state or that acts outside the forum state would have an effect in the forum state;
>
> (5) The act in, or effect on, the forum state being a direct and foreseeable result of the conduct in furtherance of the conspiracy.

*Dan Dee Int'l, LLC v. Glob. New Ventures Grp. LC*, 2024 WL 3043430, at *3–4 (D. Del. June 18, 2024). Delaware courts "narrowly and strictly construe" these elements and require "factual proof" of each one. *Curam, LLC v. Gray*, 2025 WL 733256, at *7 (Del. Super. Ct. Mar. 6, 2025). These elements cannot be established here, as illustrated below.

### i. *Plaintiff Fails to Establish an Actionable Conspiracy*

In the first instance, Plaintiff's conspiracy theory is barred by the intracorporate conspiracy doctrine. This doctrine establishes that a corporation and its agents are a single legal entity that cannot conspire with itself. *Fortis Advisors LLC v. Johnson & Johnson*, 2021 WL 5893997, at *7 (Del. Ch. Dec. 13, 2021). Critically—and contrary to Plaintiff's insistence that the intracorporate conspiracy doctrine only applies in the parent-sub context—the doctrine applies so long as "there [is] a single decision-making source exercising definitive control over the entities at issue," because "then the conspiracy claim would be futile." *Homesource, Corp. v. Retail Web Servs., LLC*, 2020 WL 12188147, at *15 (D.N.J. Mar. 30, 2020); *see also In re Verestar, Inc.*, 343 B.R. 444, 483 (Bankr. S.D.N.Y. 2006).

Here, there was a single decision-making source because all participants were APP operators. Silver ran it. Silver Aff. ¶¶ 4. Ms. Caldwell was a consultant. Caldwell Aff. ¶3. Mr. Siler was a contractor. Siler Aff. ¶5. Silver also ran RTG. Silver Aff. ¶¶ 8. And Siler ran NL.com. Siler

Aff. ¶20. All of the alleged individual co-conspirators were subject to APP's control, and both RTG and NL.com were controlled by these individuals. In sum, all operations emanated from a single decision-making source.

Plaintiff's own narrative confirms this unified structure. They put Silver, the "mastermind," as they call him, in charge, saying that he "***supervised the work of the other defendants*** and had the ***final say*** in determining how and what to fund," and that "Silver is the principal of Defendants RT Group LLC ("RTG") and APP. Opp. pp.8-9 (emphasis added). In other words, Plaintiff itself acknowledges the existence of a single decision-making source. Therefore, there is no actionable conspiracy on which to rest jurisdiction.

### ii. There Is No Substantial Act Under Istituto Bancario

Under *Istituto Bancario*, conspiracy jurisdiction also requires a "substantial act" in Delaware, one that is "central to the plaintiff's claims of wrongdoing." *Fortis*, 2021 WL 5893997, at *7. Here, the only event connected to Delaware was the incorporation of NL.com.[5]

Jurisdiction based on the act of incorporation is subject to heightened requirements—the claims must be "related to the act of incorporation or are based upon Delaware corporate law." *Mktg. Prods. Mgmt., LLC v. HealthandBeautyDirect.com, Inc.*, 2004 WL 249581, at *2 (Del. Super. Ct. Jan. 28, 2004) (cleaned up). This standard requires that the act must form the subject of the suit, as the Court observed in *Sample v. Morgan*, 935 A.2d 1046, 1047 (Del. Ch. 2007). In this

---

[5] As set out in the Opening Brief—and as left uncontested by Plaintiff's Opposition—the operation of the Website was not a substantial act occurring in Delaware, meaning that neither "contribut[ions] to content" nor "edits" confer jurisdiction. Opp p.23; *Kloth v. S. Christian Univ.*, 494 F. Supp. 2d 273 (D. Del. 2007). Neither does transacting business with NL.com. *See Walden*, 571 U.S. 277; *Mobile Diagnostic Grp. Holdings, LLC v. Suer*, 972 A.2d 799, 805 (Del. Ch. 2009). Finally, using the name "No Labels" in filing the incorporation papers does not constitute infringement. *Calabrese, Racek & Markos, Inc. v. Racek*, No. 5:12-CV-02891-SL, 2013 WL 3893978, at *4 (N.D. Ohio July 26, 2013).

case, relied on by Plaintiff, the Court found jurisdiction where "lawyer and law firm prepared and delivered to Delaware for filing a certificate amendment *under challenge* in the lawsuit." *Id*.

The remainder of Plaintiff's cases involve similarly close coupling—corporate filings that were not merely incidental but ***were required to execute the challenged transaction***. See *SDF Funding LLC v. Fry*, 2022 WL 1521309, at *2 (Del. Ch. May 13, 2022) (finding no jurisdiction despite a Delaware entity being associated with the usurpation of corporate opportunities); *Virtus Cap. L.P. v. Eastman Chem. Co.*, No. CV 9808-VCL, 2015 WL 580553, at *1 (Del. Ch. Feb. 11, 2015) (creation of liquidating vehicles and the filing of a certificate of merger were integral to the challenged transaction); *In re Gen. Motors (Hughes) S'holder Litig.*, No. CIV.A. 20269, 2005 WL 1089021, at *22 (Del. Ch. May 4, 2005) (certificate of merger was required by the challenged merger agreement); *Benihana of Tokyo, Inc. v. Benihana, Inc.*, 2005 WL 583828, at *8 (Del. Ch. Feb. 4, 2005) (filing "was required . . . to effectuate the terms of the Stock Purchase Agreement" that was being challenged); *Chandler v. Ciccoricco*, 2003 WL 21040185, at *11 (Del. Ch. May 5, 2003) (finding a certificate filing was a "necessary act" to complete the stock issuance); *Gibralt Cap. Corp. v. Smith*, 2001 WL 647837, at *2 (Del. Ch. May 9, 2001) (Looting claim arose "by virtue of the voting preferred stock [the defendant] had issued."). By contrast, Plaintiff's claims—arising out of conduct outside Delaware and having no impact in Delaware—are simply unrelated to the forum and therefore cannot satisfy the test.

Even if the claims were related to the act of incorporation, the undisputed timeline demonstrates that the incorporation was not factually "central" to the alleged scheme, and thus the claims fail the core requirement of the *Istituto Bancario* test. The key events all occurred independently of NL.com's formation:

- **The Domain**: NL.com had nothing to do with the Domain's acquisition. The Domain was leased by APP on September 24, 2023, and acquired on October 11,

2023. Siler Aff. ¶¶8-9. At that time, NL.com did not even exist; it was not formed until November 7, 2023. *Id.* ¶20.

- **The Website**: NL.com had nothing to do with the Website's development. The content was drafted by October 14, 2023. *Id.* ¶15. The Domain was transferred to the web developer on October 17, 2023. *Id.* ¶11. Both predated NL.com's existence. *Id.* ¶20.

- **The Funding**: NL.com did not pay for the Website. The funds and payment came from APP. *Id.* ¶19.

- **The Title**: NL.com did not ever hold title to the Website. *Id.* ¶¶13, 19; Solomon Aff. ¶¶ 9.

In sum, there is no basis to conclude that the incorporation was a substantial act that was either central to the infringement or that set it in motion. Moreover, there is no reason to conclude that the claims relate to the incorporation or Delaware's corporate law. Accepting Plaintiff's argument to the contrary would create a dangerous slippery slope. It would mean that any group of individuals, anywhere in the world, who use a Delaware-chartered entity to commit a tort would automatically subject themselves to personal jurisdiction in Delaware for that tort. This would obliterate the "minimum contacts" requirement of *International Shoe* and its progeny, turning Delaware into an involuntary global forum for any dispute involving one of its corporate citizens—something that would run directly counter to Delaware's stated presumption that conspiracy jurisdiction will be exercised narrowly and strictly. *Stimwave Tech. Inc. v. Perryman*, No. CV 2019-1003-SG, 2020 WL 6735700, at *5 (Del. Ch. Nov. 17, 2020).

### iii. Plaintiff Fails to Adduce Any Evidence that Ms. Caldwell Knew of the Delaware Incorporation, a Dispositive Failure Under Istituto Bancario

The fourth prong of the *Istituto Bancario* test is not a mere formality; it is a fundamental safeguard of constitutional due process. *See Istituto Bancario Italiano SpA v. Hunter Eng'g Co.*, 449 A.2d 210, 225 (Del. 1982). It requires Plaintiff to prove that the out-of-state defendant—here, Ms. Caldwell—had actual or constructive knowledge of the specific "act in the forum state." *Id.*

Here, that act is the ministerial incorporation of NL.com in Delaware. (D.I. 149 at 28). Consistent with the threshold argument advanced at the outset of this brief, Plaintiff's case cannot be sustained in light of its own evidentiary failure—no proof of such knowledge was pleaded (the statement in the Opposition is made without citation) or supplied. Recognizing this, Plaintiff resorts to a fatally circular argument: that knowledge of the Delaware incorporation should be imputed to Ms. Caldwell simply because she was an alleged member of the conspiracy. (D.I. 149 at 31). This reflects a flawed inversion of the required analytical sequence. The conspiracy theory of jurisdiction is a tool to hale a defendant into court *if* the plaintiff can first prove the test's required elements; the theory cannot be used to bootstrap its own essential predicates into existence.

      Knowledge of the in-forum act is a mandatory prerequisite for applying the conspiracy theory, not a conclusion that flows from it. *Istituto Bancario*, 449 A.2d at 225. Indeed, Plaintiff's own cited authority confirms that a defendant must have "voluntarily participated in a conspiracy ***with knowledge*** of its acts in or effects in the forum state" in order to have purposefully availed herself of the forum's laws. *Perry v. Neupert*, 2017 WL 6033498, at *15 (Del. Ch. Dec. 6, 2017) (emphasis added). However, Plaintiff itself has conceded that she did not participate in formation. Opp. p.3 ("Three of the four, APP, Silver, and Siler, participated in the filing of NoLabels.com's certificate of incorporation in Delaware.").

      Therefore, even if this Court were to find a cognizable conspiracy and a substantial act in Delaware—both of which are vigorously contested—the case against Ms. Caldwell must be dismissed on this independent and dispositive ground. Plaintiff has failed to establish the most basic element required to constitutionally exercise jurisdiction over her: that she had any actual or constructive knowledge of the single, tenuous connection to this forum.

[Remainder of Page Left Intentionally Blank]

### III. CONCLUSION

Wherefore, the claims against Ms. Caldwell must be dismissed.

DATED: JULY 11, 2025

*/s/ Mark M. Billion*
Mark M. Billion (DE Bar No. 5263)
Peter K. Schaeffer (DE Bar No. 5155)
BILLION LAW
20184 Coastal Hwy. Suite 205
Rehoboth Beach, DE 19971
Tel: 302.428.9400
Email: markbillion@billionlaw.com

*Attorneys for Defendant Lucy Caldwell*