IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NO LABELS,<br><br>    Plaintiff,<br><br>            v.<br><br>DELCO0222024, INC. (f/k/a NOLABELS.COM INC.) et al.,<br><br>    Defendants. | Civil Action No. 23-1384-GBW |

---

Theodore A. Kittila, James G. McMillan, III, William E. Green, Jr., HALLORAN FARKAS + KITTILA LLP, Wilmington, DE; Mark D. Lytle, NIXON PEABODY LLP, Washington, DC; Jason C. Kravitz, Leslie E. Hartford, NIXON PEABODY LLP, Boston, MA.

      *Counsel for Plaintiff*

Elizabeth S. Fenton, BARNES & THORNBURG LLP, Wilmington, DE; Matthew O. Gatewood, GATEWOOD PLLC, Washington, DC.

      *Counsel for Defendants American Patriot Project, Inc. and RT Group LLC*

Mark M. Billion, Peter K. Schaeffer, BILLION LAW, Rehoboth Beach, DE.

      *Counsel for Defendant Lucy Caldwell*

Elizabeth S. Fenton, BARNES & THORNBURG LLP, Wilmington, DE; Daniel J. Blinka, Xavier O. Jenkins, GODFREY & KAHN, S.C., Milwaukee, WI.

      *Counsel for Defendant Joshua Silver*

David L. Finger, Finger & Slanina, LLC, Wilmington, DE.

      *Counsel for Defendant Charles Siler*

## MEMORANDUM OPINION

January 7, 2026
Wilmington, Delaware

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

On February 28, 2025, Plaintiff No Labels ("No Labels" or "Plaintiff") filed an Amended Complaint alleging, among other things, trademark infringement against Defendants DELCO0222024, Inc. (f/k/a NOLABELS.COM Inc.) ("NoLabels.com" or "NoLabels.com Inc."), American Patriot Project, Inc. ("Patriot Project"), RT Group LLC ("RT Group"), Joshua Silver ("Mr. Silver" or "Silver"), Charles Siler ("Mr. Siler" or "Siler"), and Lucy Caldwell ("Ms. Caldwell" or "Caldwell") (together, with NoLabels.com, Patriot Project, RT Group, Mr. Silver, and Mr. Siler, "Defendants"). D.I. 126. Pending before the Court are the following motions (one from each Defendant with the exception of NoLabels.com):

1. Patriot Project's Motion to Dismiss ("Patriot Project's Motion") (D.I. 131), which has been fully briefed (D.I. 132, D.I. 149, D.I. 153);

2. Ms. Caldwell's Motion to Dismiss Pursuant to Rule 12(b)(2) ("Ms. Caldwell's Motion") (D.I. 133), which has been fully briefed (D.I. 137, D.I. 149, D.I. 156);

3. RT Group's Motion to Dismiss Count IX ("RT Group's Motion") (D.I. 134), which has been fully briefed (D.I. 135, D.I. 149, D.I. 152);

4. Mr. Silver's Motion to Dismiss for Lack of Personal Jurisdiction ("Mr. Silver's Motion") (D.I. 139), which has been fully briefed (D.I. 140, D.I. 149, D.I. 154); and

5. Mr. Siler's Motion to Dismiss ("Mr. Siler's Motion") (D.I. 143) (together with Patriot Project's Motion, Ms. Caldwell's Motion, RT Group's Motion, and Mr. Silver's Motion, "Defendants' Motions"), which has been fully briefed (D.I. 144, D.I. 149, D.I. 150).

Having considered the Amended Complaint, Defendants' Motions, and all corresponding papers, the Court grants Defendants' Motions. As set forth below, the Court grants RT Group's

2

Motion because Plaintiff lacks standing to pursue Count IX against RT Group. The Court grants the remainder of Defendants' Motions because Plaintiff fails to sufficiently allege that the Court has personal jurisdiction over Patriot Project, Mr. Silver, Mr. Siler, and Ms. Caldwell.

## I.   FACTUAL BACKGROUND

The following are factual allegations from the Amended Complaint that are taken as true for the purpose of resolving Defendants' Motions.

No Labels is "a non-profit corporation organized under the laws of the District of Columbia with a principal place of business [in] Washington, DC." D.I. 126 ¶ 5. "No Labels' longstanding focus is to bring together Democrats, Republicans, and independents to forge commonsense, bipartisan solutions." D.I. 126 ¶ 2. For example, No Labels launched a "ballot access effort . . . to offer voters another choice in the 2024 presidential race." D.I. 126 ¶ 1. No Labels' "real website" is "registered at <nolabels.org>." D.I. 126 ¶ 2. In 2023, "Defendants collectively worked on a website at the domain name <nolabels.com>" (the "Allegedly Infringing Website") "that was made to look like No Labels' real website." D.I. 126 ¶ 2. The "fake website contained language and statements that intentionally made No Labels look like a shadowy right-wing group." D.I. 126 ¶ 2.

## II.   LEGAL STANDARDS

### A.   Personal Jurisdiction

"Federal Rule of Civil Procedure 12(b)(2) requires the Court to dismiss any case in which it lacks personal jurisdiction." *ACCO Brands USA LLC v. Performance Designed Prods. LLC*, No. 23-437 (GBW), 2024 U.S. Dist. LEXIS 8333, at *1 (D. Del. Jan. 17, 2024) (citations omitted). "The determination of whether the court has personal jurisdiction over a party requires a two-part analysis." *Id.* (citation omitted). "First, the court must determine whether a defendant's actions

fall within the scope of a state's long-arm statute." *Id.* at *1-2 (citation omitted). Delaware's long-arm statute provides:

> As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
>
> (5) Has an interest in, uses or possesses real property in the State; or
>
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 Del. Code § 3104(c).

"Second, the court must determine whether the exercise of jurisdiction comports with the Due Process Clause of the Constitution." *ACCO Brands*, 2024 U.S. Dist. LEXIS 8333, at *2 (citation omitted). "Due process requires that sufficient minimum contacts exist between the defendant and the forum state to satisfy traditional notions of fair play and substantial justice." *Tristrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 641 (D. Del. 2008) (citation omitted); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "This 'minimum contacts' doctrine can be met through a showing of 'general jurisdiction' or 'specific jurisdiction.'" *E.I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 666 (D. Del. 2018) (citation omitted).

"A court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the state are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "A corporation's 'principal place of business' and state of incorporation are 'paradigm' bases for finding general jurisdiction with respect to corporations." *Id.* (quoting *Daimler*, 571 U.S. at 137). "However, other 'substantial, continuous, and systematic' contacts with a forum state may form the basis for general jurisdiction if they are of such a nature and degree to render the defendant essentially at home in the forum State." *Id.* (quoting *Daimler*, 571 U.S. at 137).

"Specific jurisdiction refers to the authority to hear cases in which the suit arises out of or relates to the defendant's contacts with the forum." *Id.* (cleaned up). "This type of personal jurisdiction exists where (1) the defendant has purposefully directed his activities at residents of the forum, and (2) the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

"The plaintiff bears the burden of establishing that the defendants are properly subject to the court's jurisdiction." *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 502 (D. Del. 2017) (citation omitted). "Where no evidentiary hearing on personal jurisdiction has occurred, a plaintiff bears the burden of alleging facts sufficient to make a *prima facie* case of personal jurisdiction over the defendant." *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 475 (D. Del. 2021) (cleaned up).

## III. DISCUSSION

The Court discusses each of Defendants' Motions below.

### A. The Court Grants Patriot Project's Motion

Patriot Project contends that Plaintiff does not sufficiently allege that the Court has personal jurisdiction over it. Patriot Project is correct. The Court addresses Plaintiff's allegations and arguments below.

*First*, Plaintiff alleges that the Court has personal jurisdiction over Patriot Project because Patriot Project "sold or otherwise transferred the [allegedly] infringing domain to Delaware resident Nolabels.com Inc. and thus intentionally transacted business within the State of Delaware." D.I. 126 ¶ 14. However, Plaintiff falls short of alleging that such activity "actually took place **in** Delaware." *See Bos. Sci. Corp. v. Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 366 (D. Del. 2009) (emphasis in original) (holding that "transacting business with a Delaware corporation outside of Delaware does not satisfy Delaware's long-arm statute" where the alleged activities did not "actually" occur "in Delaware"). Therefore, such sale and transfer do not support a *prima facie* case of personal jurisdiction over Patriot Project as a matter of law.

*Second*, Plaintiff contends that the Court has personal jurisdiction over Patriot Project because Patriot Project "cause[d] Nolabels.com Inc. to be incorporated in Delaware for the purpose of owning and operating the copycat website." D.I. 149 at 14. "The act of incorporation is sufficient to confer personal jurisdiction, however, only if the claims at issue are related to the act of incorporation or are based upon Delaware corporate law." *Mktg. Prods. Mgmt., LLC v. HealthandBeautyDirect.com, Inc.*, No. 02C-04-256 CLS, 2004 Del. Super. LEXIS 26, at *6 (Super. Ct. Jan. 28, 2004) (footnotes omitted); *see also Fortis Advisors LLC v. Johnson & Johnson*, No. 2020-0881-LWW, 2021 Del. Ch. LEXIS 290, at *16 (Del. Ch. Dec. 13, 2021) (holding that "the formation of a Delaware entity must be central to the plaintiff's claims of wrongdoing" to confer personal jurisdiction). Here, the claims at issue are not related to the act of incorporation

and they are not premised on Delaware corporate law.[1]  Thus, that Patriot Project caused Nolabels.com Inc. to be incorporated in Delaware is insufficient to support a *prima facie* case of personal jurisdiction over Patriot Project as a matter of law.

*Third*, Plaintiff contends that the Court has personal jurisdiction over Patriot Project under a conspiracy theory of jurisdiction. D.I. 126 ¶ 19. Under a theory of conspiracy jurisdiction:

> a conspirator who is absent from the forum state is subject to the jurisdiction of the court if the plaintiff can make a factual showing that (1) a tortious conspiracy existed; (2) the defendant was a member of that conspiracy; (3) a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state; (4) the defendant knew or had reason to know of the act in the forum state or that acts outside the forum state would have an effect in the forum state; and (5) the act in, or effect on, the forum state was a direct and foreseeable result of the conduct in furtherance of the conspiracy.

*Neurvana Med., Ltd. Liab. Co. v. Balt USA, Ltd. Liab. Co.*, No. 2019-0034-KSJM, 2020 Del. Ch. LEXIS 77, at *27-28 (Del. Ch. Feb. 27, 2020) (cleaned up) (quoting *Perry v. Neupert*, C.A. No. 2017-0290-JTL, 2019 Del. Ch. LEXIS 56, at *44 (Del. Ch. Feb. 15, 2019) (quoting *Istituto Bancario Italiano SpA v. Hunter Eng'g Co.*, 449 A.2d 210, 225 (Del. 1982))). "Delaware courts construe this test narrowly and require a plaintiff to assert specific facts, not conclusory allegations, as to each element." *Id.* at *28 (citation omitted).

Here, Plaintiff fails to sufficiently allege the third element as a matter of law. Plaintiff contends that "the filing of the NoLabels.com Inc. certificate of incorporation with the Delaware Secretary of State and the transfer of the [allegedly] infringing domain to Delaware resident

---

[1] The alleged claims are (I) Cybersquatting; (II) Trademark Infringement / False Designation of Origin, (III) Trademark Infringement, (IV) Trademark Dilution, (V) Contributory Trademark Infringement / False Designation of Origin, (VI) Contributory Trademark Infringement, (VII) Contributory Trademark Dilution, (VIII) Deceptive Trade Practices, (IX) Unfair or Deceptive Trade Practices, and (X) Civil Conspiracy. D.I. 126.

Nolabels.com Inc." constitute substantial acts in Delaware. D.I. 149 at 21. As discussed above, however, neither of these acts support a *prima facie* case of personal jurisdiction.

In addition, "substantial effects" cannot, alone, support specific personal jurisdiction. Rather, "[s]pecific jurisdiction requires that the claim arise out of a Delaware *act*." *Altabef v. Neugarten*, C.A. No. 2021-0117-MTZ, 2021 Del. Ch. LEXIS 294, at *17 (Del. Ch. Dec. 15, 2021) (emphasis added). "A conspiracy is not an independent jurisdictional hook: there must still be an anchoring Delaware *act*." *Id.* (emphasis added); *see also id.* ("In order to harmonize the conspiracy theory of jurisdiction with the United States Supreme Court's restructuring of personal jurisdiction, we must presume that the requirement that the conspiracy accomplish a 'substantial act or effect' in the forum correlates with the Supreme Court's mandate that the defendant engage in forum-related *conduct* that is directly related to the specific claims at issue in the lawsuit." (emphasis added) (citation omitted)). Therefore, Plaintiff's (in any event slim) allegations of substantial effect in Delaware do not support a *prima facie* case of personal jurisdiction over Patriot Project. Absent the third element of conspiracy jurisdiction, Plaintiff does not make a *prima facie* case of conspiracy jurisdiction over Patriot Project.

For the foregoing reasons, Plaintiff has failed to sufficiently allege personal jurisdiction over Patriot Project. Therefore, the Court grants Patriot Project's Motion.

**B.    The Court Grants Ms. Caldwell's Motion**

Ms. Caldwell contends that Plaintiff does not sufficiently allege that the Court has personal jurisdiction over her. Ms. Caldwell is correct. The Court addresses Plaintiff's allegations and arguments below.

*First*, Plaintiff alleges that Ms. Caldwell "is subject to personal jurisdiction in Delaware 'because she served as an agent for, and provided services to, NoLabels.com Inc., a Delaware corporation and citizen, in connection with the [Allegedly] Infringing Website, directed such

8

services to this jurisdiction, and intended for such services to be used by NoLabels.com Inc. in its operation of the copycat website.'" D.I. 149 at 23 (quoting D.I. 126 ¶ 18). However, as with Patriot Project, Plaintiff falls short of alleging that such activity of Ms. Caldwell "actually took place in Delaware." *See Bos. Sci. Corp.*, 647 F. Supp. 2d at 366 (emphasis in original). Therefore, these activities do not support a *prima facie* case of personal jurisdiction over Ms. Caldwell as a matter of law.

*Second*, Plaintiff contends that the Court has personal jurisdiction over Ms. Caldwell pursuant to essentially the same conspiracy theory of jurisdiction discussed above. D.I. 149 at 23-24. However, as with Patriot Project, Plaintiff fails to sufficiently allege the third element of conspiracy jurisdiction. In particular, Plaintiff fails to allege any specific acts by Ms. Caldwell in Delaware. The purported acts by other Defendants (the incorporation and transfer) are not sufficient for the reasons discussed above and, thus, cannot be "properly imputed" (D.I. 149 at 24) to Ms. Caldwell. The purported effects in Delaware are, by themselves, insufficient because, as explained above, "[s]pecific jurisdiction requires that the claim arise out of a Delaware act." *Altabef*, 2021 Del. Ch. LEXIS 294, at *17.

For the foregoing reasons, Plaintiff has failed to sufficiently allege personal jurisdiction over Ms. Caldwell. Therefore, the Court grants Ms. Caldwell's Motion.

C.     **The Court Grants RT Group's Motion**

RT Group contends that "Plaintiff lacks standing to bring Count IX of the Amended Complaint." D.I. 135 at 1. RT Group is correct. Count IX is a violation of District of Columbia Code § 28-3904(g). D.I. 126 ¶¶ 166-72. That Section is part of the District of Columbia Consumer Protection Procedures Act ("CPPA"). *See Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039, 1041 (D.C. Cir. 2010). The "CPPA protects only consumers." *Id.* at 1043. Those that do "not engage in consumer transactions within the meaning of the" CPPA "are not entitled to its protections" and

9

"lack Article III standing to sue in federal court." *Id.* at 1044. Here, Plaintiff does not allege that it was a consumer. *See* D.I. 126. Therefore, Plaintiff "lacks Article III standing." *See Shaw*, 605 F.3d at 1044.

Plaintiff contends that, because "Subsection (g) refers to relations between businesses and not to relations between merchants and consumers, its application cannot be limited solely to dispute between merchants and consumers, as doing would effectively strike Subsection 28-3904(g) from the statute." D.I. 149 at 34-35. Plaintiff is wrong. Nothing in the statute, for example, appears to prohibit consumers from bringing claims under Subsection (g) against merchants that wrongfully disparage other merchants.

For the foregoing reasons, Plaintiff has failed to sufficiently allege Article III standing to bring Count IX. Therefore, the Court grants RT Group's Motion.

## D. The Court Grants Mr. Silver's Motion

Mr. Silver contends that Plaintiff does not sufficiently allege that the Court has personal jurisdiction over him. Mr. Silver is correct. The Court addresses Plaintiff's allegations and arguments below.

*First*, Plaintiff alleges that this "Court has personal jurisdiction over Silver because he served as a manager of a Delaware limited liability company and because he served as an agent for, and provided services to, NoLabels.com Inc., a Delaware corporation and citizen, in connection with the [Allegedly] Infringing Website." D.I. 126 ¶ 16. Plaintiff also alleges that "Silver directed such services to this jurisdiction, and intended for such services to be used by NoLabels.com Inc. in its operation of the copycat website." D.I. 126 ¶ 16. However, as with Patriot Project and Ms. Caldwell, Plaintiff falls short of alleging that such activity "actually took place **in** Delaware." *See Bos. Sci. Corp.*, 647 F. Supp. 2d at 366 (emphasis in original). Therefore,

these activities do not support a *prima facie* case of personal jurisdiction over Mr. Silver as a matter of law.

*Second*, Plaintiff contends that Mr. Silver helped "cause NoLabels.com Inc. to be incorporated in Delaware." D.I. 149 at 22. As stated above, however, the "act of incorporation is sufficient to confer personal jurisdiction . . . only if the claims at issue are related to the act of incorporation or are based upon Delaware corporate law." *Mktg. Prods. Mgmt.*, 2004 Del. Super. LEXIS 26, at *6 (footnotes omitted). Here, the claims at issue are not related to the act of incorporation and they are not based on Delaware corporate law. Thus, that Mr. Silver helped cause Nolabels.com to be incorporated in Delaware does not support a *prima facie* case of personal jurisdiction over Mr. Silver as a matter of law. *Third*, the Court does not have personal jurisdiction over Mr. Silver under a conspiracy theory of personal jurisdiction for the same reasons discussed above.

For all of these reasons, Plaintiff fails to sufficiently allege that the Court has personal jurisdiction over Mr. Silver. Therefore, the Court grants Mr. Silver's Motion.

E. **The Court Grants Mr. Siler's Motion**

Mr. Siler contends that Plaintiff does not sufficiently allege that the Court has personal jurisdiction over him. Mr. Siler is correct. The Court addresses Plaintiff's allegations and arguments below.

*First*, Plaintiff alleges that the "Court has personal jurisdiction over Siler because he served as an officer of NoLabels.com Inc., a Delaware corporation and citizen." D.I. 126 ¶ 17. Plaintiff also alleges that "Siler served as an agent for, and provided services to, NoLabels.com Inc., a Delaware citizen, in connection with the [Allegedly] Infringing Website, directed such services to this jurisdiction, and intended for such services to be used by NoLabels.com Inc. in its operation of the copycat website." D.I. 126 ¶ 17. However, as with Patriot Project, Ms. Caldwell, and Mr.

11

Silver, Plaintiff falls short of alleging any activity of Mr. Siler that "actually took place **in** Delaware." *See Bos. Sci. Corp.*, 647 F. Supp. 2d at 366 (emphasis in original). Therefore, these purported activities do not support a *prima facie* case of personal jurisdiction over Mr. Siler as a matter of law.

*Second*, Plaintiff alleges that Siler helped "cause Nolabels.com Inc. to be incorporated in Delaware for the purpose of owning and operating the copycat website." D.I. 126 ¶ 17. However, for the same reasoning as above, that Mr. Siler helped cause NoLabels.com to be incorporated in Delaware does not support a *prima facie* case of personal jurisdiction over Mr. Siler as a matter of law. *Third*, the Court does not have personal jurisdiction over Mr. Siler under a conspiracy theory of personal jurisdiction for the same reasons discussed above.

For all of these reasons, Plaintiff fails to sufficiently allege that the Court has personal jurisdiction over Mr. Siler. Therefore, the Court grants Mr. Siler's Motion. In light of the Court's holding, the Court does not address Mr. Siler's other arguments.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court grants each of the following: (1) Patriot Project's Motion to Dismiss (D.I. 131); (2) Ms. Caldwell's Motion to Dismiss Pursuant to Rule 12(b)(2) (D.I. 133); (3) RT Group's Motion to Dismiss Count IX (D.I. 134); (4) Mr. Silver's Motion to Dismiss for Lack of Personal Jurisdiction (D.I. 139); and (5) Mr. Siler's Motion to Dismiss (D.I. 143). The Court will enter an Order consistent with this Memorandum Opinion.