IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NO LABELS**,<br><br>*Plaintiff*,<br><br>v.<br><br>**DELCO0222024, INC. and RT GROUP LLC**,<br><br>*Defendants*. | CIVIL ACTION NO.<br>1:23-CV-01384-GBW |

### RT GROUP LLC's ANSWER TO AMENDED COMPLAINT

Defendant RT Group LLC ("RT Group") submits this Answer and its Affirmative Defenses to the Amended Complaint of Plaintiff No Labels (D.I. 126).

RT Group previously filed a Rule 12(b)(1) and Rule 12(b)(6) motion to dismiss Count IX (D.I. 134), which the Court granted (D.I. 161). RT Group now files this responsive pleading to all other allegations and counts. To the extent that RT Group does not expressly admit an allegation, the allegation is denied. Where the Complaint fails to attempt to articulate specific conduct or allegations attributable to RT Group specifically and instead groups RT Group together with others, RT Group denies those allegations in their entirety.

The unnumbered introductory paragraph does not set forth a claim for relief and no answer is required. Every allegation, factual or legal, within that paragraph is denied.

# INTRODUCTION[1]

1. To the extent that this allegation alleges anything against RT Group, it is denied.

2. To the extent that this allegation alleges anything against RT Group, it is denied.

3. To the extent that this allegation alleges anything against RT Group, it is denied.

4. To the extent that this allegation alleges anything against RT Group, it is denied.

# PARTIES

5. RT Group is without information sufficient to admit or deny the allegations of this paragraph.

6. This allegation is directed at a co-Defendant and not directed to RT Group.

7. This allegation is directed at parties no longer in the case, but RT Group denies the allegation to the extent a response is required.

8. Admitted that RT Group was a Delaware limited liability company and that Joshua Silver was a principal of RT Group. To the extent that there are other allegations made against RT Group in this paragraph, they are denied.

9. RT Group admits that Mr. Silver is a resident of Massachusetts, but denies the remainder of the allegations, which are directed at parties no longer in the case.

10. This allegation is directed at parties no longer in the case, but RT Group denies the allegation to the extent a response is required.

11. This allegation is directed at parties no longer in the case, but RT Group denies the allegation to the extent a response is required.

# JURISDICTION AND VENUE

12. This paragraph states legal conclusions to which no response is required.

---

[1] RT Group sets forth the headings from Plaintiff's Amended Complaint for ease of reference only.

13. This paragraph states legal conclusions to which no response is required.

14. APP is no longer a party to this case.

15. This paragraph states legal conclusions to which no response is required, and to the extent a response is required, denies the allegations.

16. Mr. Silver is no longer a party to this case.

17. Mr. Siler is no longer a party to this case.

18. Ms. Caldwell is no longer a party to this case.

19. This paragraph states legal conclusions to which no response is required. RT Group also denies any factual allegations contained in the paragraph that go beyond legal conclusions.

20. This paragraph states legal conclusions to which no response is required. RT Group also denies any factual allegations contained in the paragraph that go beyond legal conclusions.

## FACTUAL ALLEGATIONS

21. Admitted that Plaintiff No Labels claims to be a 501(c)(4) non-profit organization headquartered in Washington, D.C.; RT Group is without information sufficient to admit or deny the remaining allegations in this paragraph.

22. RT Group is without information sufficient to admit or deny the allegations in this paragraph.

23. Admitted only that the United States Patent and Trademark Office has a record of a registration of the Mark No Labels at 3,946,066 dated April 12, 2011 and that said registration speaks for itself. Any characterization about said registration or use of the Mark is specifically denied.

24. Admitted only that No Labels operates a website at the url www.nolabels.org. RT Group is without information sufficient to admit or deny the remaining allegations in this paragraph.

25. RT Group is without information sufficient to admit or deny the allegations in this paragraph.

26. RT Group is without information sufficient to admit or deny the allegations in this paragraph.

27. RT Group is without information sufficient to admit or deny the allegations in this paragraph.

28. Denied.

29. Denied.

30. Denied.

31. Admitted that Plaintiff filed this action in December 2023; RT Group denies the remainder of the allegations.

32. To the extent that this allegation alleges anything against RT Group, it is denied.

33. To the extent that this allegation alleges anything against RT Group, it is denied.

34. To the extent that this allegation alleges anything against RT Group, it is denied.

35. Admitted only that No Labels operates a website at the url www.nolabels.org. RT Group is without information sufficient to admit or deny the remaining allegations in this paragraph.

36. RT Group is without information sufficient to admit or deny the allegations in this paragraph.

37. RT Group is without information sufficient to admit or deny the remaining allegations in this paragraph.

38. To the extent that this allegation alleges anything against RT Group, it is denied.

39. To the extent that this allegation alleges anything against RT Group, it is denied.

40. To the extent that this allegation alleges anything against RT Group, it is denied.

41. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

42. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

43. This allegation is directed at a co-Defendant and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

44. This allegation is directed at a co-Defendant and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

45. Admitted that RT Group was established in Delaware, and that J. Silver, L. Caldwell, and C. Siler have performed work for RT Group; all other allegations are denied.

46. This allegation is directed at APP, which is no longer a party to the case. To the extent that this allegation alleges anything against RT Group, it is denied.

47. Admitted only that L. Caldwell and C. Siler have performed work for RT Group; all other allegations are directed at co-Defendants and are otherwise denied.

48. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

49. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

50. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

51. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

52. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

53. Admitted only for the specific allegation that RT Group owned the domain nolabels.com for a period of time; all other allegations are directed at parties who have been dismissed and are not directed to RT Group; to the extent that this allegation alleges anything else against RT Group, it is denied.

54. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

55. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

56. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

57. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

58. Denied.

59. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

60. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

61. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

62. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

63. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

64. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

65. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

66. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

67. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

68. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

69. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

70. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

71. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

72. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

73. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

74. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

75. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

76. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

77. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

78. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

79. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

80. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

81. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

82. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

## **COUNT I - Cybersquatting**

83. RT Group incorporates by reference all preceding responses to Plaintiff's allegations.

84. Denied as conclusion of law.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

### COUNT II – Trademark Infringement/False Designation of Origin

96. RT Group incorporates by reference all preceding responses to Plaintiff's allegations.

97. Denied as conclusion of law.

98. Denied.

99. Denied.

100. Admitted only to the fact that No Labels holds itself out as a 501(c)(4) non-profit organization. Denied as to all other allegations.

101. These allegations are directed at other parties, including most of whom have been dismissed; to the extent any allegations are directed at RT Group, they are denied.

102. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

103. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

104. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

105. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

106. This allegation is directed to parties who have been dismissed and is not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

107. Admitted that RT Group owned the nolabels.com domain for a period of time; RT Group denies the remaining allegations of this paragraph.

108. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. RT Group admits only that Plaintiff is requesting an injunction, but denies that Plaintiff is entitled to one, particularly here where the complained-of conduct ceased more than one year ago.

## COUNT III – Trademark Infringement

114. RT Group incorporates by reference all preceding responses to Plaintiff's allegations.

115. Denied as conclusion of law.

116. Denied.

117. Denied.

118. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

119. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

120. Denied.

121. Denied.

122. Denied.

123. This allegation is directed at a co-Defendant and not directed to RT Group. To the extent that this allegation alleges anything against RT Group, it is denied.

124. RT Group admits only that Plaintiff is requesting an injunction, but denies that Plaintiff is entitled to one, particularly here where the complained-of conduct ceased more than one year ago.

## COUNT IV – Trademark Dilution

125. RT Group incorporates by reference all preceding responses to Plaintiff's allegations.

126. Denied as conclusion of law.

127. Denied as conclusion of law.

128. Denied as conclusion of law.

129. RT Group is without information sufficient to admit or deny this allegation.

130. RT Group is without information sufficient to admit or deny this allegation.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied as conclusion of law.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

**COUNT V – Contributory Trademark Infringement/False Designation of Origin**

140. RT Group incorporates by reference all preceding responses to Plaintiff's allegations.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## COUNT VI – Contributory Trademark Infringement

147. RT Group incorporates by reference all preceding responses to Plaintiff's allegations.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

## COUNT VII – Contributory Trademark Dilution

154. RT Group incorporates by reference all preceding responses to Plaintiff's allegations.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

## COUNT VIII – Deceptive Trade Practices (Delaware)

161. RT Group incorporates by reference all preceding responses to Plaintiff's allegations.

162. To the extent these allegations are made against RT Group, they are denied.

163. To the extent these allegations are made against RT Group, they are denied.

164. Denied.

165. Denied.

## COUNT IX – Unfair or Deceptive Trade Practices (District of Columbia)

Count IX has been dismissed.

## COUNT X – Civil Conspiracy

166. RT Group incorporates by reference all preceding responses to Plaintiff's allegations.

167. Denied.

168. Denied.

169. Denied.

## PRAYER FOR RELIEF

RT Group denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff has suffered no injury, irreparable or otherwise, as a result of the complained-of conduct and allegations.

3. Plaintiff is not entitled to permanent injunctive relief because the complained-of conduct ceased more than a year ago and there is no threat of its recurrence.

4. The term No Labels has not been used as a source-identifying mark in connection with some or all of the listed purposes and does not function as a trademark. The term No Labels is also used generically and/or descriptively and is invalid for that reason as well.

5. Plaintiff's claim is barred in whole or in part because of Plaintiff's failure to police its claimed trademark against third parties.

6. Plaintiff's claim is barred in whole or in part by Plaintiff's failure to use its claimed trademark to identify source. Plaintiff claims it is not a political party and thereby attempts to insulate itself from regulatory requirements. Yet Plaintiff allows state parties to use No Labels as a marker of source. Cloaking itself as a non-profit, and not a political party, Plaintiff seeks to have it both ways, using its claimed mark as a sword and a shield. Plaintiff registered its mark for the purpose of "issue advocacy" and "public advocacy to promote awareness of public policy options and political issues." There is no way to distinguish between No Labels and the various No Label state parties that are advocating for ballot access.

7. Plaintiff's claim is barred in whole or in part because the First Amendment protects Defendants' rights to assemble and engage in political speech.

8. Plaintiff's claim is barred in whole or in part by Plaintiff's failure to maintain the url for nolabels.com.

9. Count I is barred because the statute only applies to initial registrants of a domain.

10. RT Group reserves all defenses available to it under federal and state law, or equity, that discovery may identify.

Respectfully submitted this 3rd day of March, 2026.

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Joseph C. Barsalona II*
Joseph C. Barsalona II (No. 6102)
Alexis R. Gambale (No. 7150)
824 N. Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Email: jbarsalona@pashmanstein.com
        agambale@pashmanstein.com

-and-

**GATEWOOD PLLC**
Matthew O. Gatewood*
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
Telephone: (202) 464-1441
Email: mog@gatewood-law.com
**Pro Hac Vice* Application Forthcoming*

*Counsel for RT Group LLC*